# In the United States Court of Federal Claims

No. 24-1832C

(Filed: November 4, 2025)

| | |
|---|---|
| **SHIMON MAIMON,** | ) |
| *Plaintiff,* | ) |
| **v.** | ) |
| **THE UNITED STATES,** | ) |
| *Defendant.* | ) |

**ORDER**

Plaintiff, Dr. Shimon Maimon, accuses the Defendant, the United States, of infringing various patents that he owns related to infrared technology. ECF No. 31. On July 18, 2025, the government filed a partial motion to dismiss, arguing that certain of Dr. Maimon's claims for alleged infringing activity are precluded by the statute of limitations, and that the complaint further fails to allege facts demonstrating that third parties engaged in infringing activity with the authorization or consent of the government. ECF No. 21. On November 3, 2025, this Court held oral argument on the government's motion to dismiss. ECF No. 27. Based on the parties' agreement at oral argument — and for the reasons set forth *infra* — the Court denies the motion to dismiss as moot and orders limited jurisdictional discovery to resolve the authorization or consent issue.

This Court has jurisdiction to decide patent infringement claims, 28 U.S.C. § 1498, only if they first accrued within six years of the filing of a complaint. 28 U.S.C. § 2501. Because Dr. Maimon's complaint, ECF No. 1, was filed on November 7, 2024, any infringing activity that first occurred before November 7, 2018, is barred by the statute of limitations. *Id.*; *see Ross-Hime Designs, Inc. v. United States*, 139 Fed. Cl. 444, 458 (2018). Continuous infringement of a patent claim by a single particular device does not extend the date of claim accrual, but new acts of infringement, such as the fresh procurement of additional infringing devices or the development of a novel infringing prototype, may

constitute new separate claims with new (and later) accrual dates. *See Bissell v. United States*, 41 Fed. Appx. 414, 416 (Fed. Cir. 2002) ("The government's unauthorized use of a patented invention is not regarded as continuing in nature for purposes of the jurisdictional analysis arising from the statute of limitations."); *Starobin v. United States*, 662 F.2d 747, 749 (Ct. Cl. 1981) ("[T]he first taking of a device covered by the patent does not preclude further takings of other devices of the same kind[.]").

In this case, the government conceded at oral argument that Dr. Maimon's amended complaint plausibly alleges multiple acts of infringement that first accrued after November 7, 2018. ECF No. 31. To the extent that Dr. Maimon ultimately pursues damages for any alleged infringing activity prior to November 7, 2018, this Court will evaluate the jurisdictional issues as they arise. RCFC 12(h)(3); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte."). At this stage, however, no discrete claim in the amended complaint warrants dismissal for lack of jurisdiction based on the statute of limitations.

Turning to the authorization-or-consent issue, 28 U.S.C. § 1498(a) provides this Court with jurisdiction to decide claims of third-party patent infringement only if the government authorized, or otherwise consented to, that third-party's infringement for the government's benefit. *IRIS Corp. v. Japan Airlines Corp.*, 769 F.3d 1359, 1362 (Fed. Cir. 2014) (clarifying that § 1498(a) requires both "a governmental grant of authorization or consent" and that "the alleged use or manufacture must also be done for the benefit of the government" (internal quotations omitted)); *Madey v. Duke Univ.*, 307 F.3d 1351, 1359 (Fed. Cir. 2002) (explaining that § 1498(a) "when invoked in a suit against the United States . . . is jurisdictional").

In this case, Dr. Maimon alleges non-conclusory facts that the government had authorized various third parties to infringe his patents via contracts that concluded prior to November 7, 2018. *See* ECF No. 31 at ¶¶ 84, 92, 124. While that allegation, standing alone, likely would be insufficient even at the pleading stage given the statute of limitations period, the amended complaint also contains sparse (and possibly conclusory) allegations that those contracts were renewed, that other unidentified contracts exist that contain the required authorization, or that government officials impliedly authorized the alleged third-party infringement. *See id.* at ¶¶ 94-96, 283, 297-305.

Rather than resolving the government's motion on the authorization and consent issue, the parties agreed with this Court that there is an easier — and fairer — option: permitting limited jurisdictional discovery on the narrow issue of authorization and

consent related to VISTA's, JPL's, and NASA's relationship with third-parties in their alleged testing and production of nBn semiconductor wafers and focal plane arrays. *See* ECF No. 31, at iv-v. Those third parties allegedly include: Raytheon, L3Harris, Semiconductor Devices Company, HRL Laboratories, IQE PLC, IntelliEpi, and Teledyne-FLIR. *Id.* Indeed, at oral argument, counsel of record for the government agreed to search for, and provide, Dr. Maimon with any potentially relevant contracts between the government and those third parties as part of the VISTA program. The Court remains hopeful — and the parties appear to agree — that the disclosure of these contracts will resolve the dispute raised in the government's motion — one way, or the other.

Accordingly, the government's motion to dismiss is **DENIED, WITHOUT PREJUDICE, AS MOOT**. On or before November 12, 2025, the parties shall file a joint status report that includes a schedule for: (1) expedited jurisdictional discovery pertaining to the authorization or consent of third parties, as explained above; (2) Dr. Maimon's filing of his amended complaint; and (3) the government's answer following the resumption of government appropriations. The parties' joint preliminary status report shall be due following the government's answer, pursuant to RCFC Appendix A, ¶ 4.

**IT IS SO ORDERED.**

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Chief Judge