**UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| SHIMON MAIMON,<br><br>  Plaintiff,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA,<br><br>  Defendant. | No. 24-cv-1832 C<br><br>Chief Judge Matthew H. Solomson |

**DEFENDANT'S UNOPPOSED MOTION TO NOTICE FOUR PARTIES PURSUANT TO RCFC 14**

Defendant, the United States ("the Government"), moves unopposed for the Court to issue notice pursuant to Rule 14(b) of the Rules of the Court of Federal Claims ("RCFC") to four parties with interest in this suit:  (1) Atlantic Diving Supply, Inc. ("ADS"); (2) L3Harris Technologies, Inc. ("L3Harris"); (3) SemiConductor Devices ("SCD"); and (4) Teledyne-FLIR Defense, Inc. ("Teledyne"); (collectively the "Contractors").  If the Court grants this motion, and upon service of the notices, each of the following may appear pursuant to RCFC 14(c) and defend any interests that it may have:

Atlantic Diving Supply, Inc. (DBA ADS, Inc.)
621 Lynnhaven Parkway, Suite 160
Virginia Beach, VA 23452

L3Harris Technologies, Inc.
1025 W. NASA Blvd.
Melbourne, FL 32919

SemiConductor Devices
5061 N. 30th St., Suite 101
Colorado Springs, CO 80919

1

Teledyne FLIR Defense, Inc.
25 Esquire Rd.
Billerica, MA 01862

### RCFC 7.3 CERTIFICATION OF MEETING AND CONFERENCE

On November 19, 2025, the undersigned counsel of record emailed counsel for Plaintiff regarding the Government's motion. Counsel for Plaintiff indicated that Plaintiff does not oppose the motion.

### STATEMENT IN SUPPORT OF MOTION

**I.     The Second Amended Complaint**

In this case, Plaintiff alleges a suit pursuant to 28 U.S.C. § 1498(a) to recover reasonable compensation for the alleged unauthorized use and/or manufacture of certain infrared detectors. *See, e.g.*, ECF No. 39 at ¶¶ 1, 8, 24 (Second Amended Complaint).  Plaintiff asserts that the Government infringed at least one claim of United States Patent Nos. 7,687,871; RE48,642; 11,264,528; 11,462,657 and 11,817,522 (the "Asserted Patents") through the procurement of certain accused devices. *See id.* ¶¶ 1, 312, 318, 323, 328, 334.  According to the Second Amended Complaint, these infrared detectors were procured by the Government from certain private companies, including ADS, L3Harris, SCD, and Teledyne.  *See id.* at iv, vi, ¶¶ 183 (ADS), 14 237 (L3Harris), 265 (SCD), 255 (Teledyne).  The accused products include: "Javelin Lightweight CLU, 3Gen FLIR, Apache and FARA MTADS/PNVS, Wescam MX-10 for Shadow and VAMPIRE, Wescam MX-GCS for ACV, SPIER, Neutrino for FTUAS, Sparrow for NGHTS,  . . . [and] ThermoSight® HISS-HD . . . ."  ECF No. 15 at vi-vii, ¶ 313.

The Government's investigation to date has identified the following parties that have supplied accused products to the Government or manufactured accused products procured by the government.

**A.    Atlantic Diving Supply Inc. (ADS)**

The Second Amended Complaint alleges that the Government procured one accused device, the ThermoSight® HISS-HD, from ADS.  ECF No. 39 at ¶ 183.  The Department of Homeland Security - U.S. Customs and Border Protection has awarded at least Order Number 70B03C24P00000389 to ADS for the procurement of one FLIR HISS-HD.  *See* Ex. A. Additionally, ADS may wish to sell additional accused devices in the future to parties other than the Government.  Accordingly, ADS has an interest in this action.

**B.    L3Harris**

The Second Amended Complaint alleges that the Government has procured multiple accused devices and systems from L3Harris including at least the Javelin Lightweight Command Launch Unit, 3Gen. FLIR, Modern Target Acquisition Designation System/Pilot Night Vision System, Wescam MX-10, Wescam MX-GCS Imaging System, and Shipboard Passive EO/IR ("SPEIR") System.  *See id.* at ¶¶ 84, 133, 140, 152, 158, 166, 168, 220–37, 314, 330. Furthermore, Contract No. N00024-22-5514, which was awarded to L3Harris related to SPEIR Engineering and Manufacturing Developments, incorporates FAR clause 52.227-3 "Patent Indemnity."  *See* Ex. B at 1–2, 176. Accordingly, L3Harris has an interest in this action.

**C.    SCD**

The Second Amended Complaint alleges that the Government procured certain accused devices manufactured by SemiConductor Devices ("SCD"), including the Sparrow XBn Camera. *See* ECF No. 39 at ¶¶ 177.  The Sparrow XBn Cameras is a commercially-available product that SCD may desire to continue to sell in the future.  Accordingly, SCD has an interest in this action.

### D.    Teledyne

The Second Amended Complaint alleges that the Government procured certain accused devices manufactured by Teledyne, including the ThermoSight® HISS-HD and the FLIR Neutrino LC T2SL.  ECF No. 15 ¶¶ 173, 183, 238–55.  The Department of Homeland Security - U.S. Customs and Border Protection has awarded at least Order Number 70B03C24P00000389 for the procurement of one FLIR HISS-HD.  *See* Ex. A.  The Second Amended Complaint further alleges that the Neutrino LC is available commercially for civilian uses, *see* ECF No. 39 at ¶ 243, and Teledyne may wish to sell the Neutrino LC in the future.  Accordingly, Teledyne has an interest in this action.

## II.    DISCUSSION

This motion seeks the issuance of formal notice to the four Contractors.  Rule 14(b) of the RCFC provides a means for a third party, with an apparent interest in the outcome of the litigation, to enter the action if it so desires.  Although notice affords the third party an opportunity to defend its interests, it does not compel the third party to appear.  *See Carrier Corp. v. United States*, 534 F.2d 244, 251-52 (Ct. Cl. 1976); *Rockwell Int'l Corp. v. United States*, 31 Fed. Cl. 536, 539-40 (1994).

The Contractors listed above have an interest in the outcome of this litigation and should be afforded an opportunity to enter the case if they so desire.  Moreover, independent of any indemnification obligations, the Contractors may desire to sell the accused devices in the future.  Accordingly, the Contractors may have an interest in appearing as a third-party defendant in the instant action to establish its right to sell the accused devices free from claims of patent infringement.

4

The issuance of the requested notice conforms to the established practice of this Court. *See Bowser, Inc. v. United States*, 420 F.2d 1057, 1060 (Ct. Cl. 1970); *Myrtle Beach Pipeline Co. v. United States*, 6 Cl. Ct. 363, 365 (1984).  Furthermore, in *In re USSI, LLC*, No. 2013-155 (Fed. Cir. decided November 22, 2013), the Federal Circuit recognized the continued vitality of Rule 14(b) in permitting parties having an apparent interest in litigation to receive notice and to appear in the litigation to defend their interests.

## III.   **CONCLUSION**

For the reasons set forth above, the Government requests that the Court grant its motion and that the Clerk provide notices under RCFC 14(b) to be served by the Government on the Contractors.

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:

MARGARET S. HIBNICK
SUZANNE M. JOHNSON

*s/ Brian N. Gross*
BRIAN N. GROSS
Senior Litigation Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Dated: December 8, 2025

*Attorneys for the Defendant, the United States*