UNITED STATES COURT OF FEDERAL CLAIMS

SHIMON MAIMON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 24-cv-1832 C

Chief Judge Matthew H. Solomson

JOINT PRELIMINARY STATUS REPORT

Plaintiff Dr. Shimon Maimon ("Maimon") and Defendant the United States (the "Government") (collectively, the "Parties") submit this Joint Preliminary Status Report ("JPSR") pursuant to the Court's ECF No. 38, the Case Management Procedure ("CMP") set forth in Appendix A, Section III of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's "Patent Rules of the United States Court of Federal Claims" ("PRCFC") set forth in Title II, Appendix J. of the RCFC.

The parties held a meeting of counsel on March 10, 2026, in which they discussed the following topics and arrived at the following positions:

I.    **Appendix A Topics**

1.    **RCFC, App'x A., ¶4(a):  Does the court have jurisdiction over the action?**

At present, the Parties agree that this Court has jurisdiction under 28 U.S.C. § 1498(a). ). The Government, however, notes that four of the defenses asserted in its Answer relate to the jurisdiction of this Court: the Third Defense (claims arising in a foreign country); the Fourth

Defense (statute of limitations); the Sixth Defense (license); and the Seventh Defense (provisos of § 1498(a)).

**2.   RCFC, App'x A., ¶4(b):  Should the case be consolidated with any other case and if so why?**

The Parties agree that there is no other case with which this case should be consolidated.

**3.   RCFC, App'x A., 4(c):  Should the trial of liability and damages be bifurcated and if so why?**

The Parties agree that this case should not be bifurcated between liability and damages.

**4.   RCFC, App'x A, ¶ 4(d):  Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

The Parties agree that there is no reason to defer proceedings in this case.

**5.   RCFC, App'x A, ¶ 4(e): In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

This paragraph is not applicable to the pending matter.

**6.   RCFC, App'x A, ¶ 4(f): Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

On January 28, 2026, pursuant to RCFC 14, the Court issued a Notice (ECF No. 45-1) to the following four potentially interested third parties, and the Government served those third parties, and the due dates for those parties to enter the case, if they chose, are:  (1) Atlantic Diving Supply, Inc. ("ADS"), March 25, 2026; (2) L3Harris Technologies, Inc. ("L3Harris"), March 30, 2026; (3) SemiConductor Devices ("SCD"), April 4, 2026; and (4) Teledyne-FLIR Defense, Inc. ("Teledyne"), April 24, 2026.  As of this date, no noticed third parties have indicated an intent to enter the case.

7.    **RCFC, App'x A, ¶ 4(g):  Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Plaintiff's Position

Dr. Maimon does not anticipate further Rule 12 practice and reserves the right to file one or more RCFC 56 motions for summary judgment and/or for partial summary judgment on validity, infringement, enforceability, damages, jurisdiction, and/or licensing after or during discovery, if it appears that there are no genuine issues of material fact.

The Government's Position

The Government does not anticipate filing additional Rule 12 motions at this time. Discovery is in its infancy, and the Government is still evaluating the potential need and timing of any summary judgment motions under RCFC 56 or additional motions to dismiss under RCFC 12. For example, depending on the information that arises during discovery, the Government may move to dismiss one or more of the claims on one of the jurisdictional grounds identified above in Section I.1.

8.    **RCFC, App'x A, ¶ 4(h): What are the relevant factual and legal issues?**

This is an action under 28 U.S.C. § 1498(a), concerning the use and/or manufacture of certain accused products by and/or for the United States, as defined in the Second Amended Complaint.  ECF No. 39.  Dr. Maimon alleges that the use and/or manufacture of the Accused Products. infringes United States Patent Nos. 7,687,871; RE48,642; 11,264,528; 11,462,657 and 11,817,522 (the "Asserted Patents").  *Id.*

The Parties agree that the relevant factual and legal issues include those listed below:

A.  Whether an invention described in and covered by any asserted claim of the Asserted Patents has been used and/or manufactured by or for the United States without license.

B.  The proper construction of the asserted claims of the Asserted Patents may be an issue in this case.

C.  Whether the claims of the Asserted Patents are valid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.[1]

D.  Whether Dr. Maimon's claims against the Government are barred because the use by the Government was licensed.

E.  Whether Dr. Maimon is barred from asserting a claim pursuant to § 1498 by the provisos of subsection (a) of § 1498.

F.  The amount of compensation due to Dr. Maimon in the event the United States is found liable under 28 U.S.C. § 1498(a).

**9.      RCFC, App'x A, ¶ 4(i): What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Plaintiff's Position

Dr. Maimon is in favor of the possibility of exploring settlement and alternative dispute resolution ("ADR") procedures.  However, at this time the record is not developed to a point where the parties can discuss the reasonable basis for settlement.  Dr. Maimon is prepared to discuss settlement when evidence to support reasonable damages numbers has been produced so the parties have basic factual support for their assertions.

The Government's Position

The Government is open to future settlement discussions and potential mediation as discovery progresses.

---

[1] The Government believes that the Defenses it raised in its Answer to the Second Amended Complaint encompass invalidity under 35 U.S.C. § 185.  However, in order to resolve any doubt, the Government intends to file a motion shortly seeking the leave of the Court to file an Amended Answer that expressly includes invalidity pursuant to 35 U.S.C. § 185.

10. **RCFC, App'x A, ¶ 4(j): Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?** A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case can be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.

If settlement discussions and/or ADR are unsuccessful, the parties anticipate the case proceeding to trial. Neither party believes that an expedited trial schedule is appropriate. The Government requests that the trial, if any, be held at the U.S. Court of Federal Claims at the National Courts Building in Washington, D.C., and Dr. Maimon does not object to trial at the U.S. Court of Federal Claims.

11. **RCFC, App'x A, ¶ 4(k): Are there special issues regarding electronic case management needs?**

The Parties agree that inadvertent production will be governed by Federal Rule of Evidence (FRE) 502(d) and RCFC 26(b)(5)(B). The Parties' Protective Order reflects that agreement. The parties believe that an Order concerning the management of electronically stored information (ESI) will be appropriate and are in the process of negotiating the contents of a proposed ESI Order, which will be jointly submitted to the Court.

12. **RCFC, App'x A, ¶ 4(l):  Is there other information of which the court should be aware at this time?**

None.

13. **RCFC, App'x A, ¶ 5:  If discovery is required, the Joint Preliminary Status Report shall set forth a proposed discovery plan, including proposed deadlines. The parties shall propose a deadline for fact discovery, for the disclosure of any experts' reports, and for depositions or other discovery of experts. See RCFC 26(a)(2) concerning disclosure of experts and discovery planning.**

The Parties agree that discovery is required in this case.

<u>Plaintiff's Position</u>

Dr. Maimon agrees to the default discovery limits in the RCFC, except for the following:

Dr. Maimon believes that, in view of the multiple agencies, multiple third-party defendants, and multiple subpoenaed third parties in this case, the total number of depositions will need to be increased from the default of ten depositions. At this time, Dr. Maimon anticipates as many as 22 depositions.

<u>The Government's Position</u>

The Government agrees to the default discovery limits in the RCFC. The Government believes that the Parties should address the limitation on the total number of depositions only once either Party reaches the ten-deposition limit set forth in RCFC 30(a)(2) and the Parties have a clearer understanding regarding the necessary number of depositions. The Government agrees that it will not withhold its consent for additional depositions unreasonably.

## II.    Appendix J Topics

**1.    RCFC, App'x J, R2(a),(b): Proposed Modification of the Obligations or Deadlines Set Forth in these Rules to Ensure that They Are Suitable for the Circumstances of the Case.**

The Parties propose the following schedule, based on the Rules in Appendix J, and the parties have provided explanations for their positions below:

| Event | Proposed Deadline |
|---|---|
| Parties shall file a Joint Preliminary Status Report. *See* Court's February 26, 2026 Order. | March 19, 2026 |
| Parties Serve Initial Disclosures. RCFC 26(a)(1). | March 25, 2026 |
| Preliminary Scheduling Conference. RCFC 16(a) (if necessary). | To be set by Court (if necessary) |
| Maimon's Preliminary Infringement Contentions pursuant to RCFC, App'x J, R4. *See* Court's February 26, 2026 Order. | April 2, 2026 |

| Event | Proposed Deadline |
|---|---|
| Gov't & Third Parties serve Invalidity Contentions. RCFC, App'x J, R5. | May 28, 2026 |
| Maimon Responds to Invalidity Contentions. RCFC, App'x J, R8 (optional). | June 25, 2026 |
| Parties to Exchange List of Claim Terms for Construction.  RCFC, App'x J, R9. | August 6, 2026 |
| Parties to Exchange Claim Terms, Constructions, and Extrinsic Evidence. RCFC, App'x J, R10(a). | September 10, 2026[2] |
| Meet and Confer regarding Narrowing Claim Terms for Construction.  RCFC, App'x J, R10(b) | On or before September 17, 2026 |
| Joint Claim Construction Chart, Appendix, and Prehearing Statement.  RCFC, App'x J, R11 & R12. | October 15, 2026 |
| Claim Construction Conference with Court to Set Hearing Date and Procedures.  RCFC, App'x J, R14 | After October 22, 2026 at the Court's convenience |
| Completion of Claim Construction Discovery. RCFC, App'x J, R13. | November 12, 2026 |
| Maimon Opening Brief on Claim Construction. RCFC, App'x J, R15(b)(1). | December 10, 2026 |
| Government & Third Parties Responsive Claim Construction Briefs.  RCFC, App'x J, R15(b)(2). | January 7, 2027 |
| Maimon Rely Claim Construction Brief.  RCFC, App'x J, R15(b)(3). | January 21, 2027 |
| Claim Construction Hearing.  RCFC, App'x J, R14 (estimated, depends on Court). | To be Set by Court |
| Mandatory Settlement Discussions. RCFC, App'x J, R16 | 7 Days after Entry of Claim Construction Opinion and Order |
| Joint Statement of Compliance with Mandatory Settlement Discussions.  RCFC, App'x J, R17. | 7 Days after settlement discussions |
| Parties Submit Joint Status Report Regarding Remaining Schedule Through Trial. | 14 Days after Entry of Claim Construction Opinion and Order |

---

[2] The RCFC, App'x J provides for this date to be September 3; however, due to travel issues for Maimon's counsel and experts, Maimon proposes moving this out seven days.  Additionally, moving this and later dates out one week prevents the Government & Third Parties Responsive Claim Construction Briefs from being due on December 31, 2026.

### A.    Dr. Maimon's Position

Preliminary Infringement Contentions:  Based on the Court's February 26, 2026 Order, setting the due date for Preliminary Disclosure of Infringement Contentions for April 2, 2026, the above schedule reflects the resulting CFC Local Patent Rule due dates set forth in Appendix J. Because Government document production has just started, no third parties have yet entered the case, and Dr. Maimon has begun issuing subpoenas to third parties who make accused products, Dr. Maimon anticipates the need to amend the Preliminary Infringement Contentions pursuant to CFC Rules 23 and 24 as new information about the Accused Products is produced to Dr. Maimon. *See, e.g.*, *Sci. Appl'ns Int'l Corp. v. United States*, 162 Fed. Cl. 213, 219 (2022) ("[The Court] . . . explained that Plaintiff could move to amend [its initial infringement] contentions with new evidence as Microsoft supplemented its discovery responses and made additional productions.").

The Government suggestion that Dr. Maimon is delaying discovery in this case is unfounded.  To the contrary, Dr. Maimon has been eager to get this case moving.  Discovery beyond Government authorization and consent was opened on January 15, 2026.  On January 16, 2026, Dr. Maimon served discovery requests on the Government.  Among other things, Dr. Maimon attempted to obtain discovery from the Government to more narrowly tailor the scope of subpoenas to non-parties.  *Cf.* RCFC 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").  For example, Dr. Maimon has sought information to identify part numbers, dates of procurement, specifications, and other information that would allow him to make more specific requests to non-parties.  After receiving responses from the Government and conferring regarding them, Dr. Maimon has been issuing subpoenas to non-parties.  Accordingly, Dr. Maimon has acted diligently in pursuing discovery regarding infringement.  To the extent

Dr. Maimon receives additional discovery regarding infringement from the Government or non-parties, Dr. Maimon may move for leave to amend his Infringement Contentions.

Further, the Government has delayed any potential intervention by third parties and their direct participation in discovery.  The Government knew when it filed its *partial* motion to dismiss on July 18, 2025 (ECF No. 25), this case would be moving forward regarding the third parties.  On November 7, 2025, Dr. Maimon raised his concerns with the Government regarding its delay in noticing third parties.  The Government filed its unopposed RCFC 14 motion (ECF No. 42) on December 8, 2025 (ECF No. 42).  The Court granted the motion on January 26, 2026.  The third parties were served two-to-three weeks later, and for reasons unclear to Dr. Maimon, service was not effected on one party, but that party's counsel has now agreed upon a date to respond in late April.

Government Authorization and Consent for Third Party Work Under VISTA: With respect to authorization and consent for third party work done under the VISTA Consortium, during the court ordered limited discovery on authorization and consent (ECF No. 36), the Government limited its production to the VISTA Agreements, and declined to produce documents such as Annual Project Plans, Annual Reports, Consortium Committee Records, Statements of Work, which were referenced in the VISTA Agreements, and which would reflect the industry participants' responsibilities and Government requirements under VISTA.    Thus, the Authorization and Consent issue is not yet resolved.  During general discovery, Dr. Maimon again issued Document Requests that cover the documents referenced in the Agreements.  At this point the Government has agreed to produce such documents to the extent they cover JPL, NVSED, NRL, NASA, and the Army.  However, the Government has refused to produce any VISTA documents that solely refer to the third-parties that were part of the VISTA Consortium,

specifically, FLIR, Raytheon Vision, Northrup Grumman, Systems Lockheed Martin, and L3Harris, alleging they "were removed from the case," and quoting part of ¶312 of the Second Amended Complaint. *See* ECF No. 39 ¶312; *but see also* ECF No. 39 ¶313. Under the Government's interpretation of the ordered Authorization and Consent discovery, the Government took the position that was not required to provide any third-party documents relating to authorization and consent, and now under regular discovery, the Government also takes the position that is not required to provide any third-party documents relating to authorization and consent. The Government's interpretation prevents documents that would show implied authorization and consent from being produced to Dr. Maimon. Dr. Maimon disagrees with the Government's "heads I win, tails you lose" interpretation. Finally, at one of the parties' meet and confers, Dr. Maimon raised the need to receive all NEW VISTA documents during general discovery, rather than just those dated after November 18, 2018.[3] The NEW VISTA program was launched in 2017, and the Government has produced some documents from that time, but is withholding others. After the meet and confer, Dr. Maimon believed the Government had agreed to produce NEW VISTA documents from the inception of NEW VISTA, but as set forth below, the Government appears not willing to do so. Therefore, after Dr. Maimon has reviewed the VISTA documents that the Government has agreed to produce, he will determine whether to move to compel the withheld documents and thereafter, whether to amend the pleadings to reassert infringement by the VISTA third-party industry participants.

---

[3] Dr Maimon is not attempting to recover damages prior to the six year bar; however, Dr. Maimon is entitled to review and understand the full scope of NEW VISTA, not the subset of materials produced by the Government.

**B.        Government's Position**

Preliminary Infringement Contentions. Plaintiff's Preliminary Infringement Contentions are due on April 2, 2026.  Pursuant to RCFC, App'x J, R4, the contentions must include certain information including "a chart identifying where each element of each asserted claim is found within each accused product, process, or method."  *See* RCFC, App'x J, R4(c).  The Government has repeatedly informed Plaintiff that it does not possess certain technical information regarding the Accused products and that the necessary information is likely in the possession of certain third-party manufacturers.  Yet despite fact discovery opening on January 15, 2026, *see* ECF No. 38, Plaintiff has only recently served subpoenas on three of the third parties, JPL on March 4, 2026, Raytheon on March 11, 2026, and L3 Harris on March 17, 2026.  Plaintiff has yet to serve subpoenas on any other third parties, including those identified in the Second Amended Complaint.

The Government has raised concerns with Plaintiff regarding Plaintiff's ability to meet the requirements of RCFC, App'x J, R4 in his Preliminary Infringement Contentions.  In addition, the Government has raised concerns regarding the Parties' ability to meaningfully engage in the claim construction process and identify relevant claim terms should Plaintiff's Preliminary Infringement Contentions fail to meet the requirements of RCFC, App'x J, R4 and set forth Plaintiff's theory of infringement with regard to each Accused Product.  Contrary to Plaintiff's implication, the ability to supplement his contentions pursuant to RCFC, App'x J, R24 does not relieve Plaintiff of the requirement to meet RCFC, App'x J, R4 in his Preliminary Infringement Contentions.  The Government further notes that amendments to the contentions are available only "upon a showing of good cause," which requires a demonstration that a movant's "failure to locate and provide the relevant material should be excused because it acted diligently during discovery."  RCFC, App'x J, R24; *e-Numerate Solutions, Inc. v. United States*, No. 19-859C, 2026 WL 549689, at *2–*3 (Fed. Cl. 2026).

Court-Ordered Jurisdictional Discovery. The Government completed the document production related to the limited Court-ordered jurisdictional discovery on February 10, 2026. Pursuant to the Court's order, the Government provided to Plaintiff all contracts related to VISTA between the identified Government agencies—NRL, the Army (NVESD), and NASA—and the third parties identified in the Court's order that could be located after a reasonable search by the Government. *See* ECF No. 36 at 2–3.

Plaintiff now requests additional documents and information beyond what was ordered by the Court. The Government has agreed to produce during fact discovery those documents and information to the extent they are relevant to the VISTA-related issues that remain in the case, *i.e.*, any post-November 7, 2018 fabrication or testing of accused wafers during the VISTA program by JPL, Army (NVSED), or NRL. To the extent the requested documents and information do not relate to these activities, they are not relevant to any claim in this litigation. And to the extent the requested documents and information relate to the activities of other third-party entities during the VISTA program, those claims have been removed from this case. *See* ECF No. 39 ¶ 312 ("The purpose of this Second Amended Complaint is . . . to remove allegations of infringement that are based on Government authorization and consent for third-party industry participant/company research and development conducted under VISTA."). Should Plaintiff move to compel production of these documents and information regarding activity that is outside this litigation, the Government anticipates that it would oppose such a motion.

**2.    RCFC, App'x J, R2(b): and The Scope and Timing of Any Claim Construction Discovery.**

The proposed timing of claim construction is set forth in the table in Section II.1 above.

Plaintiff's Position

Dr. Maimon agrees to the default rule of 15 claim terms per patent.  However, Dr. Maimon disagrees with the Government's position any Government assertion of a claim term as indefinite and not capable of construction under 35 U.S.C. § 112(f) should be counted against that 15.

The Government's Position

The scope of claim construction should be limited to fifteen claim terms per patent, unless a showing of good cause is made and granted by the court, as set by RCFC, App'x J R9. Claims alleged to be indefinite should not count against the fifteen-claim term limit.

3.    **RCFC, App'x J, R2(c): The Format of the Claim Construction Hearing.**

The Parties plan to meet and confer on this topic following the Parties' exchange of proposed claim terms and constructions. The Parties expect to propose a format for the Claim Construction Hearing in their RCFC, App'x J, R12 Joint Prehearing Statement.

4.    **RCFC, App'x J, R2(d): How the Parties Intend to Educate the Court on the Technology at Issue.**

Plaintiff's Position

Dr. Maimon believes a technology tutorial may be helpful to the Court to provide background on nBn Technology and its application in the asserted patents, and therefore, requests guidance from the Court so that Dr. Maimon can have time to prepare such a tutorial.

The Government's Position

At this time, the Government does not believe that a technology tutorial will be necessary or useful for the Court.

5.    **RCFC, App'x J, R2(e): Whether Each Patent at Issue Has Been, or Is Likely to Be, Subject to Re-Examination Proceedings.**

The Parties are unaware of any re-examination proceedings of the Asserted Patents.

**6.    RCFC, App'x J, R2(f): Whether Other Litigation or *Inter Partes* Proceedings Are Ongoing or Anticipated and Whether Any Parties Will Seek a Stay, Consolidation, Coordination, or Transfer.**

The Parties are unaware of any other litigations or *inter partes* proceedings involving the Asserted Patents.  At this time, the Parties do not anticipate seeking a stay, consolidation, coordination, or transfer.

## CONCLUSION

The Parties are available for a Scheduling Conference on this matter at the Court's convenience.

Respectfully submitted,

BRETT A. SHUMATE
Associate Attorney General

SCOTT BOLDEN
Director

/s/ *Brian N. Gross*
BRIAN N. GROSS
Senior Litigation Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530

Of Counsel:

MARGARET S. HIBNICK
SUZANNE M. JOHNSON

*Attorneys for the*
*United States of America*

Respectfully submitted,

/s/ *Meredith Martin Addy*
MEREDITH MARTIN ADDY
CHARLES A. PANNELL, III

Of Counsel:

JAMES B. HATTEN

ADDYHART LLC
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
312.320.4200
meredith@addyhart.com

*Attorneys for Plaintiff*
*Shimon Maimon*