**UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| SHIMON MAIMON,<br><br>      Plaintiff,<br><br><br>            v.<br><br><br>THE UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 24-cv-1832 C<br><br>Judge Matthew H. Solomson |

**APPENDIX TO**
**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

# Exhibit A

PA0001

## James Hatten

| | |
|---|---|
| **From:** | Charles Pannell |
| **Sent:** | Thursday, April 2, 2026 8:54 PM |
| **To:** | Gross, Brian N. (CIV); Hibnick, Margaret S (CIV); Johnson, Suzanne M (CIV) |
| **Cc:** | Sue Tucker; Meredith Addy; James Hatten |
| **Subject:** | Maimon v. United States - Preliminary Infringement Contentions. |
| **Attachments:** | 2026-04-02 Maimon Preliminary Disclosures of Infringement Contentions.pdf |

Brian and team, attached are Dr. Maimon's Preliminary Infringement Contentions.  I am also providing below a link to Exhibits A-Z, which are the claim charts and were a little too large to send in an email.  The link will stay active until the end of this month.  Please let me know if you have any trouble opening them.

Maimon Preliminary Infringement Contentions (2026-04-02)



**Chad Pannell**

Partner

Atlanta, Georgia

+1 770.715.2020

www.addyhart.com

# Exhibit B

PA0003

## James Hatten

| | |
|---|---|
| **From:** | Charles Pannell |
| **Sent:** | Friday, May 29, 2026 6:02 PM |
| **To:** | Gross, Brian N. (CIV); Johnson, Suzanne M (CIV); Hibnick, Margaret S (CIV) |
| **Cc:** | Meredith Addy; James Hatten; AH Maimon Litigation; Sue Tucker |
| **Subject:** | Maimon v. United States - Preliminary Infringement Contentions |
| **Attachments:** | 2026-05-29 Maimon Second Preliminary Disclosures of Infringement Contentions.pdf |

Brian, attached are our second preliminary infringement contentions that adopt our contentions from before but further identify the effective filing date you requested in your letter.



**Chad Pannell**
Partner

Atlanta, Georgia
+1 770.715.2020
www.addyhart.com

PA0004

# Exhibit C

PA0005

**UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| SHIMON MAIMON,<br><br>    Plaintiff,<br><br>          v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 24-cv-1832 C<br><br>Chief Judge Matthew H. Solomson |

**DEFENDANT UNITED STATES' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–47)**

Defendant the United States ("the Government") hereby objects and responds, pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), to Plaintiff Shimon Maimon's ("Dr. Maimon" or "Plaintiff") First Set of Requests for the Production of Documents (No. 1–47), dated January 16, 2026. The Government's discovery and investigation in connection with this case are ongoing. As a result, the Government's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in this response are subject to and without waiver of any right of the Government to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the Requests; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or reviewed through further discovery and investigation.

**COMMENTS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The Government makes the following Comments and Objections to Dr. Maimon's Definitions and Instructions, which are incorporated into each specific response below as if repeated in each response.

1.      The Government objects to Plaintiff's "Definitions and Instructions" to the extent that they purport to impose burdens and requirements upon the government that exceed or are inconsistent with the requirements of the RCFC and Court Orders.

2.      In certain instances herein, the Government identifies or produces certain documents. Such identification or production of such documents is not an admission that such documents are authentic, relevant, material or admissible at a hearing or trial of this action.

3.      The Government objects to each request to the extent that it seeks information that is protected by the attorney-client, work product, investigative information, common interest, joint defense, and/or consulting expert's privilege, national security restrictions, or which are otherwise immune from discovery pursuant to any applicable law or rule (collectively, "privileged information"). In providing these responses and objections, and in producing documents pursuant thereto, the Government does not waive, but instead intends to preserve, any objections based on privilege; national security information and restrictions; and proprietary and confidentiality information and restrictions.

4.      The Government objects to each request to the extent that it proports to cover activity barred by the statute of limitations, prior to November 7, 2018.

5.      The Government objects to Plaintiff's Definition No. A ("Accused Products") to the extent that it purports to encompass products other than those strictly named or identified in the Second Amended Complaint. The Government will respond on the basis that "Accused Products" refers to products specifically identified in the Second Amended Complaint: the infrared detector used in the Next Generation Distributed Aperture System (Next Gen DAS) for the F-35 Joint Strike Fighter; Javelin Lightweight Command Launch Unit (CLU); the infrared detector used in the Third Generation FLIR B-Kit for the Abrams Tank, Bradley Fighting

Vehicle, Next Generation Combat Vehicle (NGCV), and Optionally Manned Fighting Vehicle (OMFV); the infrared detector used in the Modern Target Acquisition Designation System/Pilot Night Vision System (MTADS/PNVS) used in the Apache and Future Attack Reconnaissance Aircraft (FARA); the infrared detector used in the MX-10 Adv. EO/IR for Shadow UAV and Vehicle-Agnostic Modular Palletized ISR Rocket Equipment Rocket System (VAMPIRE Rocket); the Wescam MX-GCS for BAE's Amphibious Combat Vehicles (ACV); the infrared detector used in the Shipboard Passive EO/IR (SPEIR) system using wide field of view (WFOV) and narrow field of view (NFOV) sensors; the infrared detector used in the FLIR Neutrino LC for the Future Tactical Unmanned Aircraft Systems (FTUAS); the Sparrow XBN for the Next Generation Handheld Targeting System (NGHTS); the infrared detector used in the focal plane arrays (FPAs) manufactured using HRL's III-V T2SL/nBn wafer designs for DARPA's Wafer-scale Infrared Detectors (WIRED) program; the infrared detector used in FPAS manufactured using HRL's III-V T2SL/nBn wafer designs for DARPA's Focal arrays for Curved Infrared Imagers (FOCII) program; the infrared detector used in the ThermoSight HISS-HID; JPL's Type 2 Strained Layer Superlattice (T2SLS) Hot Operating Temperature Barrier Infrared Detectors (HOT-BIRDs) used in the Hyperspectral Thermal Emission Spectrometer (HyTES), Hyperspectral Thermal Imager (HyTI), Compact Fire Infrared Radiance Spectral Tracker (c-FIRST), CubeSat Infrared Atmospheric Sounder (CIRAS), and Pyro-atmosphere Infrared Sounder (PIRS); and the HOT-BIRD T2SLS detectors manufactured and tested by JPL for the VISTA program.

6.      The Government objects to Plaintiff's Definition No. I ("Defendant," "the U.S. Government," "You," "Your," and "Yours") as well as any other definition, instruction, and/or request that requires an investigation of any department or agency of the United States other than

those specifically named or identified in the lawsuit as involved in the research, development, or procurement of an Accused Product, as being unduly burdensome and disproportionate to the needs of this case. For example, Plaintiff's Definition No. I purports to encompass "any department or agency" of the United States. This definition encompasses numerous agencies and departments that have missions with no relation whatsoever to the events at issue in the Second Amended Complaint and the locations of which are scattered across the nation and around the world. Accordingly, the Government will respond on the basis that "Defendant," "the U.S. Government," "You," "Your," and "Yours" mean the United States Department of the Army ("Army"), the United States Department of the Air Force ("Air Force"), the United States Department of the Navy ("Navy"), the United States Marine Corps ("Marine Corps"), the United States Defense Advanced Research Projects Agency ("DARPA"), the United States Customs and Border Patrol ("CBP"), the United States National Aeronautics and Space Administration ("NASA"), the United States Night Vision and Electronic Sensors Directorate ("NVESD"), and the United States Naval Research Laboratory ("NRL") (collectively the "Identified Departments, Agencies, and Divisions").

7.     The Government objects to Plaintiff's Definition No. L ("Dr. Maimon's Companies") to the extent it is vague to the extent it requires the Government to define the scope on the basis of information that is not within the Government's possession, custody, or control. Therefore, the Government interprets this to mean the companies IR Solutions and nBn Technologies, LLC.

8.     The Government objects to Plaintiff's Definition No. P ("Maimon Patents") to the extent it encompasses any foreign or domestic patent or application beyond those specifically identified by Plaintiff to the Government. To date, Plaintiff has only identified the following

PA0009

patents: United States Patent Nos. 7,687,871; RE48,642; 11,264,528; 11,462,657 and 11,817,522.

9.      The Government objects to Plaintiff's Definition No. Q ("nBn Technology") as impermissibly vague. Plaintiff's definition purports to encompass numerous other technologies beyond those explicitly defined as nBn as well as "other variations thereof." *See* Plaintiff's Definition No. Q ("Terminology ***commonly used*** with such technology ***includes, but is not limited*** to: barrier infrared detectors (BIRD); complementary barrier infrared detector (CBIRD); high operating temperature barrier infrared detector (HOTBIRD); high operating temperature III-V detectors; ***nBn***; XBn; pBp; type 2 superlattice (T2SL), and type 2 strained layer superlattice (T2SLS), 3rd Generation MWIR/LWIR, and HOT SWaP MWIR or LWIR, ***or variations thereof***.") (emphasis added).

10.      The Government objects to Plaintiff's Definition No. S ("possession") as overbroad and unduly burdensome to the extent that it purports to impose a burden beyond that required under RCFC 26(a)(1)(a)(ii).

11.      The Government objects to Plaintiff's Definition No. T ("procurement") as vague to the extent it purports to encompass a definition other than as defined in 41 U.S.C. § 111 and 41 U.S.C. § 131. Accordingly, the Government will respond on the basis that "procurement" has a definition consistent with 41 U.S.C. § 111 and 41 U.S.C. § 131.

12.      The Government objects to Plaintiff's Definition No. X ("sale" or "sold") as vague and overbroad to the extent it includes multiple, inconsistent definitions of the word "sale" or "sold." Accordingly, the Government will respond on the basis that "sale" or "sold" has its meaning under the Uniform Commercial Code, "passing of title from the seller to the buyer for a price." UCC § 2-106.

13.     The Government objects to each Request to the extent it calls for a legal conclusion or presents questions of law, including to the extent it calls for a legal conclusion, presents a legal question and/or is vague and ambiguous based on the use of any patent claim terms. Any responses or objections to Requests are not admissions that any patent claim term has any particular meaning.

14.     The Government objects to each Request to the extent that it seeks information that is not relevant to the subject matter of this proceeding. The Government's objections and responses are not intended and should not be construed as an acknowledgement of relevance.

15.     The Government objects to each Request to the extent that it seeks information that is not known or reasonably available to the Government, or that is not within the Government's possession, custody, or control, or calls for the Government to prepare documents and/or things that do not already exist. In responding to each Request, the Government understands the Request as seeking only information that is in the Government's possession, custody, or control and properly the subject of discovery.

16.     The Government objects to each Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case.  The Government will not search electronic mail systems unless Plaintiff demonstrates a particularized need for such a search.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All documents that refer to or reflect communications with or about Dr. Maimon, Dr. Maimon's companies, or Dr. Maimon's patents.

### RESPONSE TO REQUEST NO. 1:

The Government objects to the Plaintiff's definition of "Maimon Patents" in this Request to the extent it seeks information regarding patents and patent applications beyond those identified in the Second Amended Complaint and will define the term as described above. *See supra* Objection No. 8. The Government objects to the Plaintiff's definition of "Dr. Maimon's Companies" in this Request to the extent it requires the Government to define the scope on the basis of information that is not within the Government's possession and control and will define the term as described above. *See supra* Objection No. 7. The Government objects to this Request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or immunity; privileged documents created after the institution of this lawsuit will neither be produced nor logged. The Government objects to this Request to the extent it seeks information that is available to Plaintiff or within Plaintiff's possession, custody, or control. The Government further objects to the Request to the extent that it seeks information that is not within the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case because the Government's knowledge regarding Dr. Maimon, the Asserted Patents, or Dr. Maimon's Companies is not relevant to any claim or defense. The Government objects to this Request to the extent it purports to require the Government to search

PA0012

electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning Dr. Maimon, Dr. Maimon's companies, or Dr. Maimon's patents.

**RESPONSE TO REQUEST NO. 2:**

The Government objects to this Request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or immunity; privileged documents created after the institution of this lawsuit will neither be produced nor logged. The Government objects to the Plaintiff's definition of "Maimon Patents" in this Request to the extent it seeks information regarding patents and patent applications beyond those identified in the Second Amended Complaint and will define the term as described above. *See supra* Objection No. 8. The Government objects to the Plaintiff's definition of "Dr. Maimon's Companies" in this Request to the extent it requires the Government to define the scope on the basis of information that is not within the Government's possession and control. *See supra* Objection No. 7. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "all documents" without regard to their relevance to any claim or defense in this case. The Government objects to

this Request as vague and ambiguous with regard to the term "concerning." The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government further objects to the Request to the extent that it seeks information that is not within the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case because the Government's knowledge regarding Dr. Maimon, the Asserted Patents, or Dr. Maimon's Companies is not relevant to any claim or defense. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning any nBn Technology provided to the Government or its contractors by Dr. Maimon or Dr. Maimon's companies.

**RESPONSE TO REQUEST NO. 3:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Dr. Maimon's Companies" in this Request to the extent it requires the Government to define the scope on the basis of information that is not within the Government's possession

PA0014

and control. *See supra* Objection No. 7. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request as vague and ambiguous with regard to the term "concerning." The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government further objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents referring to or relating to activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "*any* nBn Technology," which are not limited to or related to the Accused Products expressly accused in the Second Amended Complaint or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the

Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify all current, prior, expected or projected manufacture, procurement, or uses of nBn Technology by or for the Government, including but not limited to all products and research that use nBn Technology (e.g., Accused Products and products that use substantially similar infrared detector technology and designs). Such documents should be sufficient to provide the name of any product or research, including any model number or other unit identifier of the product and the detector or FPA used; any descriptions of the products or research; date of any manufacture, procurement, or use of such products; identity of any manufacturer or seller of such products and the detectors and/or FPAs that use nBn Technology.

**RESPONSE TO REQUEST NO. 4:**

The Government objects that the Request is fundamentally flawed and improper because it fails to "describe . . . each item or category" "with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Accused Products" in this Request to the extent that it purports to encompass products other than those specifically named or identified in the lawsuit and will define the term as described above. *See supra* Objection No. 5. The Government objects to the term "products that use substantially similar infrared detector technology and designs" in this Request to the extent that it purports to encompass products other than the Accused Products. *See supra* Objection No. 5. The Government objects to the terms "all products and research that use nBn Technology" and "products that use substantially similar infrared detector technology and designs" as vague to the extent they require information that is not in the Government's

PA0016

possession, custody, or control in order to define them. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "procurement" in this Request to the extent that it purports to encompass a definition other than as defined in 41 U.S.C. § 111 and 41 U.S.C. § 131. *See supra* Objection No. 11. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "*all* products and research that use nBn Technology," which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request as vague and ambiguous with regard to the term "uses;" the Government will interpret the term to mean a product that incorporates "nBn Technology" as that term has been defined by the Government. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to Products that were procured or activity that occurred prior to November 7, 2018. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify all current, prior, expected, or projected semiconductor wafers manufactured or used by or for the Government for the purposes of testing, researching, manufacturing, or using nBn Technology. Such documents should provide the name of any wafers, including any model number or other unit identifier of the product; how the wafer is used (e.g., testing research, product manufacture); date of any manufacture, procurement, or use of such wafers; identity of any manufacturer or seller of such wafers.

**RESPONSE TO REQUEST NO. 5:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "procurement" in this Request to the extent that it purports to encompass a definition other than as defined in 41 U.S.C. § 111 and 41 U.S.C. § 131. *See supra* Objection No. 11. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to products or activity other than those expressly accused in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products which were procured prior to November 7, 2018. The Government further objects to

this Request to the extent it seeks production of classified documents. Classified information

cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in

response to the Request as written but is willing to meet and confer to discuss the proper scope of

this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the structural detail, composition, and methods of

manufacturing and processing any use of nBn Technology identified in Request for Production

Nos. 3 and 4. Those documents should include, but are not limited to, recipes (such as growth

and processing recipes), masks, component/material lists, and wafer specifications, formulas,

chemical(s) used to etch, the reticle and photolithography mask, scanning electron microscope

images, and tests reports (such as IV curves, screen tests).

**RESPONSE TO REQUEST NO. 6:**

The Government objects to Plaintiff's use of unbounded phrases ("include, but are not

limited to"); the Government will not provide responsive documents unless "describe[d] with

reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of

"nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The

Government objects to this Request to the extent it seeks information that is not in the

Government's possession, custody, or control. The Government objects to this Request as not

relevant to any claim or defense in this litigation to the extent it seeks documents referring to or

relating to Products that were procured or activity that occurred prior to November 7, 2018. The

Government objects to this Request as being unduly burdensome and disproportionate to the

needs of this case and not relevant to any claim or defense in this case to the extent it seeks

documents which are not limited to or related to the Accused Products or the Identified

Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government also objects to this request to the extent that it seeks information that the Government is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties without prior consent. To the extent the Government is withholding documents subject to confidentiality obligations, the Government will work to obtain the necessary consent from the relevant third parties. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show all nBn Technology research performed or products developed through any Government program, department or agency.

**RESPONSE TO REQUEST NO. 7:**

The Government objects to the Plaintiff's definition of "Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not limited to or related to the Accused Products. *See supra* Objection Nos. 5. The Government objects to this Request as not relevant to any claim or defense in this

litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the extent of all research, development, and testing performed on any nBn Technology or any devices using nBn Technology, including documents identifying the persons performing such activities, a description of any work performed, the types of nBn Technology products created (e.g., FPA, wafer, single element photodetector), and the dates of any such activities. This includes research performed by or on behalf of Government Agencies, federally funded labs, and contractors including, but not limited to those set forth in the definition of the Government.

**RESPONSE TO REQUEST NO. 8:**

The Government objects to Plaintiff's use of unbounded phrases ("including, but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to this Request as vague and ambiguous with regard to the term "Government Agencies" as that term is not identified. The Government further objects to the Plaintiff's definition of "Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "Government" and "Government Agencies" means the Identified Departments, Agencies, and Divisions. The Government objects

to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as vague and ambiguous with regard to the term "devices using nBn Technology;" the Government will interpret that term to mean products that incorporate nBn Technology. The Government objects to the terms "or any devices using nBn Technology" as vague to the extent they require information that is not in the Government's possession, custody, or control in order to define them. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks information regarding "*all* research, development, and testing performed on . . . *any* devices using nBn Technology" because such a request would encompass components and devices beyond the accused functionality. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents sufficient to establish all terms of any agreements, grants, or requests for proposals that relate to or cover any past, present, or expected research on nBn Technology.

**RESPONSE TO REQUEST NO. 9:**

The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks information regarding "any agreements, grants, or requests for proposals that relate to or cover any past, present, or expected research on nBn Technology." The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to Products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as vague and ambiguous with regard to the term "relate to or cover." The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All agreements, contracts, and corresponding drafts entered into by any person or entity as part of work performed under a Government research and development program, including but not limited to the Government's VISTA program, relating to nBn Technology, including any contracts or subcontracts for work performed under VISTA.

**RESPONSE TO REQUEST NO. 10:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "drafts" of any contract or agreement. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request to the extent it seeks information that is not in the

PA0024

Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

All documents related to any solicitation or requests for proposal (RFP) (including but not limited to amendments and responses to bidder questions) issued by the Government relating to the procurement, research, or development of nBn Technology, subsystems including nBn Technology and/or systems that include nBn Technology; such documents should provide but not be limited to information sufficient to show sales and costs, including unit sales, sales price, gross sales, net sales, and profit details by SKU or model number, and/or product description.

**RESPONSE TO REQUEST NO. 11:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of

"procurement" in this Request to the extent that it purports to encompass a definition other than as defined in 41 U.S.C. § 111 and 41 U.S.C. § 131. *See supra* Objection No. 11. The Government objects to the Plaintiff's definition of "sale" in this Request to the extent that it includes multiple, inconsistent definitions of the word "sale," and will define the term as described above. *See supra* Objection No. 12. The Government objects to this Request as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Complete sets of all agreements and proposed agreements (including drafts, modifications, and agreements) relating to nBn Technology or products or systems that

incorporate or are used to produce nBn Technology, whether or not the Government is a party to said agreement. Those agreements include but are not limited to contracts, license agreements, asset purchase agreements, procurement contracts, agreements or grants to research, develop, supply, distribute, manufacture, license, sell or not to sell, as well as documents indicating possible future contracts resulting from successful completion of a contract, agreement, or proposed agreement. The products and systems include, for example, imaging systems, camera systems, systems, surveillance systems, targeting systems, cooler assemblies, and processors. Parties to such agreements and proposed agreements would include, for example, one or more of the U.S. Government, NASA, VISTA, SCD, JPL, Sandia, NVESD, AFRL, NRL, DARPA, IQE, IntelliEPI, Lockheed Martin Corporation (LMC), Teledyne, BAE, SCD, Elbit, Rafael, and the Israeli Government.

**RESPONSE TO REQUEST NO. 12:**

The Government objects to Plaintiff's use of unbounded phrases ("include but are not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to this Request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or immunity; privileged documents created after the institution of this lawsuit will neither be produced nor logged. The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "procurement" in this

Request to the extent that it purports to encompass a definition other than as defined in 41 U.S.C. § 111 and 41 U.S.C. § 131. *See supra* Objection No. 11. The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks information regarding "drafts" or "proposed agreements." The Government further objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks information regarding "Elbit, Rafael and the Israeli Government," "AFRL," and "Sandia" which are not accused in the Second Amended Complaint. The Government objects to this Request as vague and ambiguous with regard to the term "Sandia" and will define the term as Sandia National Laboratories (SNL). The Government objects to the term Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "products or systems that incorporate or are used to produce nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to Products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents "whether or not the Government is a party to said agreement," which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "all agreements . . . relating to . . . products or systems that

incorporate . . . nBn Technology" without regard to whether the "nBn technology" is incorporated into a component or subcomponent of the product or system.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written, but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Information on all programs or Requests for Proposal (RFPs) involving FPA devices and subsystems including FPAs and/or systems that include of FPAs or alternative or competing imaging technologies, including but not limited to, SKU, model number, and/or product description, alternative or competing technologies, including MCT, InSb, and other infrared technologies currently being used or used prior the adoption of nBn Technology.

**RESPONSE TO REQUEST NO. 13:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this request as vague and ambiguous with regard to the term "MCT" and will interpret this term as "Mercury cadmium telluride." The Government objects to this request as vague and ambiguous with regard to the term "InSb" and will interpret this term as "Indium antimonide." The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this request as not being unduly burdensome and disproportionate to the needs of this case and relevant to any claim or defense in this litigation to the extent it seeks documents involving products that were procured or activity that occurred prior to November 7, 2018. The Government objects to

this request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "Information on all programs or Requests for Proposal (RFPs) involving FPA devices and subsystems", which is not limited to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to the term "FPA devices and subsystems including FPAs and/or systems that include of FPAs or alternative or competing imaging technologies" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that demonstrate, exhibit, or discuss the measured, expected, estimated, or theoretical: energy band diagram(s), such as those seen at Figures 8-10, 13-14, 16-18, 28-32, 37-40, 42, 45-47, 49-51, 53-54, 56, 58-63 of the Second Amended Complaint, including but not limited to JPL's 8,928,036 Patent Figure 3A and JPL's 8,217,480 Patent Figure 14; as well as

graphs, diagrams, tables, or charts reporting or comparing the change in current and/or voltage (e.g., I-V curves) with other characteristics (e.g., temperature, light, dark, quantum efficiency) of the device or its environment; or operating temperature of any nBn Technology used or manufactured by and for the Government or in any research, development, or testing efforts by the Government or third parties that are funded by or provide nBn Technology to the Government.

**RESPONSE TO REQUEST NO. 14:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this request as vague and ambiguous to the extent it requires the Government to define the scope of this request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "any nBn Technology", which are not limited to or related to the Accused

Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Any drawings sufficient to show the design of any product procured or manufactured by the Government that utilizes nBn Technology, including design, components, configuration, and pricing of any imaging system, camera system, optics system, targeting system, cooler assembly, or processor; such documents should provide, but not be limited to information sufficient to show sales and costs, including unit sales, sales price, gross sales, net sales, and profit details by SKU or model number, and/or product description.

**RESPONSE TO REQUEST NO. 15:**

The Government objects to Plaintiff's use of unbounded phrases ("should provide, but not be limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the

Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "sale" in this Request to the extent that it includes multiple, inconsistent definitions of the word "sale," and will define the term as described above. *See supra* Objection No. 12. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "any product procured or manufactured by the Government that utilizes nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "any product", which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government also objects to this request to the extent that it seeks information that the Government is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties without prior consent. To the extent the Government is withholding documents subject to confidentiality obligations, the Government will work to obtain the necessary consent from the relevant third parties. The Government objects to this request as vague and ambiguous to the extent it requests drawings "sufficient to show the design of any product" that also provide "information sufficient to show sales and costs, including unit sales, sales price, gross sales, net sales, and profit details by SKU or model number, and/or product description." The Government

PA0033

further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 16:**

An exemplary physical sample of each type of nBn technology (e.g., wafer, single element detector, or FPA) used or manufactured by or for the Government.

**RESPONSE TO REQUEST NO. 16:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request to the extent it seeks samples that are not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks samples related to products or research beyond those accused in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government further objects to this Request to the

extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All market or industry reports, white papers, and other analyses related to nBn Technology or products incorporating nBn Technology, including, for example, imaging systems, camera systems, optics systems, surveillance systems, targeting systems, cooler assemblies, or processors.

**RESPONSE TO REQUEST NO. 17:**

The Government objects to Plaintiff's use of unbounded phrases ("including, for example"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "All market or industry reports, white papers, and other analyses related to nBn Technology or

PA0035

products incorporating nBn Technology", which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to the term "products incorporating nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All publications, announcements, marketing, presentations, or other public statements (including but not limited to websites, press releases, presentations, speech transcripts and notes, videos) made by or in the possession of the Government or its employees that refer to nBn Technology, products and processes that use nBn Technology (including, for example, imaging systems, camera systems, optics systems, surveillance systems, targeting systems, cooler assemblies, and processors, and any past, present, or future research and development of nBn Technology.

**RESPONSE TO REQUEST NO. 18:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to" and "including, for example" ); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague.

PA0036

*See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "possession" in this Request to the extent that it purports to impose a burden that exceeds the Government's obligation under RCFC 26(a)(1)(a)(ii) and 34(b) and will define the term as described above. *See supra* Objection No. 10. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to the term "products and processes that use nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to products or research beyond those expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

PA0037

**REQUEST FOR PRODUCTION NO. 19:**

Document sufficient to show the date of first use and/or manufacture by or for the Government of nBn Technology, including in cooler assemblies and/or camera or imaging systems and in each Accused Product.

**RESPONSE TO REQUEST NO. 19:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "Accused Products" in this Request to the extent that it purports to encompass products other than those specifically accused in the Second Amended Complaint and will define the term as described above. *See supra* Objection No. 5. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "nBn Technology, including in cooler assemblies and/or camera or imaging systems and in each Accused Product" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as vague and ambiguous with regard to the term "cooler assemblies and/or camera or imaging systems", and will interpret this term as "cooler assemblies, camera systems, or imaging systems."

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the specifications and technical details of all nBn Technology used or manufactured by or for the Government, including but not limited to at least the following information:

a. The process and recipe for growing any semiconductor wafer or layers of semiconductor;

b. The composition of any substrate layer;

c. Wafer size;

d. Detector array size;

e. The composition of the semiconductor and each semiconductor layer;

f. The doping and charge density characteristics of each semiconductor layer;

g. The energy band characteristics of any semiconductor layer;

h. The type infrared radiation detected (e.g., shortwave infrared (SWIR), mid-wave infrared (MWIR), long-wave infrared (LWIR), dual color);

i. Physical characteristics and dimensions of any detectors including semiconductor layer thickness, etching depth, detector pitch and resolution; and

j. Operating temperature.

**RESPONSE TO REQUEST NO. 20:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to at least"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "all nBn Technology used or manufactured by or for the Government" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks documents relating to products that were procured or activity that occurred prior to November 7, 2018. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show how the nBn Technology is used by the Government, including any products the nBn Technology is used in, such as imaging systems, camera systems, optics systems, surveillance systems, targeting systems, cooler assemblies, and processors, or <u>with</u> and any technical manuals or procedures describing such uses.

**RESPONSE TO REQUEST NO. 21:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions.

The Government objects to the term "the nBn Technology is used by the Government" and "any products the nBn Technology is used in" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to Products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as vague and ambiguous with regard to the term "any products the nBn Technology is used . . . *with*" and will interpret this term as "systems that contain 'nBn Technology.'" The Government objects to this Request as vague and ambiguous with regard to the term "how the nBn Technology is used by the Government" and

will interpret this term as requesting the Government to provide documents sufficient to show systems that contain "nBn Technology." The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "any products", which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify any products that use nBn Technology, including, for example, imaging systems, camera systems, optics systems, surveillance systems, targeting systems, cooler assemblies, and processors.

**RESPONSE TO REQUEST NO. 22:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity

that occurred prior to November 7, 2018. The Government objects to this Request as vague and ambiguous with regard to the term "any products," and will interpret it as Accused Products as defined above. *See supra* Objection No. 5. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "any products", which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

All documents sufficient to show nBn Technology developed through or with the assistance of any Government program, department or agency.

**RESPONSE TO REQUEST NO. 23:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request as vague and ambiguous with regard to the phrase

PA0043

"developed . . . with the assistance of." The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to Products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to the term "nBn Technology developed through or with the assistance of any Government program, department or agency" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents providing financial details of any sales, transfers, procurements, bids, and/or licenses of any system and/or component that utilizes IR technology, including but not limited to FPAs on an individual FPA basis, array size, whether midwave, longwave, or dual

band, unit purchases and costs by purchase order, and a detailed breakdown of all costs, including the identity of the product, the manufacturer or seller, date of purchase and delivery, quantity, unit purchase, purchase price, gross purchase, and net purchases, deductions to purchase price, details by SKU or model number or other unit identifier, grade or rating level, royalty invoices and/or payment reports, from the first purchase to present, and all projections and forecasts.

**RESPONSE TO REQUEST NO. 24:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "procurement" in this Request to the extent that it purports to encompass a definition other than as defined in 41 U.S.C. § 111 and 41 U.S.C. § 131. *See supra* Objection No. 11. The Government objects to the Plaintiff's definition of "sale" in this Request to the extent that it includes multiple, inconsistent definitions of the word "sale," and will define the term as described above. *See supra* Objection No. 12. The Government objects to this Request as vague and ambiguous with regard to the term "IR technology." The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not related to the Accused

PA0045

Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the number of FPA's and nBn systems supplied per year by manufacturer, including by size of FPA and system incorporating FPA.

**RESPONSE TO REQUEST NO. 25:**

The Government objects to the term "nBn systems" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as vague and ambiguous with regard to the phrase "the number of FPA's and nBn systems supplied per year" and will interpret this phrase as requesting documents related to the number of Accused Products acquired by the Identified Departments, Agencies, and Divisions. *See supra* Objection Nos. 5, 6. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The

Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to the term "nBn systems" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents sufficient to show the results, benefits, advantages, shortcomings, or problems from any research, development, and testing performed on any nBn Technology or any devices using nBn Technology, including documents reflecting any test results, a description of any results or benefits from the work performed, and purposes of any such work performed.

**RESPONSE TO REQUEST NO. 26:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this request as not relevant to any claim or defense in this litigation to the

PA0047

extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents for "*any* nBn Technology or *any* devices using nBn Technology", which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to the term "any nBn Technology or any devices using nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "All documents sufficient to show the results, benefits, advantages, shortcomings, or problems from any research, development, and testing performed on any nBn Technology or any devices using nBn Technology." The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents showing value, benefits, advantages, shortcomings, or problems relating to the Government's use, manufacture, or procurement of any products that are or use nBn Technology, including, for example, imaging systems, camera systems, optics systems, surveillance systems, targeting systems, cooler assemblies, and processors.

**RESPONSE TO REQUEST NO. 27:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "procurement" in this Request to the extent that it purports to encompass a definition other than as defined in 41 U.S.C. § 111 and 41 U.S.C. § 131. *See supra* Objection No. 11. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "any products that are or use nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any

claim or defense in this case to the extent it seeks information regarding the "All documents showing value, benefits, advantages, shortcomings, or problems relating to the Government's use, manufacture, or procurement of any products that are or use nBn Technology." The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "any products", which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to the efficacy, advantages, benefits, savings, projected savings, or utility of nBn Technology, systems, and/or products that use nBn Technology, including, for example, imaging systems, camera systems, optics systems, surveillance systems, targeting systems, cooler assemblies, and processors.

**RESPONSE TO REQUEST NO. 28:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within

Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "nBn Technology, systems, and/or products that use nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "All documents related to . . . nBn Technology, systems, and/or products that use nBn Technology," which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All documents showing how the Government, including but not limited to NVSED, made its decision to implement nBn Technology, in each product, equipment, system, and/or sub-system, and including identification of each decision-maker, and the weighing of factors considered in making the decision.

**RESPONSE TO REQUEST NO. 29:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request as vague and ambiguous with regard to the term "NVSED" and will interpret this term as "NVESD." The Government objects to this Request as vague and ambiguous with regard to the phrase "showing how the Government . . . made its decision to implement nBn Technology." The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "nBn Technology, in each product, equipment, system, and/or sub-system" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government objects

to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All documents sufficient to show the added value and/or benefit of nBn Technology over alternative or competing technologies, including MCT, InSb, and other infrared technologies currently being used or used prior the adoption of nBn Technology.

**RESPONSE TO REQUEST NO. 30:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request as vague and ambiguous with regard to the term "MCT" and will interpret this term as "Mercury cadmium telluride." The Government objects to this Request as vague and ambiguous with regard to the term "InSb" and will interpret this term as "Indium antimonide." The Government

objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

All documents providing a comparison between nBn, MCT, and/or InSb, including by performance, cost, and price.

**RESPONSE TO REQUEST NO. 31:**

The Government objects to the term "nBn" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request as vague and ambiguous with regard to the term "MCT" and will interpret this term as "Mercury cadmium telluride." The Government objects to this Request as vague and ambiguous with regard to the term "InSb" and

will interpret this term as "Indium antimonide." The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks the "All documents," which are not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

All documents sufficient to show the total cost of all R&D on nBn Technology directed, performed, or procured by the Government, including the cost of the VISTA program to the Government and to implement nBn Technology into specific systems.

**RESPONSE TO REQUEST NO. 32:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request as vague and ambiguous with regard to the term "directed." The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks the "total cost of all R&D on nBn Technology," which is not limited to or related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the terms "nBn Technology directed, performed, or procured by the Government" and "the cost . . . to implement nBn Technology into specific systems" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "total cost of all R&D on nBn Technology directed, performed, or procured by the Government." The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced

in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents related to the royalty rate or rates that the Government contends would constitute a reasonable royalty, assuming liability of the Asserted Patents.

**RESPONSE TO REQUEST NO. 33:**

The Government objects to this Request as vague and ambiguous with regard to the term "Asserted Patents" and will interpret the term as "Maimon Patents" as defined above. *See supra* Objection No. 8. The Government further objects to this Request to the extent that it purports to impose a burden that exceeds the Government's obligation to provide a copy or description of all documents, ESI, and things in its possession, custody, or control that it "may use to support its claims or defenses, unless . . . for impeachment." RCFC 26(a)(1)(A)(ii).

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

Any facts, circumstances, legal contentions, and other factors upon which the Government bases its contention, including the *Georgia-Pacific* factors;

    a. The relevant time period(s) during which the rate or rates should be applied; and

    b. Related assumptions, estimates, circumstances, and calculations.

**RESPONSE TO REQUEST NO. 34:**

The Government objects to this Request as fundamentally flawed and improper for not requesting production of documents. Interrogatories are the proper method to ask for "Any facts, circumstances, legal contentions, and other factors." The Government objects to this Request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or immunity; privileged documents created after the institution of this lawsuit will neither be produced nor logged. The Government further objects to this Request to the extent that it purports to impose a burden that exceeds the Government's obligation to provide a copy or description of all documents, ESI, and things in its possession, custody, or control that it "may use to support its claims or defenses, unless . . . for impeachment." RCFC 26(a)(1)(A)(ii).

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents relating to any praise, commercial success, long felt need, copying of Maimon's inventions by the Government or third parties, including any documents regarding

PA0058

unexpected results of Maimon's inventions or that his inventions solved problems others could not.

**RESPONSE TO REQUEST NO. 35:**

The Government objects to this Request as vague and ambiguous with regard to the term "Maimon's inventions" and will interpret the term as "Maimon Patents" as defined above. *See supra* Objection No. 8. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government further objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "Maimon's inventions" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government further objects to this Request to the extent that it purports to impose a burden that exceeds the Government's obligation to provide a copy or description of all documents, ESI, and things in its possession, custody, or control that it "may use to support its claims or defenses, unless . . . for impeachment." RCFC 26(a)(1)(A)(ii). The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the

unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All agreements related to patent licensing for nBn Technology and systems incorporating nBn Technology, including, for example, any imaging systems, camera systems, optics systems, surveillance systems, targeting systems, cooler assemblies, and processors.

**RESPONSE TO REQUEST NO. 36:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents from any department or agency of the United States other than the Identified Departments, Agencies, and Divisions in the Second Amended Complaint. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to the term "nBn Technology and systems incorporating nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "All agreements related to patent licensing for . . . systems incorporating nBn Technology" which encompasses patent licensing unrelated to the accused technology. The

Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "agreements related to patent licensing" instead of requesting patent licenses. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications that are or reflect licensing, attempts to license, suggestions to license or not to license, any patent or know-how relating to nBn technology by the Government or Third Parties (e.g., Raytheon/RTX, L3 Harris, Teledyne FLIR, JPL, SNL, LMC), including but not limited to licenses related to: any Maimon patent or patent applications, JPL Patents (e.g., U.S. Patent Nos. 8,217,480; 8,928,036; 9,466,741 and their progeny), U.S. Military or NASA Patents (e.g., U.S. Patent No. 10,468,540), or patents of any third party, the Government, or any other person or entity.

**RESPONSE TO REQUEST NO. 37:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to this request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or

immunity; privileged documents created after the institution of this lawsuit will neither be produced nor logged. The Government further objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "Maimon Patents" in this Request to the extent it seeks information regarding patents and patent applications beyond those identified in the Second Amended Complaint and will define the term as described above. *See supra* Objection No. 8. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "All documents and communications that are or reflect licensing, attempts to license, suggestions to license or not to license, any patent or know-how relating to nBn technology." The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "All documents and communications," which are not limited to documents from the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of

PA0062

requesting "documents sufficient to show." The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

All documents related to patent licensing for alternative or competing technologies to nBn Technology, including MCT and InSb.

**RESPONSE TO REQUEST NO. 38:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request as vague and ambiguous with regard to the term "MCT" and will interpret this term as "Mercury cadmium telluride." The Government objects to this Request as vague and ambiguous with regard to the term "InSb" and will interpret this term as "Indium antimonide." The Government objects to this Request as vague and ambiguous with regard to the phrase "alternative or competing technologies." The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government

PA0063

further objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks "All documents," which are not limited to documents from the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection No. 6. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:**

Complete sets of all agreements and proposed agreements (including drafts, modifications, and agreements) relating to alternative or competing technologies to nBn Technology or products or systems that incorporate or are used to produce nBn Technology, including MCT and InSb, and products or systems that incorporate or are used to produce including MCT and InSb, whether or not the Government is a party to said agreement. Those agreements include but are not limited to contracts, license agreements, asset purchase agreements, procurement contracts, agreements or grants to research, develop, supply, distribute, manufacture, license, sell or not to sell, as well as documents indicating possible future contracts resulting from successful completion of a contract, agreement, or proposed agreement.

**RESPONSE TO REQUEST NO. 39:**

The Government objects to Plaintiff's use of unbounded phrases ("include but are not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "procurement" in this Request to the extent that it purports to encompass a definition other than as defined in 41 U.S.C. § 111 and 41 U.S.C. § 131. *See supra* Objection No. 11. The Government objects to this Request as vague and ambiguous with regard to the term "MCT" and will interpret this term as "Mercury cadmium telluride." The Government objects to this Request as vague and ambiguous with regard to the term "InSb" and will interpret this term as "Indium antimonide." The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request as vague and ambiguous with regard to the phrase "alternative or competing technologies," and will interpret this phrase as infrared technology using Mercury cadmium telluride or Indium antimonide. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents from any department or agency of the United States other than the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection No. 6. The Government objects to this Request to the extent it seeks information that is not in the

Government's possession, custody, or control. The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks information other than executed license agreements, such as "all agreements and proposed agreements (including drafts, modifications, and agreements)."

Subject to the Government's objections, the Government will not produce documents in response to the Request as written but is willing to meet and confer to discuss the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Provide documents sufficient to show <u>all</u> Foreign Military Sales (FMS) that incorporate nBn Technology, including but not limited to all letters of offer and acceptance (LOA), and all transfers pursuant to ITAR §126 (including all relevant subsections).

**RESPONSE TO REQUEST NO. 40:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents not related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents related to procurement or use in a foreign country. *See* 28 U.S.C. § 1498(c). The Government objects to the

term "Foreign Military Sales (FMS) that incorporate nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 41:**

Provide documents sufficient to show all ITAR export licenses or exemptions from license requirements for sales that incorporate nBn Technology, falling under but not limited to ITAR §§ 123 (including all relevant subsections), 126 (including all relevant subsections).

**RESPONSE TO REQUEST NO. 41:**

The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents related to procurement or use in a foreign country. *See* 28 U.S.C. § 1498(c). The Government objects to this Request as being unduly burdensome and

disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents not related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to procurements of products prior to November 7, 2018. The Government objects to the term "sales that incorporate nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 42:**

All contracts and/or agreements with Ex-US parties relating to the supply of products, equipment, and/or systems that utilize or incorporate any infra-red detectors, including but not limited to nBn Technology.

**RESPONSE TO REQUEST NO. 42:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of

"nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents related to procurement or use in a foreign country. *See* 28 U.S.C. § 1498(c). The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents not related to the Accused Products or the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to procurements of products prior to November 7, 2018. The Government objects to the term "products, equipment, and/or systems that utilize or incorporate any infra-red detectors, including but not limited to nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to and without waiving any objections, the Government responds that it is not currently aware of any relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions. Accordingly, the Government will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All charts, outlines, diagrams, and other documents sufficient to describe and identify the Government's organizational structure and personnel responsible for managing the research, development, design, testing, evaluation, manufacture, and production, and procurement of any nBn Technology, including but not limited to the organization of VISTA and groups within NVSED, NASA, SNL, and JPL that dealt with nBn Technology.

**RESPONSE TO REQUEST NO. 43:**

The Government objects to Plaintiff's use of unbounded phrases ("including but not limited to"); the Government will not provide responsive documents unless "describe[d] with reasonable particularity." RCFC 34(b)(1). The Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "procurement" in this Request to the extent that it purports to encompass a definition broader than that in the statute and will define the term as described above. *See supra* Objection No. 11. The Government objects to this Request as vague and ambiguous with regard to the term "NVSED" and will interpret this term as "NVESD." The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim

PA0070

or defense in this case to the extent it seeks documents from any department or agency of the United States other than the Identified Departments, Agencies, and Divisions expressly identified in the Second Amended Complaint. *See supra* Objection No. 6. The Government objects to the term "research, development, design, testing, evaluation, manufacture, and production, and procurement of any nBn Technology" and "dealt with nBn Technology" as vague and ambiguous to the extent it requires the Government to define the scope of this Request on the basis of information that is not within the Government's possession, custody, or control. The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

All documents relating to infringement or potential infringement or alleged non-infringement of the Maimon patents or any patent describing nBn Technology.

**RESPONSE TO REQUEST NO. 44:**

The Government objects that the Request is fundamentally flawed and improper because it fails to "describe . . . each item or category" "with reasonable particularity." RCFC 34(b)(1). The Government objects to this Request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or immunity; privileged documents created after the

institution of this lawsuit will neither be produced nor logged. The Government objects to the Plaintiff's definition of "Maimon Patents" and the term "any patent describing nBn Technology" in this Request to the extent it seeks information regarding patents and patent applications beyond those asserted in the Second Amended Complaint and will define the term as described above. *See supra* Objection No. 8. Additionally, the Government objects to the Plaintiff's definition of "nBn Technology" in this Request as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks documents related to "any patent describing nBn Technology" and seeks information related to products or research beyond the Accused Products expressly identified in the Second Amended Complaint. *See supra* Objection Nos. 5, 6. The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Request as not relevant to any claim or defense in this litigation to the extent it seeks documents referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government further objects to this Request to the extent that it purports to impose a burden that exceeds the Government's obligation to provide a copy or description of all documents, ESI, and things in its possession, custody, or control that it "may use to support its claims or defenses, unless . . . for impeachment." RCFC 26(a)(1)(A)(ii). The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding. The Government objects to this Request to the extent it purports

to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government will comply with the Court's Rules and Orders requiring disclosure of support for its claims and defenses, *see, e.g.,* RCFC 26(a)(1)(A)(ii), PRCFC 7, but will not produce documents in response to the Request as written.

**REQUEST FOR PRODUCTION NO. 45:**

All documents the Government may use to prove or disprove infringement, invalidity, or unenforceability of the patent.

**RESPONSE TO REQUEST NO. 45:**

The Government objects that the Request is fundamentally flawed and improper because it fails to "describe . . . each item or category" "with reasonable particularity." RCFC 34(b)(1). The Government objects to this request as vague and ambiguous with regard to the term "the patent," and will interpret this term as "Maimon Patents" term as described above. *See supra* Objection No. 8. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government further objects to this request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, the joint defense privilege, or any other applicable privilege or immunity – and specifically, the Government will not produce privileged and/or protected documents created after the suit was filed. The Government further objects to this request as premature to the extent it imposes an obligation on the Government to produce expert opinion or testimony before it is required to do

so under the RCFC or the Court's Orders. The Government further objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government further objects to this Request to the extent that it purports to impose a burden that exceeds the Government's obligation to provide a copy or description of all documents, ESI, and things in its possession, custody, or control that it "may use to support its claims or defenses, unless . . . for impeachment." RCFC 26(a)(1)(A)(ii). The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to and without waiving any objections, the Government will comply with the Court's Rules and Orders requiring disclosure of support for its claims and defenses, *see, e.g.,* RCFC 26(a)(1)(A)(ii), PRCFC 7, but will not produce documents in response to the Request as written.

**REQUEST FOR PRODUCTION NO. 46:**

All documents relating to the Governments [*sic*] claims that Maimon's claims are barred by license or by prior employment or service to the Governments [*sic*] as alleged in the Governments [*sic*] Sixth and Seventh Defenses.

**RESPONSE TO REQUEST NO. 46:**

The Government objects to this request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, the joint defense privilege, or any other applicable privilege or immunity – and specifically, the Government will not produce privileged and/or protected documents created after the suit was filed. The Government objects to the Plaintiff's definition of "the Government"

in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government further objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Request to the extent it seeks information that is not in the Government's possession, custody, or control. The Government further objects to this Request to the extent that it purports to impose a burden that exceeds the Government's obligation to provide a copy or description of all documents, ESI, and things in its possession, custody, or control that it "may use to support its claims or defenses, unless . . . for impeachment." RCFC 26(a)(1)(A)(ii). The Government objects to this Request as being unduly burdensome and disproportionate to the needs of this case to the extent it seeks "All documents" instead of requesting "documents sufficient to show." The Government objects to this Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. *See supra* Objection No. 16.

Subject to and without waiving any objections, the Government responds that it will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All documents relied upon or referred to in the Government's responses to Plaintiff's Interrogatories.

**RESPONSE TO REQUEST NO. 47:**

The Government objects to this Request to the extent it seeks information or the production of documents protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or immunity; privileged documents created after the institution of this lawsuit will neither be produced nor logged. The Government objects to the Plaintiff's definition of "the Government" in this Request as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government further objects to this Request to the extent that it purports to impose a burden that exceeds the Government's obligation to provide a copy or description of all documents, ESI, and things in its possession, custody, or control that it "may use to support its claims or defenses, unless . . . for impeachment." RCFC 26(a)(1)(A)(ii). The Government further objects to this Request to the extent it seeks production of classified documents. Classified information cannot be produced in this proceeding.

Subject to and without waiving any objections, the Government responds that it has produced or will produce relevant, non-privileged, and responsive documents within the unobjectionable scope of the Request and within the possession, custody, or control of the Identified Departments, Agencies, and Divisions to the extent such documents exist and can be located with a reasonable search.

Respectfully submitted:

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:

*s/ Brian N. Gross*
BRIAN N. GROSS
MARGARET S. HIBNICK          Senior Litigation Counsel
SUZANNE M. JOHNSON           Commercial Litigation Branch
Department of Justice        Civil Division
                             Department of Justice
                             Washington, D.C. 20530

Dated: February 17, 2026     *Attorneys for the United States of America*

PA0077

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of "UNITED STATES' OBJECTIONS AND

RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–

47)" was sent via email this 17th day of February 2026 to:

Meredith Martin Addy
Charles A. Pannell, III
ADDYHART LLC
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
meredith@addyhart.com
cpannell@addyhart.com

*s/ Brian N. Gross*
BRIAN N. GROSS
Senior Litigation Counsel
Intellectual Property Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Brian N. Gross@usdoj.gov
Tel:   (202) 616-2236
Fax:   (202) 307-0345

COUNSEL FOR THE DEFENDANT,
THE UNITED STATES OF AMERICA

PA0078

# Exhibit D

PA0079



MEREDITH MARTIN ADDY
+1 312·320·4200
meredith@addyhart.com

July 29, 2026

***Via Electronic Mail***

Brian N. Gross
Senior Litigation Counsel
Commercial Litigation Branch
   Civil Division
U.S. Department of Justice

**Re:**    ***Shimon Maimon v. United States*, 1:24-cv-1832 (CFC)**

Dear Mr. Gross:

I am writing to memorialize the parties' July 16, 2026 meet-and-confer and to identify the specific issues that remain unresolved. To determine whether further meet-and-confer efforts would be productive, Plaintiff requests the Government's position on each issue identified below. If the Government declines to provide the requested relief or otherwise maintains its current objections, Plaintiff will consider the parties to have reached an impasse as to that issue.

## I.     The Government's Supplemental Interrogatory Responses

The parties discussed the Government's agreement to serve supplemental interrogatories. The Government will serve supplemental responses to Interrogatory Nos. 1-8, 11-14, 16, and 17 on or before July 30, 2026.

Regarding Interrogatory No. 12, the Government agreed that if it finds no steps were taken to avoid infringement, that information is not privileged and will be included in the answer. We raised concerns about the language in your July 13, 2026, letter, indicating the Government's answer to Interrogatory No. 12 would be "to the extent the Government is aware of such information." We explained that is inconsistent with the requirement that interrogatories must be answered "fully" pursuant to RCFC 33(b)(3), and subject to continuing obligations to supplement under RCFC 26(e). Dr. Maimon understands that the Government is conducting an investigation to identify responsive information.

Brian Gross
July 29, 2026
Page 2 of 5



## II.    The Government's Improper RFP Responses

The parties discussed the Government's responses to Request for Production Nos. 1-3, 13, 19, 24, 32, 34, and 40-42 and 10, 22, 30, 31, 33, 35-38, and 43.  Dr. Maimon has raised issues with the Government's use of qualifying or conditional language: "not currently aware of," "subject to and without waiving any objections," "relevant," and "within the unobjectionable scope of the request."[1]

During the meet-and-confer, the Government indicated it would propose amended language addressing these responses. As of the date of this letter, Dr. Maimon has not received any proposed language from the Government.

---

[1]  Further to our call, we are providing additional authorities supporting Dr. Maimon's position.  *See, e.g.*, *Finkelstein v. Bical*, No. 23-CV-00049-LDH-SJB, 2023 U.S. Dist. LEXIS 222888, at *5 (E.D.N.Y. Dec. 14, 2023) ("Defendant appears to engage in a form of misdirection and gamesmanship by suggesting repeatedly (and in response to virtually every single document request) that he is 'not currently aware' of responsive documents.  . . . Document requests are not memory tests. That a party is not aware of responsive documents does not remove its obligation to produce them. It must search for responsive documents, and then after performing a reasonable search, it can state it is not in possession of responsive documents. Mental state, awareness, or knowledge has nothing to do with the obligations under Rule 34.'"); *Gurmeet Kaur v. Whole Foods Mkt., Inc.*, 2025 U.S. Dist. LEXIS 81690, at *3 (E.D. La. Apr. 30, 2025) ("[I]t is improper for parties responding to discovery to provide responses with the caveat that they are given 'subject to and without waiving' objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules."); *Karahogitis v. Tpusa, Inc.*, No. 4:24-CV-706-P, 2025 U.S. Dist. LEXIS 272514, at *4-5 (N.D. Tex. May 2, 2025) ("The Court finds that use of the qualified language that, in essence, Plaintiff believes that relevant responsive communications have been or will be produced to the extent Plaintiff is able to ascertain what is being asked to produce is similar to the use of 'without waiver' language that has been found to be improper in federal courts."); *Montes v. State Farm Mut. Ins. Co.*, No. CV 22-2551-FLA(Ex), 2023 U.S. Dist. LEXIS 180102, at *10 (C.D. Cal. Aug. 2, 2023) ("Such responses leave uncertain the issues of whether Defendant has withheld from production any nonprivileged responsive documents because of Defendant's unilateral opinion that the documents are not 'relevant to the claims alleged in this lawsuit' and, if so, which responsive documents Defendant has withheld for that reason.  Thus, these responses do not comply with the requirements of Rule 34.").

Brian Gross
July 29, 2026
Page 3 of 5



Please provide the supplemental RFP language by Friday, August 1, or we understand the parties have reached an impasse on this issue.

## III.   The Government's November 7, 2018, Cutoff Date

The parties discussed the Government's objection regarding November 7, 2018.  You indicated there are some requests where the Government did not intend to exclude responsive documents or information on secondary considerations dated prior to November 7, 2018.  As we explained, the Government made the same objection in response to numerous different discovery requests.  The Government did not identify the pre-November 7, 2018 "activities" within the scope of the requests it asserts are irrelevant.[2]  For example, we pointed to Interrogatory No. 13, which concerns alternative or competing technologies and information from before November 7, 2018, would be relevant to at least secondary considerations and damages.  You indicated the Government may amend its responses.

Please confirm whether the Government is maintaining a November 7, 2018 cutoff for any discovery request. If so, identify each interrogatory or request for production to which the cutoff applies and describe the categories of pre-November 7, 2018 information or documents the Government is withholding on that basis. If the Government is not maintaining such a cutoff as to a particular request, please confirm that responsive pre-November 7, 2018 information and documents will be produced.

## IV.   The Government's General Objection Regarding Email

Dr. Maimon requests that the Government withdraw its general objection refusing to search email absent a "particularized need" and confirm that it will conduct a reasonable search for responsive electronically stored information, including email, consistent with RCFC 26 and 34. The parties discussed the Government's general objection regarding email, which provides: "The Government objects to each Request to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. The Government will not search electronic mail systems unless Plaintiff demonstrates a particularized need for such a search."  The Government asserts its objection is complaining about a "general search," and the Government asserts Dr. Maimon's requests represent a requirement for the Government to search the email of "thousands" of Government employees.  The Government, however, has not shown how any of Dr. Maimon's discovery requests would require such a search. As we pointed out, Dr. Maimon's discovery requests do not require a "general" search; they

---

[2] The Government qualified its objection with "to the extent" without explaining the "extent" it was allegedly applicable.



require a reasonable search, just as with any other form of document.  *See* First Request for Production of Documents and Things at 2 ("'All Documents' or 'all documents' means any and all documents or things that might reasonably be located through a search of all locations reasonably likely to contain documents called for by these Requests. . . .).  Contrary to the Government's attempt to place the burden on Dr. Maimon to determine where in the Government organization to search, RCFC 34 provides that it is the Government's requirement to do a reasonable search.

You expressed that the word "reasonable" is "doing a lot of work."  However, Dr. Maimon's requests are consistent with the obligations imposed by RCFC 34.  In *Raine Group, LLC v. Reign Capital, LLC*, the parties included the following language in their proposed ESI order: "The parties also acknowledge that, apart from this ESI protocol, each party has an independent obligation to conduct a reasonable search in all company files and to produce non-privileged and responsive documents to pending document requests."  No. 21-CV-1898 (JPC) (KHP), 2022 U.S. Dist. LEXIS 31282, at *3-4 (S.D.N.Y. Feb. 22, 2022).[3]  The court rejected that language as "unnecessary" because "each party must sign its disclosures and certify that it has conducted <u>a reasonable search</u>."  *Id.* at *4 (emphasis added).  As the court pointed out, "Rule 26(g) requires that responses to document requests be signed, certifying that the disclosures made are complete and correct as of the time of the disclosure after a reasonable search."  *Id.* at *2.  As Dr. Maimon has previously explained, in the absence of an ESI agreement, the Government must still conduct a "reasonable search," and cannot demand a "special showing of need" before doing so.[4]

You expressed that you do not know what a reasonable search would look like.  However, RCFC 34 expects parties to ascertain it through investigation.  For example, the court in *Raine Group* further rejected the proposed language because "[t]o the extent the

---

[3] *See also Beganovic v. Tyson Fresh Meats, Inc.*, No. 22-CV-2052-LTS-KEM, 2023 U.S. Dist. LEXIS 234785, at *3 (N.D. Iowa May 12, 2023) ("When no ESI protocol is in place, a party must 'conduct[] a reasonable inquiry for responsive information'—including ESI."); *Albert v. Lab. Corp. of Am.*, 536 F. Supp. 3d 798, 801 (W.D. Wash. 2020) ("An individual attorney's practice of collecting documents whether paper or stored electronically is unique in every case and no one process would fit every collection. That said, what should be common practice is to collect and produce electronically stored evidence that is known to a party to be responsive to a discovery request or relevant to the subject matter of the action whether it was identified as responsive by the search protocols the parties adopted.").

[4] The Government has not provided any authority its purported "special showing of need" requirement for it search for email.

Brian Gross
July 29, 2026
Page 5 of 5



requested language suggests that the parties must search 'all company files' or 'all files from all employees,' the language is overbroad." *Id.* at *4-5. The court explained:

> Counsel for both parties must consult with their respective clients to understand which custodians and locations are likely to have relevant information whether or not responsive to its adversary's document requests. The parties can then determine the contours of a reasonable search, which may mean, just by way of example, eliminating custodians or locations with redundant information, eliminating sources that are inaccessible, or culling electronic information by date.

*Id.* at *5. *See also Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) ("[I]t must conduct a diligent search, which involves developing a reasonably comprehensive search strategy. Such a strategy might, for example, include identifying key employees and reviewing any of their files that are likely to be relevant to the claims in the litigation."). Dr. Maimon has sought to work with the Government in this regard. However, regardless of any agreement, RCFC 34 requires the Government to conduct a reasonable search. The Government's objection is inconsistent with this requirement and must be withdrawn.[5]

If the Government maintains this objection, Dr. Maimon will consider the parties to have reached an impasse regarding the Government's obligation to conduct a reasonable search for responsive electronically stored information, including email.

Very truly yours,

Meredith Martin Addy

---

[5] This includes the Government's assertion of this objection in response to Dr. Maimon's First Interrogatories.

# Exhibit E

PA0085

## James Hatten

| | |
|---|---|
| **From:** | Gross, Brian N. (CIV) <Brian.N.Gross@usdoj.gov> |
| **Sent:** | Friday, July 31, 2026 5:18 PM |
| **To:** | Meredith Addy; Johnson, Suzanne M (CIV); Hibnick, Margaret S (CIV) |
| **Cc:** | Charles Pannell; James Hatten; Sue Tucker; AH Maimon Litigation |
| **Subject:** | RE: Maimon v. U.S | Discovery Letter |

Meredith,

I will respond to your letter in a separate letter, but I write separately to address your request for proposed supplemental RFP language. As noted on the call, the Government disagrees with your characterization of its responses to the identified requests. However, in order to avoid burdening the Court with the issue, the Government will propose supplemental language. The Government will not be able to provide that language by your unilaterally imposed deadline of today. The Government will endeavor to provide that language next week. The Government does not consider the Parties at an impasse on this issue.

Best,
Brian

---

**From:** Meredith Addy <meredith@addyhart.com>
**Sent:** Wednesday, July 29, 2026 4:26 PM
**To:** Gross, Brian N. (CIV) <Brian.N.Gross@usdoj.gov>; Johnson, Suzanne M (CIV) <Suzanne.M.Johnson@usdoj.gov>; Hibnick, Margaret S (CIV) <Margaret.S.Hibnick@usdoj.gov>
**Cc:** Charles Pannell <cpannell@addyhart.com>; James Hatten <james@addyhart.com>; Sue Tucker <sue@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>
**Subject:** [EXTERNAL] Maimon v. U.S | Discovery Letter

Dear Brian:

Please see the attached letter.

Best regards,
Meredith



**MEREDITH MARTIN ADDY**
Partner
Atlanta | Chicago
+1 312·320·4200
www.addyhart.com




1

PA0086

# Exhibit F

PA0087

## UNITED STATES COURT OF FEDERAL CLAIMS

SHIMON MAIMON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 24-cv-1832 C

Chief Judge Matthew H. Solomson

## DEFENDANT UNITED STATES' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-17)

Defendant the United States ("the Government" or "Defendant") hereby objects and responds, pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), to Plaintiff Dr. Shimon Maimon's ("Maimon" or "Plaintiff") First Set of Interrogatories, dated January 16, 2026. The Government's discovery and investigation in connection with this case are ongoing. As a result, the Government's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in this response are subject to and without waiver of any right of the Government to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the Interrogatories; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or reviewed through further discovery and investigation.

## COMMENTS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The Government makes the following Objections to Plaintiff's Definitions and Instructions, which are incorporated into each specific response below as if repeated in each response.

PA0088

1.      The Government objects to Plaintiff's "Definitions and Instructions" to the extent that they purport to impose burdens and requirements upon the government that exceed or are inconsistent with the requirements of the RCFC and Court Orders.

2.      In certain instances herein, the Government identifies or produces certain documents. Such identification or production of such documents is not an admission that such documents are authentic, relevant, material or admissible at a hearing or trial of this action.

3.      The Government objects to each interrogatory to the extent that it seeks information that is protected by the attorney-client, work product, investigative information, common interest, joint defense, and/or consulting expert's privilege, national security restrictions, or which are otherwise immune from discovery pursuant to any applicable law or rule (collectively, "privileged information"). In providing these responses and objections, and in producing documents pursuant thereto, the Government does not waive, but instead intends to preserve, any objections based on privilege; national security information and restrictions; and proprietary and confidentiality information and restrictions.

4.      The Government objects to each interrogatory to the extent that it proports to cover activity barred by the statute of limitations, prior to November 7, 2018.

5.      The Government objects to Plaintiff's Definition No. A ("Accused Products") to the extent that it purports to encompass products other than those strictly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. The Government will respond on the basis that "Accused Products" refers to products specifically accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions: the infrared detector used in the Next Generation Distributed Aperture System (Next Gen DAS) for the F-35 Joint Strike Fighter; Javelin Lightweight Command Launch Unit (CLU); the infrared detector used in the Third

2

Generation FLIR B-Kit for the Abrams Tank, Bradley Fighting Vehicle, Next Generation Combat Vehicle (NGCV), and Optionally Manned Fighting Vehicle (OMFV); the infrared detector used in the Modern Target Acquisition Designation System/Pilot Night Vision System (MTADS/PNVS) used in the Apache and Future Attack Reconnaissance Aircraft (FARA); the infrared detector used in the MX-10 Adv. EO/IR for Shadow UAV and Vehicle-Agnostic Modular Palletized ISR Rocket Equipment Rocket System (VAMPIRE Rocket); the Wescam MX-GCS for BAE's Amphibious Combat Vehicles (ACV); the infrared detector used in the Shipboard Passive EO/IR (SPEIR) system using wide field of view (WFOV) and narrow field of view (NFOV) sensors; the infrared detector used in the FLIR Neutrino LC for the Future Tactical Unmanned Aircraft Systems (FTUAS); the Sparrow XBN for the Next Generation Handheld Targeting System (NGHTS); the infrared detector used in the focal plane arrays (FPAs) manufactured using HRL's III-V T2SL/nBn wafer designs for DARPA's Wafer-scale Infrared Detectors (WIRED) program; the infrared detector used in FPAS manufactured using HRL's III-V T2SL/nBn wafer designs for DARPA's Focal arrays for Curved Infrared Imagers (FOCII) program; the infrared detector used in the ThermoSight HISS-HID; JPL's Type 2 Strained Layer Superlattice (T2SLS) Hot Operating Temperature Barrier Infrared Detectors (HOT-BIRDs) used in the Hyperspectral Thermal Emission Spectrometer (HyTES), Hyperspectral Thermal Imager (HyTI), Compact Fire Infrared Radiance Spectral Tracker (c-FIRST), CubeSat Infrared Atmospheric Sounder (CIRAS), and Pyro-atmosphere Infrared Sounder (PIRS); and the HOT-BIRD T2SLS detectors manufactured and tested by JPL for the VISTA program.

6.    The Government objects to Plaintiff's Definition No. I ("Defendant," "the U.S. Government," "You," "Your," and "Yours") as well as any other definition, instruction, and/or request that requires an investigation of any department or agency of the United States other than

3

those specifically named or identified in the lawsuit as involved in the research, development, or procurement of an Accused Product, as being unduly burdensome and disproportionate to the needs of this case. For example, Plaintiff's Definition No. I purports to encompass "any department or agency" of the United States. This definition encompasses numerous agencies and departments that have missions with no relation whatsoever to the events at issue in the Second Amended Complaint and the locations of which are scattered across the nation and around the world. Accordingly, the Government will respond on the basis that "Defendant," "the U.S. Government," "You," "Your," and "Yours" mean the United States Department of the Army ("Army"), the United States Department of the Air Force ("Air Force"), the United States Department of the Navy ("Navy"), the United States Marine Corps ("Marine Corps"), the United States Defense Advanced Research Projects Agency ("DARPA"), the United States Customs and Border Patrol ("CBP"), the United States National Aeronautics and Space Administration ("NASA"), the United States Night Vision and Electronic Sensors Directorate ("NVESD"), and the United States Naval Research Laboratory ("NRL") (collectively the "Identified Departments, Agencies, and Divisions").

7. The Government objects to Plaintiff's Definition No. L ("Dr. Maimon's Companies") to the extent it is vague to the extent it requires the Government to define the scope on the basis of information that is not within the Government's possession, custody, or control. Therefore, the Government interprets this term as limited to the companies IR Solutions and nBn Technologies, LLC.

8. The Government objects to Plaintiff's Definition No. P ("Maimon Patents") to the extent it encompasses any foreign or domestic patent or application beyond those specifically identified or produced by Plaintiff to the Government. To date, Plaintiff has only identified the

4

following patents: United States Patent Nos. 7,687,871; RE48,642; 11,264,528; 11,462,657 and 11,817,522.

9.      The Government objects to Plaintiff's Definition No. Q ("nBn Technology") as impermissibly vague. Plaintiff's definition purports to encompass numerous other technologies beyond those explicitly defined as nBn as well as "other variations thereof." *See* Plaintiff's Definition No. Q ("Terminology ***commonly used*** with such technology ***includes, but is not limited*** to: barrier infrared detectors (BIRD); complementary barrier infrared detector (CBIRD); high operating temperature barrier infrared detector (HOTBIRD); high operating temperature III-V detectors; ***nBn***; XBn; pBp; type 2 superlattice (T2SL), and type 2 strained layer superlattice (T2SLS), 3rd Generation MWIR/LWIR, and HOT SWaP MWIR or LWIR, ***or variations thereof***.") (emphasis added).

10.     The Government objects to Plaintiff's Definition No. S ("possession") as overbroad and unduly burdensome to the extent that it purports to impose a burden that exceeds the Government's obligation under the Court's rules to provide a copy or description of all documents, ESI, and tangible things in its "possession, custody, or control." RCFC 26(a)(1)(a)(ii). Accordingly, the Government will respond on the basis that "possession" has a definition consistent with RCFC 26(a)(1)(a)(ii) and 34.

11.     The Government objects to Plaintiff's Definition No. T ("procurement") as vague to the extent it purports to encompass a definition broader than that in the statute. Accordingly, the Government will respond on the basis that "procurement" has a definition consistent with 41 U.S.C. § 111 and 41 U.S.C. § 131.

12.     The Government objects to Plaintiff's Definition No. X ("sale" or "sold") as vague and overbroad to the extent it includes multiple, inconsistent definitions of the word "sale" or

5

"sold." Accordingly, the Government will respond on the basis that "sale" or "sold" has its meaning under the Uniform Commercial Code, "passing of title from the seller to the buyer for a price." UCC § 2-106.

13.     The Government objects to each Interrogatory to the extent it calls for a legal conclusion or presents questions of law, including to the extent it calls for a legal conclusion, presents a legal question and/or is vague and ambiguous based on the use of any patent claim terms. Any responses or objections to Interrogatories are not admissions that any patent claim term has any particular meaning.

14.     The Government objects to each Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this proceeding. The Government's objections and responses are not intended and should not be construed as an acknowledgement of relevance.

15.     The Government objects to each Interrogatory to the extent that it seeks information that is not known or reasonably available to the Government, or that is not within the Government's possession, custody, or control, or calls for the Government to prepare documents and/or things that do not already exist. In responding to each Interrogatory, the Government understands the Interrogatory as seeking only information that is in the Government's possession, custody, or control and properly the subject of discovery.

16.     The Government objects to each Interrogatory to the extent it purports to require the Government to search electronic mail systems as unduly burdensome and not proportional to the needs of the case. The Government will not search electronic mail systems unless Plaintiff demonstrates a particularized need for such a search.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

6

PA0093

**INTERROGATORY NO. 1:**

Identify all products and/or systems (hereinafter, "product") used, procured, or manufactured by or for the Government that use nBn Technology. To be complete, your answer should individually identify for each product the name and identification number of the product; the type of product or component being identified (*e.g.*, camera, imaging system, cooler assembly, processor focal plane array (FPA), detector (single element or wafter); the date of manufacture, or procurement by the Government; the Government agencies and departments that manufactured or procure the product; any third parties that manufacture the product for the Government; and any further identifying information (*e.g.*, SKU's, part numbers, part names, drawing numbers) or program name (*e.g.,* F-35 DAS, Javelin, etc.) sufficient to allow identification of the specifications, drawings, designs, recipes, and manufacturing processes associated with the nBn Technology used in the products.

**RESPONSE TO ROG NO 1:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not

7

relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory as attempting to improperly shift Plaintiff's burden of proving infringement onto the Government. The Government objects to this request as premature to the extent it imposes an obligation on the Government to produce expert opinion or testimony before it is required to do so under the RCFC or the Court's Orders. The Government further objects to this Interrogatory to the extent it seeks classified information. Classified information cannot be disclosed in this proceeding.

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 2:**

For each product identified in response to Interrogatory No. 1, identify the extent to which the product uses the nBn Technology. To be complete, your answer should identify all components of the product identified (*e.g.*, camera, imaging system, cooler assembly, processor, focal plane array (FPA), detector (single element or wafer) that utilize nBn Technology; the quantity of nBn technology FPAs and detectors used in each product identified.

**RESPONSE TO ROG NO 2:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's

8

PA0095

definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory as improperly attempting to shift Plaintiff's burden of proving infringement onto the Government. The Government objects to this Interrogatory as vague and ambiguous with regard to the terms "the extent to which the product uses the nBn Technology," and "utilize nBn Technology." The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding the components of any product that do not contain any accused functionality. The Government further objects to this Interrogatory to the extent it seeks classified information. Classified information cannot be disclosed in this proceeding.

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 3:**

For each product identified in response to Interrogatory No. 1, describe how the product is used or has been used by the Government. To be complete, your answer should identify the

9

Government agencies and departments for each use, the name of any program and project associated with each use (*e.g.*, F-35 Distributed Aperture System, Navy SPEIR program, etc.), when each use began, whether the use is ongoing, and when each use ended or is expected to end.

**<u>RESPONSE TO ROG NO 3:</u>**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly identified in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory as improperly attempting to shift Plaintiff's burden of proving infringement onto the Government. The Government objects to this Interrogatory as vague and ambiguous with regard to the term "is used or has been used." The Government further objects to this Interrogatory to the extent it seeks classified information. Classified information cannot be disclosed in this proceeding.

10

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 4:**

Identify all research and development projects or programs utilizing nBn Technology conducted by or for the Government by any contractor, federally-funded institution, or person that supplies products, reports, prototypes, or other data and information concerning nBn Technology to the Government.  To be complete, your answer should identify for each project or program: the name and any other identifiers (*e.g.*, VISTA); the start and end dates of the project or program; any participating agency, department, group, institution, or third parties; a general description of the utilization of nBn Technology; and the extent to which the project generated any products, prototypes, or samples that utilize nBn Technology.

**RESPONSE TO ROG NO 4:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and not relevant to any claim or defense in this litigation. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not

11

relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government further objects to this Interrogatory to the extent it seeks classified information. Classified information cannot be disclosed in this proceeding. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding "research and development projects or programs utilizing nBn Technology conducted . . . by any contractor, federally-funded institution, or person that supplies products, reports, prototypes, or other data and information concerning nBn Technology to the Government." The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding "the extent to which the project generated any products, prototypes, or samples that utilize nBn Technology."

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 5:**

With regard to the products and projects identified in response to Interrogatory Nos. 1 and 4, identify the specifications or, in the event not available explicitly, information sufficient to determine the composition, characteristics, and structure of the semiconductor layering in the infrared detector and semiconductor wafers, including the following technical information where applicable:

12

a. The process and/or recipe for growing any semiconductor wafer or layers of semiconductor;

b. The material composition of each semiconductor layer;

c. The doping and charge density characteristics of each semiconductor layer;

d. The expected, predicted, or measured energy band characteristics of the detector and its semiconductor layers;

e. The type of infrared radiation detected (*e.g.,* shortwave infrared (SWIR), mid-wave infrared (MWIR), long-wave infrared (LWIR), dual color);

f. Physical characteristics and dimensions of any detectors including semiconductor layer thickness, etching depth, detector pitch and resolution; and

g. Wafer size;

h. Operating temperature of the infrared detector used in the product.

**RESPONSE TO ROG NO 5:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not

13

PA0100

relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory as improperly attempting to shift Plaintiff's burden of proving infringement onto the Government. The Government further objects to this Interrogatory to the extent it seeks classified information. Classified information cannot be disclosed in this proceeding.

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 6:**

With regard to the products and projects identified in response to Interrogatory Nos. 1 and 4, identify individually for each the cost to the government to acquire or manufacture any products or fund any such research and development projects.

**RESPONSE TO ROG NO 6:**

The Government objects to the Plaintiff's definition of "the government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology," which is incorporated from Interrogatories Nos. 1 and 4, as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks

14

information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. See supra Objection Nos. 5, 6. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activities that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this interrogatory as improperly attempting to shift Plaintiff's burden of proving infringement onto the Government. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding "the extent to which the project generated any products, prototypes, or samples that utilize nBn Technology."

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 7:**

For the agencies and departments of the Government identified in response to Interrogatory Nos. 1 and 3, describe the circumstances of when those agencies and departments first became aware of Dr. Maimon's contributions to nBn Technology and/or his patents. To be complete, your answer should identify dates those agencies and departments of the Government became aware of Dr. Maimon's work with nBn Technology and each asserted patent or patent application; who became aware; and the persons or entities that disclosed the information to those agencies and departments of the Government.

15

PA0102

**RESPONSE TO ROG NO 7:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this interrogatory as improperly attempting to shift Plaintiff's burden of proving infringement onto the Government. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding "when those agencies and departments first became aware of Dr. Maimon's contributions to nBn Technology and/or his patents." The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation as it seeks information regarding the Government's awareness of "Dr. Maimon's contributions to nBn Technology and/or his patent," which is not relevant to any claim or defense in this litigation.

16

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 8:**

Identify all communications regarding Dr. Maimon, Dr. Maimon's related companies (IR Solutions, nBn Technologies, and NetzVision) relating to the asserted patents, or his nBn infrared detector research and development that was to or from Government employees at the agencies and departments identified in response to Interrogatory Nos. 1 and 3 and at least the Department of Defense, Missile Defense Agency, NASA, JPL, Department of the Army, Department of the Navy, the Department of the Air Force, the U.S. Marine Corps, the Night Vision Electronic Sensors Directorate (NVESD) or Army Night Vision Lab, Naval Research Lab, Department of Homeland Security, and Customs and Border Patrol. To be complete, your response should identify the persons involved in such communications (both government employees and third parties), the date of such communications, the type of communication (*e.g.*, verbal, written, email, speech, conference presentation), the substance of that communication, and any written document or recorded form of the communication.

**RESPONSE TO ROG NO 8:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Dr.

17

Maimon's Companies" in this Interrogatory to the extent it requires the Government to define the scope on the basis of information that is not within the Government's possession and control. *See supra* Objection No. 7. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of the case to the extent it calls for "all communications" with no limitations on time and without further limitation on scope. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding the Government's awareness of "Dr. Maimon, Dr. Maimon's related companies (IR Solutions, nBn Technologies, and NetzVision) relating to the asserted patents, or his nBn infrared detector research and development," which is not relevant to any claim or defense in this litigation.

Subject to its objections, the Government states that information responsive to this Interrogatory can be determined by examining documents the Government has produced or will produce in this action and the burden of reviewing these records is substantially the same for the Government and Plaintiff; pursuant to Rule 33(d) of the Court of Federal Claims the Government identifies the following Bates range of documents from which the information may be obtained: US0005076–US0005112; US0005287–US0005291; US0005332–US0005336; US0005665–US0005687; US0005734–US0005775; US0006787–US0006791; US0006852–US0006859; US0006860–US0006861; US0006901–US0006902; US0007556–US0007591; US0007592–US0007636; US0007637–US0007700; US0007780–US0007794; US0007795–US0007796;

18

US0007797–US0007837; US0007838–US0007945; US0007946–US0007949; US0007950–US0007952; US0008484–US0008520; US0008521–US0008552; US0008567–US0008570; US0008571–US0008611; US0008638–US0008639; US0008641–US0008677; US0008678–US0008679; US0008680–US0008699; US0008700–US0008724; US0011051–US0011073; US0011074–US0011096; US0011097–US0011138; US0011139–US0011180.

**INTERROGATORY NO. 9:**

Identify any documents and information regarding nBn Technology obtained or suspected of being obtained from Dr. Maimon, Dr. Maimon's companies, Dr. Maimon's patents, or any documents and publications of Dr. Maimon by the Government or its contractors, subcontractors, or federally-funded institutions and persons. To be complete your answer should identify (a) the dates the information was received; (b) a description of the information received; (c) the identity of persons receiving such information; (d) how such information was received (*e.g.*, in person meetings, written communications, self-directed research).

**RESPONSE TO ROG NO 9:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Dr. Maimon's Companies" in this Interrogatory to the extent it requires the Government to define the scope on the basis of information that is not within the Government's possession and control. *See supra* Objection No. 7. The Government objects to this Interrogatory as being unduly

19

PA0106

burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory as vague and ambiguous with regard to the term "suspected of being obtained." The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding the Government's awareness of "documents and information regarding nBn Technology obtained or suspected of being obtained from Dr. Maimon, Dr. Maimon's companies, Dr. Maimon's patents, or any documents and publications of Dr. Maimon."

Subject to its objections, the Government states that information responsive to this Interrogatory can be determined by examining documents the Government has produced or will produce in this action and the burden of reviewing these records is substantially the same for the Government and Plaintiff; pursuant to Rule 33(d) of the Court of Federal Claims the Government identifies the following Bates range of documents from which the information may be obtained: US0005076–US0005112; US0005287–US0005291; US0005332–US0005336; US0005665–US0005687; US0005734–US0005775; US0006787–US0006791; US0006852–US0006859; US0006860–US0006861; US0006901–US0006902; US0007556–US0007591; US0007592–US0007636; US0007637–US0007700; US0007780–US0007794; US0007795–US0007796;

20

US0007797–US0007837; US0007838–US0007945; US0007946–US0007949; US0007950–US0007952; US0008484–US0008520; US0008521–US0008552; US0008567–US0008570; US0008571–US0008611; US0008638–US0008639; US0008641–US0008677; US0008678–US0008679; US0008680–US0008699; US0008700–US0008724; US0011051–US0011073; US0011074–US0011096; US0011097–US0011138; US0011139–US0011180.

**INTERROGATORY NO. 10:**

Identify any documents and communications the Government is aware of that relate to licensing, attempts to license, and suggestions to license or not license any patents or know-how to nBn Technology, including but not limited to any Maimon patent or patent applications, JPL Patents (*e.g.*, U.S. Patent Nos. 8,217,480; 8,928,036; 9,466,741, and their progeny), U.S. Military or NASA Patents (*e.g.*, U.S. Patent No. 10,468,540), by the Government or any other person or entity.

**RESPONSE TO ROG NO 10:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Dr. Maimon's Companies" in this Interrogatory to the extent it requires the Government to define the scope on the basis of information that is not within the Government's possession and control. *See supra* Objection No. 7. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or

21

defense in this case to the extent it seeks documents related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks "documents and communications" referring to or relating to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory as vague and ambiguous with regard to the terms "suggestions to license" and "know-how to nBn Technology." The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of the case to the extent it calls for "any documents and communications" with no limitations on time and without further limitation on scope. The Government objects to this Interrogatory to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control.

Subject to its objections, the Government states that information responsive to this Interrogatory can be determined by examining documents the Government has produced or will produce in this action and the burden of reviewing these records is substantially the same for the Government and Plaintiff; pursuant to Rule 33(d) of the Court of Federal Claims the Government identifies the following Bates range of documents from which the information may be obtained: US0004189–US0004193; US0005076–US0005112; US0005287–US0005291; US0005332–US0005336; US0005665–US0005687; US0005734–US0005775; US0006787–US0006791; US0006852–US0006859; US0006860–US0006861; US0006901–US0006902; US0007556–US0007591; US0007592–US0007636; US0007637–US0007700; US0007780–US0007794;

22

US0007795–US0007796; US0007797–US0007837; US0007838–US0007945; US0007946–US0007949; US0007950–US0007952; US0008484–US0008520; US0008521–US0008552; US0008567–US0008570; US0008571–US0008611; US0008638–US0008639; US0008641–US0008677; US0008678–US0008679; US0008680–US0008699; US0008700–US0008724; US0011051–US0011073; US0011074–US0011096; US0011097–US0011138; US0011139–US0011180.

**INTERROGATORY NO. 11:**

Identify all contracts, agreements, statements of work, memoranda of understanding, or similar documents with any person, entity, contractor, subcontractor, relating to the research, development, design, testing, procurement, manufacture, or sale of infrared detector prototypes, samples, or products using nBn Technology, including contracts relating to the sale, manufacture, or procurement of the Accused Products. To be complete, you should provide any identifying numbers (*e.g.*, contract numbers), the name of the parties involved, the dates of the agreement, any product names involved, and a description of the work to be performed.

**RESPONSE TO ROG NO 11:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to the Plaintiff's definition of "Accused Products" in this Interrogatory to the extent that it purports to encompass products

23

other than those specifically accused in the Second Amended Complaint and/or Plaintiff's

Infringement Contentions. *See supra* Objection No. 5. The Government objects to the Plaintiff's

definition of "sale/sold" in this Interrogatory to the extent that it includes multiple, inconsistent

definitions of the word "sale," and will define the term as described above. *See supra* Objection

No. 12. The Government objects to the Plaintiff's definition of "procurement" in this

Interrogatory to the extent that it purports to encompass a definition broader than that in the

statute. *See supra* Objection No. 11. The Government objects to this Interrogatory as being

unduly burdensome and disproportionate to the needs of this case and not relevant to any claim

or defense in this case to the extent it seeks information related to products or activity beyond

those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement

Contentions. *See supra* Objection Nos. 5, 6. The Government objects to this Interrogatory as not

relevant to any claim or defense in this litigation to the extent it seeks information regarding

products that were procured or activity that occurred prior to November 7, 2018. The

Government objects to this Interrogatory to the extent it seeks information that is publicly

available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control. The

Government objects to this Interrogatory to the extent it seeks information that is not in the

Government's possession, custody, or control. The Government objects to this Interrogatory as

vague and ambiguous with regard to the term "similar   documents." The Government will

interpret the Interrogatory to only encompass "contracts,  agreements,  statements  of  work, [or]

memoranda  of  understanding." The Government objects to this Interrogatory as being unduly

burdensome and disproportionate to the needs of this case and not relevant to any claim or

defense in this case to the extent it seeks information related to products not "used or

24

manufactured" by the Government or "for the Government and with the authorization or consent of the Government."

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 12:**

Describe all measures taken by the Government or its contractors to avoid or mitigate infringement of any claim of any Maimon patent, including but not limited to steps to design around any claims.

**RESPONSE TO ROG NO 12:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government objects to this Interrogatory as vague and ambiguous with regard to the term "mitigate." The Government objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or immunity; privileged documents created after the institution of this lawsuit will neither be produced nor logged. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to the activities of "contractors." The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory with regard to the term "any Maimon patent," and will interpret the term to mean only the asserted patents. *See* Objection No. 8.

25

PA0112

Subject to the Government's objections, the Government will not provide a response to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify any alternative or competing technologies that were considered in place of, replaced by, or replaced nBn Technology or the Maimon patented technology for any products used or manufactured by the Government and the basis for selection or non-selection of the technology.

**RESPONSE TO ROG NO 13:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, attorney work production doctrine, or any other applicable privilege or immunity; privileged documents created after the institution of this lawsuit will neither be produced nor logged. The Government objects to the Plaintiff's definition of "nBn Technology" and the terms "Maimon patented technology" and "alternative or competing technologies" in this Interrogatory as impermissibly vague. *See supra* Objection No. 9. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to this Interrogatory as improperly attempting to shift Plaintiff's burden of proving infringement onto

26

the Government. The Government further objects to this Interrogatory to the extent it seeks classified information. Classified information cannot be disclosed in this proceeding. The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6.

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 14:**

Describe any testing, demonstrations, or evaluations of nBn Technology, including any dates, locations, participants, suppliers of the Technology, and a description of the nBn Technology tested, demonstrated, or evaluated.

**RESPONSE TO ROG NO 14:**

The Government objects to this Interrogatory as being unduly burdensome and disproportionate to the needs of this case and not relevant to any claim or defense in this case to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to the Plaintiff's definition of "nBn Technology" in this Interrogatory as impermissibly vague. See *supra* Objection No. 9. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's

27

possession, custody, or control. The Government further objects to this Interrogatory to the extent it seeks classified information. Classified information cannot be disclosed in this proceeding. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding to products that were procured or activity that occurred prior to November 7, 2018.

Subject to the Government's objections, the Government will not respond to this Interrogatory as propounded. As explained in the letter dated February 6, 2026, the Government is willing to meet and confer to discuss the proper scope of this Interrogatory.

**INTERROGATORY NO. 15:**

Describe the financial details associated with the sale of each Accused Product or service to the Government from 2018 to present, including the product number, the quantity sold, the sales price, purchase price, net and gross profits by product model, the costs associated with the product or service by product model, and an explanation of how any such information was calculated or estimated.

**RESPONSE TO ROG NO 15:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. The Government will respond on the basis that the term "the Government" means the Identified Departments, Agencies, and Divisions. The Government objects to the Plaintiff's definition of "Accused Products" in this Interrogatory to the extent it seeks information related to products or activity beyond those expressly accused in the Second Amended Complaint and/or Plaintiff's Infringement Contentions. *See supra* Objection Nos. 5, 6. The Government objects to the Plaintiff's definition of "sale/sold" in this Interrogatory to the

28

extent that it includes multiple, inconsistent definitions of the word "sale," and will define the term as described above. *See supra* Objection No. 12. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding to products that were procured or activity that occurred prior to November 7, 2018. The Government objects to the terms "service" and "an explanation of how any such information was calculated or estimated" as impermissibly vague. The Government objects to this Interrogatory as not relevant to any claim or defense in this litigation to the extent it seeks information regarding the components of any product that do not contain any accused functionality.

Subject to its objections, the Government states that information responsive to this Interrogatory can be determined by examining documents the Government has produced or will produce in this action and the burden of reviewing these records is substantially the same for the Government and Plaintiff; pursuant to Rule 33(d) of the Court of Federal Claims the Government identifies the following Bates range of documents from which the information may be obtained: US0006928–US0006929; US0006943–US0006968; US0006969–US0006987; US0007231–US0007295; US0007305–US0007307; US0007466–US0007481; US0007482–US0007502; US0007503–US0007555; US0008012–US0008040; US0008284–US0008459; US0008460–US0008473; US0008474–US0008483; US0010394–US0010414; US0010415–US0010429; US0010430–US0010450; US0010451–US0010497; US0010498–US0010554; US0010555–US0010556; US0010566–US0010571; US0010572–US0010583; US0010584–US0010596; US0010597–US0010611; US0010612–US0010620; US0010621–US0010625; US0010626–US0010634; US0010635–US0010640; US0010641–US0010644; US0010645–US0010656; US0010657–US0010667; US0010668–US0010671; US0010672–US0010676; US0010677–

US0010683; US0010684–US0010696; US0010697–US0010800; US0010801–US0010821;

US0010822–US0010834; US0010835–US0010862; US0010863–US0010888; US0010889–

US0010898; US0010899–US0010906; US0010907–US0010912; US0010913–US0010918;

US0010919–US0010923; US0010924–US0010932; US0010933–US0010938; US0010939–

US0010941; US0010942–US0010951; US0010952–US0010960; US0010961–US0010967;

US0010968–US0010975; US0010976–US0010989; US0010990–US0010998.

**INTERROGATORY NO. 16:**

Explain the Government's contention that it has not infringed Maimon's patents-in-suit, including the identity of all facts, evidence, documentation, and basis to support its contention.

**RESPONSE TO ROG NO 16:**

The Government objects to this interrogatory as premature to the extent it imposes an obligation on the Government to produce expert opinion or testimony before it is required to do so under the RCFC or the Court's Orders. The Government further objects to this Interrogatory to the extent it requires the Government to disclose information subject to a privilege, work product or other protection, including as it pertains to "all facts, evidence, documentation, and basis" for the Government's non-infringement defenses and will not disclose such privileged and/or protected information. The Government objects to this Interrogatory as improperly attempting to shift Plaintiff's burden of proof onto the Government. For example, Plaintiff has yet to serve its Infringement Contentions. The Government objects to this Interrogatory as premature and unduly burdensome to the extent it requires the Government to "[e]xplain the Government's contention that it has not infringed Maimon's patents-in-suit" before document discovery is substantially complete and before the Government has had the opportunity to take relevant discovery. The

30

Government further objects to this Interrogatory to the extent it calls for a legal conclusion. If appropriate at all, the Government should not be required to respond to this contention interrogatory until after the production of expert reports which may render the Interrogatory moot or at least limit the need for response. *See BB&T Corp. v. United States,* 233 F.R.D. 447, 450 (M.D.N.C. 2006).

Subject to its objections, the Government responds that it will respond to this Interrogatory at the appropriate time, including after the Government has had the opportunity to review Plaintiff's infringement contentions and obtain any relevant discovery.

**INTERROGATORY NO. 17:**

Explain the Government's contentions in its Sixth and Seventh Defenses that Dr. Maimon's claims are barred by licensing or through discovery and invention in the employment or service of the United States, including the identity of all facts, evidence, documentation, and basis to support its contention.

**RESPONSE TO ROG NO 17:**

The Government objects to the Plaintiff's definition of "the Government" in this Interrogatory as being unduly burdensome and disproportionate to the needs of this case. *See supra* Objection No. 6. Defendant objects to this interrogatory as compound and containing multiple discrete subparts. *See Hernandez, Kroone, & Assocs., Inc. v. United States*, No. 07-165C, 2008 WL 4725433 (Fed. Cl. June 16, 2008). Specifically, the interrogatory includes at least two (2) discrete subparts, each of which constitutes a separate interrogatory counted against the limit of twenty-five (25) interrogatories allowed under the RCFC. The Government objects to this interrogatory as premature to the extent it imposes an obligation on the Government to produce expert opinion or testimony before it is required to do so under the RCFC or the Court's Orders.

31

The Government objects to this Interrogatory as premature and unduly burdensome to the extent it requires the Government to "[e]xplain the Government's contention that it has not infringed Maimon's patents-in-suit" before document discovery is substantially complete and before the Government has had the opportunity to take relevant discovery. The Government further objects to this Interrogatory to the extent it calls for a legal conclusion. If appropriate at all, the Government should not be required to respond to this contention interrogatory until after the production of expert reports which may render the Interrogatory moot or at least limit the need for response. *See BB&T Corp. v. United States,* 233 F.R.D. 447, 450 (M.D.N.C. 2006). The Government further objects to this Interrogatory to the extent it requires the Government to disclose information subject to a privilege, work product or other protection, including as it pertains to "all facts, evidence, documentation, and basis" for the Government's non-infringement defenses and will not disclose such privileged and/or protected information. The Government objects to this Interrogatory to the extent it seeks information that is not in the Government's possession, custody, or control. The Government objects to this Interrogatory to the extent it seeks information that is publicly available, equally available to Plaintiff, or within Plaintiff's possession, custody, or control.

Subject to its objections, the Government responds that any alleged use by the Government was licensed and that Plaintiff's claims are barred pursuant to the final proviso of subsection (a) of 28 U.S.C. § 1498 because of activity performed under Office of Naval Research Award No. N00014-03-1-0011. The Government further responds that information responsive to this Interrogatory can be determined by examining documents the Government has produced or will produce in this action and the burden of reviewing these records is substantially the same for the Government and Plaintiff; pursuant to Rule 33(d) of the Court of Federal Claims the Government

32

identifies the following Bates range of documents from which the information may be obtained:

US0005284–US0005286;  US0005287–US0005291;  US0005332–US0005336;  US0006787–US0006791.

PA0120

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:

*s/ Brian N. Gross*

MARGARET S. HIBNICK          BRIAN N. GROSS
SUZANNE M. JOHNSON           Senior Litigation Counsel
Department of Justice        Commercial Litigation Branch
                             Civil Division
                             Department of Justice
                             Washington, D.C. 20530

Dated: February 17, 2026

*Attorneys for the Defendant, the United
States*

34

PA0121

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of "DEFENDANT UNITED STATES' OBJECTIONS

AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-17)" was

sent via email this 17th day of February 2026 to:

Meredith Martin Addy
Charles A. Pannell, III
ADDYHART LLC
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
meredith@addyhart.com
cpannell@addyhart.com

s/ Brian N. Gross
BRIAN N. GROSS
Senior Litigation Counsel
Intellectual Property Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Brian N. Gross@usdoj.gov
Tel:   (202) 616-2236
Fax:   (202) 307-0345

COUNSEL FOR THE DEFENDANT,
THE UNITED STATES OF
AMERICA

PA0122

# Exhibit G

PA0123

**UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| SHIMON MAIMON, | No. 24-cv-1832 C |
| Plaintiff, | Judge Matthew H. Solomson |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

**NOTICE OF SUBPOENA TO CALIFORNIA INSTITUTE OF TECHNOLOGY (JPL)**

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, the Plaintiff intends to serve a Subpoena to Produce Documents, in the form attached hereto, on the California Institute of Technology d/b/a Jet Propulsion Laboratory on March 4, or as soon thereafter as service may be effectuated.

Dated:  March 4, 2026

Respectfully submitted:

/s/ *Meredith Martin Addy*

MEREDITH MARTIN ADDY
CHARLES A. PANNELL III
ADDYHART LLC
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
312.320.4200
meredith@addyhart.com
770.715.2020
cpannell@addyhart.com

*Attorneys for Plaintiff*
*Shimon Maimon*

1

PA0124

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent via email on the 4th day of March 2026 to:


Brian N. Gross brian.n.gross@usdoj.gov

Suzanne M. Johnson suzanne.m.johnson@usdoj.gov

Margaret S. Hibnick margaret.s.hibnick@usdoj.gov


/s/ *Meredith Martin Addy*

MEREDITH MARTIN ADDY

2

PA0125

**FORM 6C**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES**

# United States Court of Federal Claims

_____
_____
_____

*vs.*                                                    *No.* _____

*THE UNITED STATES*

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES**

To:  California Institute of Technology (d/b/a Jet Propulsion Laboratory)
_____1200 E. Califonia Blvd., Pasadena, CA 91125
_____**Service to Agent**: 1505 Corporation, CT Corporation System, 330 N. Brand Blvd, Glendale, CA

   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   See Attachment A

| Place: | Date and Time: |
|---|---|
|  |  |

   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

   The provisions of RCFC 45(d), relating to your protection as a person subject to a subpoena, and RCFC 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                        *CLERK OF COURT*
                                                       OR
_____          _____
     *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

NOTE – If the person served is neither a party nor a party's officer and the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the hearing or trial is more than 100 miles from the place where the person served resides, is employed, or transacts business in person, the person served may file a motion to quash the subpoena pursuant to RCFC 45(d)(3) unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel.  In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. § 1821)

210

PA0126

The name, address, telephone number, and e-mail of the attorney representing (*name of party*) ___Shimon Maimon_____
_____ , who issues or requests this subpoena, are: _____
_Charles A. Pannell, III and Meredith M. Addy,  AddyHart LLC, 10 Glenlake Parkway, Suite 130, Atlanta, GA 30328_
_e-mail: cpannell@addyhart.com, meredith@addyhart.com;  phone: 770-715-2020_____

---

## PROOF OF SERVICE

This subpoena for (*name of individual and title, if any*) ___CALIFORNIA INSTITUTE OF TECHNOLOGY_____ was received by me on (*date*) _____3/4/2026_____.

I personally served the subpoena on the individual at (*place*) _____
_____ on (*date*) _____; or

I left the subpoena at the individual's residence or usual place of abode with (*name*) _____,
_____, a person of suitable age and discretion who resides there,
on (*date*) _____, and mailed a copy to the individual's last known address; or

I served the subpoena on (*name of individual*) _ANGELICA BAUTISTA / CT Corporation Systems, Registered Agent_ who is designated by law to accept service of process on behalf of (*name of organization*) _____CALIFORNIA INSTITUTE OF

TECHNOLOGY_____ (*date*) _____3/5/2026_____; or

I returned the subpoena unexecuted because _____; or

Other (*specify*): _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____100 for travel and $_____ for services, for a total of $___100_____.

I declare under penalty of perjury that this information is true.

Server's signature _ _____

Date: _____3/9/2026_____

_____    *Printed name and title*

___Sterling Holt, RPS ___2022108796 Los Angeles County  254 N Lake Ave, #124, Pasadena ,Ca 91101_____ *Server's address*

Additional information regarding service, etc:
_____

RCFC 45.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)  *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)  *Command to Produce Materials or Permit Inspection.***

**(A)  *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)  *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms

211

PA0127

# Exhibit H

PA0128

## James Hatten

| | |
|---|---|
| **From:** | Charles Pannell |
| **Sent:** | Friday, May 29, 2026 3:54 PM |
| **To:** | Suzuki, Chiemi |
| **Cc:** | Meredith Addy; James Hatten |
| **Subject:** | Maimon v. United States Subpoena |

Chiemi, thank you for the call today.  I understand from the call that CalTech/JPL is not specifically withholding documents subject to the objections mentioned in your response.   It is our further understanding that you are working to produce documents and will attempt to start your rolling production process soon.

You noted secrecy issues with some documents and how the Government is handling those documents.  The protective order has classifications for certain types of documents and handling that include restricted, restricted attorneys eyes only, and export controlled classifications.   The Government has indicated that it is not producing "classified" documents but that it also has not identified classified documents to produce.  They have committed to letting us know if any classified documents are responsive to our request.

If you would like to discuss this with counsel for the Government in this case, you can reach out to Brian Gross at the DOJ who is assigned to this case.  His email is brian.n.gross@usdoj.gov and his telephone number is 202-616-2236.



**Chad Pannell**
Partner

Atlanta, Georgia
+1 770.715.2020
www.addyhart.com

# Exhibit I

PA0130

| | |
|---|---|
| **From:** | Suzuki, Chiemi |
| **To:** | Charles Pannell |
| **Subject:** | RE: Maimon v. US |
| **Date:** | Tuesday, July 14, 2026 8:00:33 PM |

Chad,

Thank you for the call on Monday.

As we discussed, the JPL custodians have identified documents responsive to the subpoena, but have informed that some of these documents are (1) ITAR controlled; (2) classified; or (3) under a Type-1 Secrecy Order.

Further collection, review, and production of the subset of documents that are classified or under a Type-1 Secrecy Order will require consultation with Government counsel, as we must obtain Government authorization or direction before we can proceed further with these documents. Any introduction that you can provide to Government counsel involved in the case that can assist JPL here would be appreciated.

Thank you.

Sincerely,
Chiemi


-----

**Chiemi D. Suzuki**

Associate General Counsel

California Institute of Technology / Jet Propulsion Laboratory

Office: (818) 393-6861

Cell: (626) 755-3322

E-mail: csuzuki@caltech.edu

**CaltechJPL**

*This message and any attached documents contain information from the California Institute of Technology Office of General Counsel that may be confidential and/or privileged. Information communicated to or from an attorney, including information communicated to or from anyone working at the direction of an attorney, to obtain or provide legal advice and/or information prepared by or for an attorney, is attorney-client privileged. The attorney-client privilege belongs to Caltech and can only be released at*

PA0131

*the specific direction of the Office of General Counsel. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Friday, July 10, 2026 11:16 AM
**To:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Subject:** Re: Maimon v. US

I have moved the call. We can discuss on Monday but I would like an update to where the production stands. The Government has filed a motion to strike contentions based on the assertion that we have not received documentation from third parties, so we need to report status to the Court.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Date:** Friday, July 10, 2026 at 12:10 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** RE: Maimon v. US

Chad,

I now have a conflict and cannot make our 10 AM Pacific/1 PM Eastern call time today. Can we move our call to Monday at 11 AM Pacific/2 PM Eastern?

Chiemi

-----

**Chiemi D. Suzuki**
Associate General Counsel
California Institute of Technology / Jet Propulsion Laboratory
Office: (818) 393-6861
Cell: (626) 755-3322
E-mail: csuzuki@caltech.edu



*This message and any attached documents contain information from the California Institute of Technology Office of General Counsel that may be confidential and/or privileged. Information communicated to or from an attorney, including information communicated to or from anyone working at the direction of an attorney, to obtain or provide legal advice and/or information prepared by or for an attorney, is attorney-client privileged. The attorney-client privilege belongs to Caltech and can only be released at the specific direction of the Office of General Counsel. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Thursday, July 9, 2026 10:03 AM
**To:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Subject:** Re: Maimon v. US

Yes, I just circulated an invite.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Date:** Thursday, July 9, 2026 at 1:00 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** RE: Maimon v. US
Does Friday at 10 AM Pacific/1 PM Eastern work for you?

-----
**Chiemi D. Suzuki**
Associate General Counsel
California Institute of Technology / Jet Propulsion Laboratory
Office: (818) 393-6861
Cell: (626) 755-3322
E-mail: csuzuki@caltech.edu

**Caltech JPL**

*This message and any attached documents contain information from the California Institute of Technology Office of General Counsel that may be confidential and/or privileged. Information communicated to or from an attorney, including information*

PA0133

*communicated to or from anyone working at the direction of an attorney, to obtain or provide legal advice and/or information prepared by or for an attorney, is attorney-client privileged.  The attorney-client privilege belongs to Caltech and can only be released at the specific direction of the Office of General Counsel.  If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Thursday, July 9, 2026 9:58 AM
**To:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Subject:** Re: Maimon v. US

Circling back on this.  When would you like to talk?

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** Charles Pannell <cpannell@addyhart.com>
**Date:** Tuesday, July 7, 2026 at 6:56 PM
**To:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Subject:** Re: Maimon v. US
Yes I am relatively free anytime.

Get Outlook for iOS

**From:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Sent:** Tuesday, 07 July 2026 18:54:22
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** Maimon v. US

Chad,

Are you available for a quick call on Maimon v. US this week? Thursday morning Pacific time, or Friday morning Pacific time would work best for me. Please let me know if you have some windows of availability then.

Chiemi

-----

**Chiemi D. Suzuki**

Associate General Counsel

California Institute of Technology / Jet Propulsion Laboratory

Office: (818) 393-6861

Cell: (626) 755-3322

E-mail: csuzuki@caltech.edu

**CaltechJPL**

*This message and any attached documents contain information from the California Institute of Technology Office of General Counsel that may be confidential and/or privileged. Information communicated to or from an attorney, including information communicated to or from anyone working at the direction of an attorney, to obtain or provide legal advice and/or information prepared by or for an attorney, is attorney-client privileged. The attorney-client privilege belongs to Caltech and can only be released at the specific direction of the Office of General Counsel. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

# Exhibit J

PA0136

**James Hatten**

| | |
|---|---|
| **From:** | Charles Pannell |
| **Sent:** | Wednesday, July 15, 2026 11:21 AM |
| **To:** | Suzuki, Chiemi; Brian Gross |
| **Cc:** | Meredith Addy; Hibnick, Margaret S (CIV); Johnson, Suzanne M (CIV); Sue Tucker; James Hatten |
| **Subject:** | Re: Maimon v. US |

Brian, JPL's attorney Chiemi Suzuki, copied here, has requested that I introduce you as a contact for the government in hopes of alleviating some concerns they are having among custodians about producing documents pursuant to our subpoena.  Her email is below.

Chiemi, Brian Gross is lead counsel for the DOJ on this litigation.  I have also copied his colleagues, Margaret Hibnick and Suzanne Johnson.

If there is anything I can assist with to move this forward, please let me know. Thank you

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Date:** Tuesday, July 14, 2026 at 8:00 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** RE: Maimon v. US

Chad,

Thank you for the call on Monday.

As we discussed, the JPL custodians have identified documents responsive to the subpoena, but have informed that some of these documents are (1) ITAR controlled; (2) classified; or (3) under a Type-1 Secrecy Order.

Further collection, review, and production of the subset of documents that are classified or under a Type-1 Secrecy Order will require consultation with Government counsel, as we must obtain Government authorization or direction before we can proceed further with these documents. Any introduction that you can provide to Government counsel involved in the case that can assist JPL here would be appreciated.

Thank you.

Sincerely,
Chiemi

-----
**Chiemi D. Suzuki**

1

PA0137

Associate General Counsel
California Institute of Technology / Jet Propulsion Laboratory
Office: (818) 393-6861
Cell: (626) 755-3322
E-mail: csuzuki@caltech.edu

**CaltechJPL**

*This message and any attached documents contain information from the California Institute of Technology Office of General Counsel that may be confidential and/or privileged. Information communicated to or from an attorney, including information communicated to or from anyone working at the direction of an attorney, to obtain or provide legal advice and/or information prepared by or for an attorney, is attorney-client privileged. The attorney-client privilege belongs to Caltech and can only be released at the specific direction of the Office of General Counsel. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Friday, July 10, 2026 11:16 AM
**To:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Subject:** Re: Maimon v. US

I have moved the call. We can discuss on Monday but I would like an update to where the production stands. The Government has filed a motion to strike contentions based on the assertion that we have not received documentation from third parties, so we need to report status to the Court.

Chad Pannell
cpannell@addyhart.com
770-715-2020

---

**From:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Date:** Friday, July 10, 2026 at 12:10 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** RE: Maimon v. US
Chad,

I now have a conflict and cannot make our 10 AM Pacific/1 PM Eastern call time today. Can we move our call to Monday at 11 AM Pacific/2 PM Eastern?

Chiemi

-----
**Chiemi D. Suzuki**
Associate General Counsel
California Institute of Technology / Jet Propulsion Laboratory
Office: (818) 393-6861
Cell: (626) 755-3322
E-mail: csuzuki@caltech.edu

2

PA0138

**Caltech JPL**

*This message and any attached documents contain information from the California Institute of Technology Office of General Counsel that may be confidential and/or privileged. Information communicated to or from an attorney, including information communicated to or from anyone working at the direction of an attorney, to obtain or provide legal advice and/or information prepared by or for an attorney, is attorney-client privileged. The attorney-client privilege belongs to Caltech and can only be released at the specific direction of the Office of General Counsel. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Thursday, July 9, 2026 10:03 AM
**To:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Subject:** Re: Maimon v. US

Yes, I just circulated an invite.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Date:** Thursday, July 9, 2026 at 1:00 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** RE: Maimon v. US
Does Friday at 10 AM Pacific/1 PM Eastern work for you?

-----
**Chiemi D. Suzuki**
Associate General Counsel
California Institute of Technology / Jet Propulsion Laboratory
Office: (818) 393-6861
Cell: (626) 755-3322
E-mail: csuzuki@caltech.edu

**Caltech JPL**

*This message and any attached documents contain information from the California Institute of Technology Office of General Counsel that may be confidential and/or privileged. Information communicated to or from an attorney, including information communicated to or from anyone working at the direction of an attorney, to obtain or provide legal advice and/or information prepared by or for an attorney, is attorney-client privileged. The attorney-client privilege belongs to Caltech and can only be released at the specific direction of the Office of General Counsel. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

PA0139

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Thursday, July 9, 2026 9:58 AM
**To:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Subject:** Re: Maimon v. US

Circling back on this.  When would you like to talk?

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** Charles Pannell <cpannell@addyhart.com>
**Date:** Tuesday, July 7, 2026 at 6:56 PM
**To:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Subject:** Re: Maimon v. US
Yes I am relatively free anytime.

Get Outlook for iOS

**From:** Suzuki, Chiemi <csuzuki@caltech.edu>
**Sent:** Tuesday, 07 July 2026 18:54:22
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** Maimon v. US

Chad,

Are you available for a quick call on Maimon v. US this week? Thursday morning Pacific time, or Friday morning Pacific time would work best for me. Please let me know if you have some windows of availability then.

Chiemi


-----
**Chiemi D. Suzuki**
Associate General Counsel
California Institute of Technology / Jet Propulsion Laboratory
Office: (818) 393-6861
Cell: (626) 755-3322
E-mail: csuzuki@caltech.edu

CaltechJPL

*This message and any attached documents contain information from the California Institute of Technology Office of General Counsel that may be confidential and/or privileged.  Information communicated to or from an attorney, including information communicated to or from anyone working at the direction of an attorney, to obtain or provide legal advice and/or information prepared by or for an attorney, is attorney-client privileged.  The attorney-client privilege belongs to Caltech and can only be released at the specific direction of the Office of General Counsel.  If you are not the intended recipient,*

4

PA0140

*you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

PA0141

# Exhibit K

PA0142

## VERIFIED RETURN OF SERVICE

**State of**                    **County of**                    **United State Court of Federal Claims Court**

Case Number: 24-CV-01832-MHS

Plaintiff: **SHIMON MAIMON**
vs.
Defendant: **THE UNITED STATES,**

For:
Robert Hart
ADDYHART P.C.
10 Glenlake Parkway
Suite 130
Atlanta, GA 30328

Received by Vause's Process Service on the 17th day of March, 2026 at 11:14 am to be served on **L3Harris Technologies, Inc. (d/b/a L-3Harris and/or L-3 Communications Cincinnati Electronics Corp.) c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301**.

I, Robyn Buda, do hereby affirm that on the **17th day of March, 2026** at **2:05 pm, I:**

Served by delivering in a corporate manner, a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES , ATTACHMENT A , ATTACHMENT B,  ATTACHMENT C** with the server's  identification number, initials, date, and hour of service endorsed thereon by me on the copy served to:  **ANDREW DRIGGERS, at the address of 1201 Hays Street, Tallahassee, FL 32301**who is employed by and is the Authorized Agent/Employee Authorized to accept service for **CORPORATION SERVICE COMPANY** as **Registered Agent for L3Harris Technologies, Inc. (d/b/a L-3Harris and/or L-3 Communications Cincinnati Electronics Corp.)**, and informed said person of the contents therein, in compliance with state statutes.

Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true. I am over the age of 18, of sound mind and neither a party to or interested in the above suit. Notary not required pursuant to F.S. 92.525

**Robyn Buda**
ID#247 2nd Circuit
3/17/2026
**Date**

**Vause's Process Service**
**P.O. Box 1777**
**Tallahassee, FL 32302-1777**
**(850) 656-2605**

Our Job Serial Number: VPS-2026002133

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

PA0143

# Exhibit L

PA0144

## Sue Tucker

| | |
|---|---|
| **From:** | Charles Pannell |
| **Sent:** | Friday, May 15, 2026 9:13 AM |
| **To:** | jennifer.loftin@L3Harris.com; Sue Tucker |
| **Subject:** | Re: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies |

Jennifer, after reviewing L3Harris's response and documents, do you have time to meet and confer on this an possibly update us on other document productions that may be coming next week?

While the response raises several objections, it is unclear from the response what L3Harris is and is not producing in response.  For several responses you ask us to see the produced documents, but only a handful have been produced.  Would like to get some clarity on these.

My schedule is relatively free next week except for Monday and Wednesday afternoons.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>
**Date:** Thursday, April 30, 2026 at 4:15 PM
**To:** Charles Pannell <cpannell@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** RE: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

For this batch, yes.

Thanks again.

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Thursday, April 30, 2026 4:13 PM
**To:** Loftin, Jennifer (US) - CHQ <jennifer.loftin@L3Harris.com>; Sue Tucker <sue@addyhart.com>
**Subject:** [EXTERNAL] Re: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

> **WARNING:** Email originated from an **EXTERNAL** source. Do NOT click links, open attachments or reply unless you recognize sender and know the content is safe.

Thanks. I believe we have them.  Looks like 15 documents and 104 pages in this batch.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>
**Date:** Thursday, April 30, 2026 at 2:43 PM
**To:** Charles Pannell <cpannell@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** RE: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies
Thanks.

1

I'm limited on how I can upload.  I just sent via a secure link to you.  If you have ANY issues, please let me know.

Thanks for your patience.

Jen

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Thursday, April 30, 2026 11:36 AM
**To:** Loftin, Jennifer (US) - CHQ <jennifer.loftin@L3Harris.com>; Sue Tucker <sue@addyhart.com>
**Subject:** [EXTERNAL] Re: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

**WARNING:** Email originated from an **EXTERNAL** source. Do NOT click links, open attachments or reply unless you recognize sender and know the content is safe.

Hi Jennifer, I got this email and an encrypted email.  This email 2 of 2 seems to have come through.  The 1 of 2 has not come through yet.  If it helps, I can have our paralegal, Sue, copied here send you a secure site where you can upload the documents.  One way that I typically use is to zip all the files together and put a password on that zip file.  I will then email or upload the zip file and send us the password in a separate email.

Sue, would you mind sending Jennifer a link to our external site where she can upload if needed.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>
**Date:** Thursday, April 30, 2026 at 11:22 AM
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** RE: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies
Please see the attached pursuant to the Protective Order in this matter and our objections and responses.

Email 2 of 2.

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Wednesday, April 29, 2026 4:38 PM
**To:** Loftin, Jennifer (US) - CHQ <jennifer.loftin@L3Harris.com>; Meredith Addy <meredith@addyhart.com>
**Subject:** [EXTERNAL] Re: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

**WARNING:** Email originated from an **EXTERNAL** source. Do NOT click links, open attachments or reply unless you recognize sender and know the content is safe.

Thank you for checking.  Yes, we are both US Persons.

Chad Pannell
cpannell@addyhart.com
770-715-2020

2

**From:** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>
**Date:** Wednesday, April 29, 2026 at 4:32 PM
**To:** Charles Pannell <cpannell@addyhart.com>; Meredith Addy <meredith@addyhart.com>
**Subject:** RE: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

Please see the attached objections and responses.  We are prepared to produced bates labeled documents (104 pages in this batch), but first, out of abundance of caution, need confirmation that you and Meredith meet the definition "U.S. Persons" as defined in 22 C.F.R. §120.15 as the documents are marked Export Control pursuant to the Protective order.

Please let me know if you have any questions.

Thanks
Jen

**Jennifer Loftin**
**Director**, **Litigation**
**CORPORATE HEADQUARTERS / L3HARRIS TECHNOLOGIES**
L3Harris.com / Jennifer.Loftin@L3Harris.com
1025 West NASA Blvd. / Melbourne, FL  32919

 **L3HARRIS®**

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Tuesday, April 21, 2026 3:13 PM
**To:** Loftin, Jennifer (US) - CHQ <jennifer.loftin@L3Harris.com>; Meredith Addy <meredith@addyhart.com>
**Subject:** [EXTERNAL] Re: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

**WARNING:** Email originated from an **EXTERNAL** source. Do NOT click links, open attachments or reply unless you recognize sender and know the content is safe.

Confirmed.  Thanks for the call.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>
**Date:** Tuesday, April 21, 2026 at 2:49 PM
**To:** Charles Pannell <cpannell@addyhart.com>, Meredith Addy <meredith@addyhart.com>
**Subject:** RE: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

Chad,

Thanks again for your time today.  We will get you our objections and responses on or before April 29, 2026.

We really appreciate you.

Jen

PA0147

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Friday, April 3, 2026 12:34 PM
**To:** Loftin, Jennifer (US) - CHQ <jennifer.loftin@L3Harris.com>; Meredith Addy <meredith@addyhart.com>
**Subject:** [EXTERNAL] Re: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

> **WARNING:** Email originated from an **EXTERNAL** source. Do NOT click links, open attachments or reply unless you recognize sender and know the content is safe.

Jennifer, at the request of a third party, we asked the court to amend the protective order to add paragraph 20 that provides protections for the production of documents and information that is ITAR/export controlled. I am attaching a copy of the new protective order in this case.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>
**Date:** Wednesday, March 25, 2026 at 1:03 PM
**To:** Meredith Addy <meredith@addyhart.com>, Charles Pannell <cpannell@addyhart.com>
**Subject:** RE: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies
Thank you so much!

**From:** Meredith Addy <meredith@addyhart.com>
**Sent:** Wednesday, March 25, 2026 1:02 PM
**To:** Loftin, Jennifer (US) - CHQ <jennifer.loftin@L3Harris.com>; Charles Pannell <cpannell@addyhart.com>
**Subject:** [EXTERNAL] Re: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

> **WARNING:** Email originated from an **EXTERNAL** source. Do NOT click links, open attachments or reply unless you recognize sender and know the content is safe.

Hi Jennifer:

Chad is in meetings today, but I can confirm that Dr. Maimon is OK with the extension.

Warmest regards,
Meredith

 

Meredith Martin Addy
+1 312 320 4200

**From:** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>
**Date:** Wednesday, March 25, 2026 at 1:00 PM
**To:** Charles Pannell <cpannell@addyhart.com>, Meredith Addy <meredith@addyhart.com>
**Subject:** RE: Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

PA0148

Chad,

Would you kindly confirm you are aligned with the extension?

Thanks again,
Jennifer

---

**From:** Loftin, Jennifer (US) - CHQ
**Sent:** Tuesday, March 24, 2026 3:56 PM
**To:** 'cpannell@addyhart.com' <cpannell@addyhart.com>; 'meredith@addyhart.com' <meredith@addyhart.com>
**Subject:** Shimon Maimon vs. The United States- Third Party Subpoena to L3Harris Technologies

Chad,

It was a pleasure speaking with you.

Thank you for the extension to respond and/or object to the third-party subpoena issued to L3Harris to on or before April 22, 2026.  We sincerely appreciate it.

If we need any of the exhibits, we will reach out to you as you suggested.  Also, I will reach out if we have any questions.

Again, thank you for the extension.  My contact information is below.

Jen

**Jennifer Loftin**
**Director, Counsel**
**Litigation**
**L3HARRIS TECHNOLOGIES**
m 1+ 321 339 9879
L3Harris.com / Jennifer.Loftin@L3Harris.com

CONFIDENTIALITY NOTICE: This email and any attachments are for the sole use of the intended recipient and may contain material that is proprietary, confidential, privileged or otherwise legally protected or restricted under applicable government laws. Any review, disclosure, distributing or other use without expressed permission of the sender is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies without reading, printing, or saving.

PA0149

# Exhibit M

PA0150



**CHAD PANNELL**
+1 770.715.2020
cpannell@addyhart.com

May 27, 2026

*Via Electronic Mail*

Jennifer Loftin
L3Harris Technologies
jennifer.loftin@L3Harris.com

**Re:** ***Shimon Maimon v. United States*, 1:24-cv-1832 (CFC)**
**L3Harris Subpoena**

Dear Jennifer:

Thank you for the call on May 21st to discuss with subpoena regarding the *Maimon v. United States* litigation.  Below is a list of our understanding from the call:

1.  It is our understanding that L3Harris is continuing to produce documents and drawings regarding nBn Technology it has manufactured or researched for the Government.  As noted on the phone, the current production has some helpful drawings, but it is unclear from the drawings what products or devices these go into and when.  It is also unclear the various components that may go with these devices (e.g., focal plane arrays, dewar coolers, camera components, etc.).

2.  We noted that in addition to the product design information, there appear to be specifications and tests performed on the devices with regard to dark current, quantum efficiency, voltage turn on (Von), energy bands, and IV curves as described at Request Nos. 15 and 21

3.  You indicated that L3Harris is still searching documents but due to retention policies may not have documents and communications dating back very far.

4.  You agreed to provide an update to your written response so that we can better understand what is being produced or what L3Harris does not have.  As noted on the phone it is unclear what is and is not being produced because the response

10 Glenridge Parkway, Suite 130, Atlanta, Georgia 30328

Atlanta     •     Austin     •     Chicago     •     Irvine

PA0151

Jennifer Loftin
May 27, 2026
Page 2 of 2



does not indicate.  While we will gladly reevaluate your response at that time, I can tell you that in addition to the information on the nBn Technology, we are particularly interested in receiving information on L3Harris's licensing around these products and any royalty payments and agreements and financial information on these products including costs of the components.

Please let me know if there is anything I have missed.  We look forward to your response and further production.

Regards,

Chad Pannell

PA0152

# Exhibit N

PA0153

 **Outlook**

## Maimon Third Party Subpoena to L3Harris

**From** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>

**Date** Mon 6/22/2026 12:00 PM

**To** cpannell@addyhart.com <cpannell@addyhart.com>

**Cc** cynthia.mccaskill@L3Harris.com <cynthia.mccaskill@L3Harris.com>

PA0154

Chad,

Great news!

Cynthia McCaskill joined L3Harris and is getting up to speed as it relates to the third-party subpoena sent to L3Harris.  She is copied here.

We are on track to send you an additional production shortly.

Jen

**Jennifer Loftin**
**Director**, **Litigation**
**CORPORATE HEADQUARTERS / L3HARRIS TECHNOLOGIES**
L3Harris.com / Jennifer.Loftin@L3Harris.com
1025 West NASA Blvd. / Melbourne, FL  32919

## L3HARRIS®

PA0155

CONFIDENTIALITY NOTICE: This email and any attachments are for the sole use of the intended recipient and may contain material that is proprietary, confidential, privileged or otherwise legally protected or restricted under applicable government laws. Any review, disclosure, distributing or other use without expressed permission of the sender is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies without reading, printing, or saving.

PA0156

# Exhibit O

 Outlook

---

## RE: Maimon Third Party Subpoena to L3Harris

---

**From** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>

**Date** Tue 7/14/2026 2:30 PM

**To** cpannell@addyhart.com <cpannell@addyhart.com>

**Cc** cynthia.mccaskill@L3Harris.com <cynthia.mccaskill@L3Harris.com>; Heather.Sandvick@L3Harris.com <Heather.Sandvick@L3Harris.com>

PA0158

Chad,

Thank you for your note.

We will send a production today with a fast follow related to testing data. We will send it via our secured transfer site due in part to size. Please let me know if you have any difficulties downloading.

Thanks again,
Jen

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Friday, July 10, 2026 2:17 PM
**To:** Loftin, Jennifer (US) - CHQ <jennifer.loftin@L3Harris.com>
**Cc:** McCaskill, Cynthia (US) - CHQ <cynthia.mccaskill@L3Harris.com>
**Subject:** [EXTERNAL] Re: Maimon Third Party Subpoena to L3Harris

> **WARNING:** Email originated from an **EXTERNAL** source. Do NOT click links, open attachments or reply unless you recognize sender and know the content is safe.

Jennifer and Cynthia, I hope you are doing well. It has been a couple of weeks since we last heard anything from L3Harris on this matter, and I must press for an update on the status of the production, what may be causing the delay, and when L3Harris will be able to provide documents. This week, the Government filed a motion to strike our infringement contentions based on the fact that we have not received sufficient document productions from third parties and so the urgency for such documents and the need to report status to the Court has increased significantly.

Please let me know by Tuesday, July 14 where this stands. Thank you

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** jennifer.loftin@L3Harris.com <jennifer.loftin@L3Harris.com>
**Date:** Monday, June 22, 2026 at 12:00 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** cynthia.mccaskill@L3Harris.com <cynthia.mccaskill@L3Harris.com>
**Subject:** Maimon Third Party Subpoena to L3Harris

Chad,

Great news!

Cynthia McCaskill joined L3Harris and is getting up to speed as it relates to the third-party subpoena sent to L3Harris. She is copied here.

We are on track to send you an additional production shortly.

Jen

**Jennifer Loftin**
**Director**, **Litigation**
**CORPORATE HEADQUARTERS / L3HARRIS TECHNOLOGIES**
L3Harris.com / Jennifer.Loftin@L3Harris.com
1025 West NASA Blvd. / Melbourne, FL  32919



CONFIDENTIALITY NOTICE: This email and any attachments are for the sole use of the intended recipient and may contain material that is proprietary, confidential, privileged or otherwise legally protected or restricted under applicable government laws. Any review, disclosure, distributing or other use without expressed permission of the sender is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies without reading, printing, or saving.

# Exhibit P

PA0161

**FORM 6C**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES**

# United States Court of Federal Claims

_____
_____
_____

         *vs.*                                      *No.* _____

THE UNITED STATES

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: _HRL Laboratories, LLC c/o Corporation Service Company which Will do business in California as CSC Lawyers Incorporating Service
_____2710 Gateway Oaks Drive, Suite 150N
_____Sacramento, CA  95833-3505

    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   See Attachment A

| Place: | Date and Time: |
|---|---|
|  |  |

    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

    The provisions of RCFC 45(d), relating to your protection as a person subject to a subpoena, and RCFC 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                   *CLERK OF COURT*

                               OR

_____       _____
   *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

_____
NOTE – If the person served is neither a party nor a party's officer and the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the hearing or trial is more than 100 miles from the place where the person served resides, is employed, or transacts business in person, the person served may file a motion to quash the subpoena pursuant to RCFC 45(d)(3) unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel.  In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. § 1821)

1

PA0162

The name, address, telephone number, and e-mail of the attorney representing (*name of party*) _____
_____ , who issues or requests this subpoena, are: _____
_____
_____

## PROOF OF SERVICE

This subpoena for (*name of individual and title, if any*) _____
was received by me on (*date*) _____ .

I personally served the subpoena on the individual at (*place*) _____
_____ on (*date*) _____ ; or

I left the subpoena at the individual's residence or usual place of abode with (*name*) _____ ,
_____ , a person of suitable age and discretion who resides there,
on (*date*) _____ , and mailed a copy to the individual's last known address; or

I served the subpoena on (*name of individual*) _____ who is designated by law to accept service
of process on behalf of (*name of organization*) _____ on
(*date*) _____ ; or

I returned the subpoena unexecuted because _____ ; or

Other (*specify*): _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding service, etc:
_____

RCFC 45.
**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms

2

PA0163

requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to comply beyond the limitations specified in RCFC 45(c);

   **(iii)** requires disclosure of privileged or other protected matter, if no exception of waiver applies; or

   **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in RCFC 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of RCFC 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

\* \* \* \* \*

**(g) Contempt.** The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

3

The name, address, telephone number, and e-mail of the attorney representing (*name of party*) _Shimon Maimon_____
_____ , who issues or requests this subpoena, are: _____

Charles A. Pannell, III and Meredith Addy, AddyHart LLC, 10 Glenlake Parkway, Suite 130, Atlanta, GA 30328

email: cpannell@addyhart.com, meredith@addyhart.com  Phone: 770-715-2020

## PROOF OF SERVICE

This subpoena for (*name of individual and title, if any*) ___HRL LABORATORIES LLC_____
was received by me on (*date*) ___03/24/26_____ .

☐ I personally served the subpoena on the individual at (*place*) _____
_____ on (*date*) _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with (*name*) _____,
_____ , a person of suitable age and discretion who resides there,
on (*date*) _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on (*name of individual*) __JOSH SWINDELL__ who is designated by law to accept service
of process on behalf of (*name of organization*) _AGENT FOR SERVICE- CSC LAWYERS, INC._____ on
(*date*) ___03/24/26_____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other (*specify*): _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true.

Date: _03/24/26_____          _____*Chastity Meyers*_____
                                         *Server's signature*

                              CHASTITY V. MEYERS- SACRAMENTO COUNTY
                              REGISTERED PROCESS SERVER 2012-045
                              _____
                                         *Printed name and title*
                                    LEGALESE ATTORNEY SERVICE, LLC
                                      930 ALHAMBRA BLVD, STE 270
                                        SACRAMENTO, CA 95816
                              _____
                                         *Server's address*

Additional information regarding service, etc:
_____

RCFC 45.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*

      **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

      **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms

2

PA0165

# Exhibit Q

PA0166



**CHAD PANNELL**
+1 770.715.2020
cpannell@addyhart.com

May 27, 2026

***Via Electronic Mail***

Preston Heard
Womble Bond Dickinson LLP
1331 Spring Street, NW
Suite 1400
Atlanta, GA 30309
Preston.Heard@wbd-us.com

**Re:    *Shimon Maimon v. United States*, 1:24-cv-1832 (CFC)**
        **HRL Subpoena**

Dear Preston:

Thank you for the call on May 22d to discuss with subpoena regarding the *Maimon v. United States* litigation.  Below is a list of our understanding from the call:

1.  It is our understanding that HRL has identified 2 cameras delivered to the Government under the WIRED Program and 2 focal plane arrays delivered to the Government. HRL is currently working to find documents related to the contracts and technology used in those devices.

2.  HRL has performed a search relating to Dr. Maimon and has found no documents related to him.

3.  You have requested information on additional products that HRL manufactures that utilize nBn Technology but your investigation is not complete.

4.  As stated on the phone, we believe any wafers, detectors, or FPAs researched and developed as part of the process to supply a product to the Government is potentially covered under 28 U.S.C. § 1498 under claims against the Government as it is work for the Government that they have at least implied their consent for HRL to manufacture. While only 4 devices were transferred to the Government, if

10 Glenridge Parkway, Suite 130, Atlanta, Georgia 30328

Atlanta          •          Austin          •          Chicago          •          Irvine

PA0167

Preston Heard
May 27, 2026
Page 2 of 2



there are underlying devices created for research and testing, they would be relevant to this case and information on them, including design information, quantities, research agreements should be produced.

5.  We also request that HRL update its written response at your earliest convenience so that we may have a clear picture of what HRL is producing and can produce.

Please let me know if there is anything I have missed.  We look forward to your response and production.

Regards,

Chad Pannell

PA0168

# Exhibit R

PA0169

**From:** Williams, Jace <Jace.Williams@wbd-us.com>
**Date:** Monday, June 22, 2026 at 1:53 PM
**To:** Charles Pannell <cpannell@addyhart.com>; Meredith Addy <meredith@addyhart.com>
**Cc:** Heard, Preston <Preston.Heard@wbd-us.com>; AH Maimon Litigation <maimon-lit@addyhart.com>
**Subject:** Maimon v. United States | HRL's Production in Response to Maimon's Subpoena

Counsel—

Here is a link to HRL Laboratories' document production in response to Maimon's Third-Party Subpoena: https://download.wbd-us.com/bds/login?id=A06141431405&p1=naj13yqsbhcfcfecfbgldckcgj20. Please note that these documents contain restricted technical information subject to the Protective Order.  The password to access HRL's production will follow by separate email.

Best Regards,

**Jace Williams**
Associate
Womble Bond Dickinson (US) LLP

**d:** 404-888-7351
**m:** 478-361-4290
**e:** Jace.Williams@wbd-us.com

1331 Spring Street, NW
Suite 1400
Atlanta, GA 30309



**womblebonddickinson.com**


PA0170

# Exhibit S

PA0171

**FORM 6C**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES**

# United States Court of Federal Claims

Shimon Maimon
_____
_____

*vs.*                                              *No.* 24-cv-01832-MHS

*THE UNITED STATES*

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR**
**OBJECTS OR TO PERMIT INSPECTION OF PREMISES**

To: RTX Corporation (d/b/a or f/k/a Raytheon and Raytheon Vision Systems)
1000 Wilson Blvd., Arlington, VA 22209-3927
**Service to Agent**: CT Corporation System, 4701 Cox Rd. Ste 285, Glen Allen, VA 23060-6808

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   See Attachment A

| Place: | Date and Time: |
|---|---|
| Cavalier, 8300 Arlington Blvd, Suite F3 Fairfax VA 22031 | March 27, 2026, 2PM (or other date and time agreed upon by parties) |

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of RCFC 45(d), relating to your protection as a person subject to a subpoena, and RCFC 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: March 10, 2026

*CLERK OF COURT*                              OR

_____             _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

NOTE – If the person served is neither a party nor a party's officer and the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the hearing or trial is more than 100 miles from the place where the person served resides, is employed, or transacts business in person, the person served may file a motion to quash the subpoena pursuant to RCFC 45(d)(3) unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel.  In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. § 1821)

1

PA0172

The name, address, telephone number, and e-mail of the attorney representing (*name of party*) _Shimon Maimon_____
_____, who issues or requests this subpoena, are: _____
Charles A. Pannell, III and Meredith Addy, AddyHart LLC, 10 Glenlake Parkway, Suite 130, Atlanta, GA 30328
email: cpannell@addyhart.com, meredith@addyhart.com  Phone: 770-715-2020

## PROOF OF SERVICE

This subpoena for (*name of individual and title, if any*) _____
was received by me on (*date*) _____.

I personally served the subpoena on the individual at (*place*) _____
_____ on (*date*) _____; or

I left the subpoena at the individual's residence or usual place of abode with (*name*) _____,
_____, a person of suitable age and discretion who resides there,
on (*date*) _____, and mailed a copy to the individual's last known address; or

I served the subpoena on (*name of individual*) _____ who is designated by law to accept service
of process on behalf of (*name of organization*) _____ on
(*date*) _____; or

I returned the subpoena unexecuted because _____; or

Other (*specify*): _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                   *Server's signature*

                                                   _____
                                                   *Printed name and title*

                                                   _____
                                                   *Server's address*

Additional information regarding service, etc:
_____

RCFC 45.
**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms

2

PA0173

requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    (i)  At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

    (ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court must quash or modify a subpoena that:

      (i)  fails to allow a reasonable time to comply;

      (ii)  requires a person who is neither a party nor a party's officer to comply beyond the limitations specified in RCFC 45(c);

      (iii)  requires disclosure of privileged or other protected matter, if no exception of waiver applies; or

      (iv)  subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

      (i)  disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in RCFC 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e)** **Duties in Responding to a Subpoena.**

    **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of RCFC 26(b)(2)(C). The court may specify conditions for the discovery.

    **(2)** *Claiming Privilege or Protection.*

    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

      (i)  expressly make the claim; and

      (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

\* \* \* \* \*

**(g)** **Contempt.** The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

3

PA0174

<u>Return of Service</u>

**UNITED STATES COURT OF FEDERAL CLAIMS**
**Office of the Special Masters**

Shimon Maimon                                                    Case Number: CL24-cv-01832-MHS
  Plaintiff

vs.

The United States
  Defendant

On behalf of:
AddyHart LLC
10 Glenlake Parkway, Suite 130
Atlanta, GA 30328

Received by Cavalier to be served on RTX Corporation (d/b/a or f/k/a Raytheon and Raytheon Visions Systems), Registered Agent: CT Corporation System, at 4701 Cox Road, Suite 285, Glen Allen, VA 23060.

I, William Showalter, being duly sworn, depose and say that on March 11, 2026 at or about 2:45 PM I served Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises with Attachments A-C personally to Lauren Phillips as authorized recipient for the registered agent of RTX Corporation (d/b/a or f/k/a Raytheon and Raytheon Visions Systems). Service occurred at 4701 Cox Road Suite 285 Glen Allen, VA 23060.

Physical Description of Person Served:
Age: 30s, Sex: Female, Race/Skin Color: White, Height: 5'10", Weight: 130, Hair: Brown, Glasses: No

I am a natural person over the age of eighteen and am not a party or otherwise interested in the subject matter in controversy. I am a private process server authorized to serve this process in accordance with relevant law. Under penalty of perjury, I declare that the foregoing is true and correct.

William Showalter                                     Date
Cavalier CPS
823-C S. King Street
Leesburg, VA 20175
(703) 431-7085

Our Job Number: 2026-158416

PA0175

# Service Authorization
# CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CTs capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:
   "Registered office and registered agent.
   A....
   B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

_**As such, neither CT Corporation System., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.**_

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Lauren Phillips    Charmane Cunningham    Jessica Fitzgerald    Alexus Mills

This authorization does not certify the receipt or acceptance of any specific process

Lauren Phillips
Fulfillment Associate
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lauren Phillips, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this ___11___ day of Oct, 2024.

Notary Public

QUINTINA L. BARTOLOMEI
NOTARY PUBLIC
REG. #360582
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 07/31/2026

PA0176

# Exhibit T

PA0177



**CHAD PANNELL**
+1 770.715.2020
cpannell@addyhart.com

April 29, 2026

*Via Electronic Mail*

Drew McElligott
Crowell & Moring LLP
amcelligott@crowell.com

**Re:    *Shimon Maimon v. United States*, 1:24-cv-1832 (CFC)
Raytheon Subpoena**

Dear Drew:

Thank you for the call on Wednesday, April 22 and your time to review the subpoena to the Raytheon Company.  I am writing here to confirm our discussion and follow up on some issues and explanations requested.

**RTX Subpoena**

First, your responses and objections indicate that the RTX subpoena has been withdrawn, however, that was not our intention.  As discussed, while we are willing to table RTX's compliance with the subpoena for now based on your representation that the relevant documents we seek on the Accused Products, nBn Technology, Dr. Maimon, agreements, procurement, research, and other requested document are in the possession of Raytheon Company rather than RTX, we would intend to assert the RTX subpoena if Raytheon Company does not have possession of the necessary information.

**Classified, Export Controlled, or Third Party Confidential Documents**

As discussed, Raytheon is not refusing to produce documents if they are classified, export controlled, or subject to confidentiality of other parties. It is our understanding from the call that Raytheon can identify export-controlled information subject to the protective order, thus resolving that issue.  Raytheon will also communicate to us if production of any classified information is necessary under the subpoena.  Finally, to the extent a relevant document may be subject to third party confidentiality concerns, Raytheon intends to request permission to disclose such documents with those third parties and will let us know if a third party is refusing production.

Drew McElligott
April 29, 2026
Page 2 of 5



### Pre-2018 Documents

At paragraph 11 of your general objections and throughout your specific objections, Raytheon indicated it would "limit its search to documents dating from no earlier than 2018". The specific objections further object and limit the response to "Accused Products procured by the Government from Raytheon since November 2018" (*See* Request Nos. 3, 5-9, 12, 16-17, 19-28). It is our understanding from the call that Raytheon is not refusing to produce documents prior to November 2018. As noted on the call, it is our understanding that Raytheon will produce documents prior to November 2018, but will not produce documents relating to prior products procured by the Government before November 2018. For example, Raytheon will produce research and development documents, contracts, sales, presentations, reports and other information related to accused products shipped after November 2018, even if those documents date to before November 2018.

### nBn Technology

Raytheon has also objected to the definition of "nBn Technology" and appears to limit it to an undisclosed "reasonable interpretation" in its general objections and simply to the Accused Products in its specific objections. During the call, we expressed that while documents on the Accused Products were certainly responsive, we are allowed discovery into other products that may not be accused, but are "reasonably similar" to the accused products and their functions. *See Cormack v. United States,* 117 Fed. Cl. 392, 405-06 (2014). This is especially true where the products are often maintained in confidence and publicly available information is limited. *See K-Tech Telecomms, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013).

Here, while we have attempted to identify all specific Raytheon infrared detection products using nBn Technology that have been publicly reported to be procured from the Government (e.g., F-35 DAS) or research conducted by Raytheon in developing or experimenting with such infrared architecture (e.g., VISTA), we are still entitled to discovery of reasonably similar devices that use the similar barrier architecture. Indeed, we have requested this information from the Government, but they have indicated they do not know the architecture of infrared detectors supplied by contractors such as Raytheon and have indicated we would need to make such inquiries via subpoenas.

In our subpoena, we provided a thorough and specific definition of "nBn Technology" that not only described the architecture of the semiconductor layering, but also provided the commonly-used names for such detectors in the industry. During our call, you asked us to provide a more detailed description of the nBn Technology we seek. As noted on the call, this of course includes infrared detectors and FPAs that use similar semiconductor barrier architecture as the Accused Products. To assist, I am providing the

PA0179

Drew McElligott
April 29, 2026
Page 3 of 5



infringement claim charts for Raytheon that were supplied to the Government earlier this month.

As noted on our call, there are several additional ways that Raytheon may be able to identify the relevant nBn technology in its products. First, Raytheon has identified cameras and infrared detections systems in its public literature. *See* Raytheon Technology Today, Issue 2, p. 14-19 (2019) (Dkt. 39-23) (describing uses of nBn technology in T2SLS products). Second, Raytheon patents and presentations by its employees (most notably David R. Rhiger and Edward Smith) not only provide energy band diagrams for the nBn detectors that we specifically accuse in the complaint, but also identify in the title slide the type of products and potential emerging technologies that use "nBn."[1] The nBn technology and research described by Raytheon in these patents and presentations are part of the accused technology. Thus, any detectors or products that embody the descriptions, designs, band diagrams, and research shown would be relevant.

Moreover, the Jet Propulsion Laboratory has reported that Raytheon has licensed HOT-BIRD barrier infrared detector patents for use in government applications.[2] While we do not know all the details of Raytheon's licensing activity, the JPL HOT-BIRD Patents are not only based on Dr. Maimon's nBn Technology, the patents explicitly incorporate Dr. Maimon's work by reference and JPL frequently credits Dr. Maimon's nBn technology as used in its T2SL and HOT BIRD work.[3] Thus, it is highly likely that, if Raytheon is paying

---

[1] *See* David R. Rhiger and Edward P. Smith, Paper and Presentation, Infrared absorption near the bandgap in the InAs/InAsSb superlattice, PROC. SPIE 11503, INFRARED SENSORS, DEVICES, AND APPLICATIONS X, 1150305 (9 September 2020) https://doi.org/10.1117/12.2569820; see also Dkt. 39-21 (Paper to 2020 Presentation); David R. Rhiger & Edward P. Smith, Conference Presentation, Valence band features affecting carrier transport in III-V superlattice nBn detectors, PROC. SPIE 10624, INFRARED TECHNOLOGY AND APPLICATIONS XLIV, 106240Q (14 May 2018) available at https://doi.org/10.1117/12.2312304 (also available at Dkt. 8-2); David R. Rhiger, *Near bandgap absorption and carrier transport in InAs/InAsSb superlattice devices*, PROC. SPIE 13046, INFRARED TECHNOLOGY AND APPLICATIONS L, 130460O (7 June 2024), https://doi.org/10.1117/12.3014943; U.S. Patent No. 9,536,917

[2] JPL's 2024 Microdevices Lab (MDL) Annual Report, p.50 available at https://microdevices.jpl.nasa.gov/interactivepdfs/pdf/2024%20MDL%20Annual%20Report.pdf (Dkt. 39-18)

[3] See U.S. Patent Nos. 8,217,480; 8,928,036; 9,466,741; Dkt. No. 39, Fig. 16 (citing Dkt. Nos. 39-8 and 39-11).

Drew McElligott
April 29, 2026
Page 4 of 5

ADDYHART

royalties or producing products that practice JPL's patents and work that it also practices Dr. Maimon's nBn Technology.

We encourage you to inquire with Raytheon's employees regarding such products and research for the Government that use the technology described as nBn in Raytheon's literature, presentations, papers, and patents, as well as the products that it licenses or pays royalties to for the JPL patents. We consider such products reasonably similar if not identical to the Accused Product technology. Please let us know that this description is helpful and will allow Raytheon to proceed with production and to identify other products and research for the Government beyond the specifically Accused Products.

## VISTA

Next, in our call we discussed Raytheon's work during the VISTA program that is accused in this case. While the Government has disclaimed that it ever authorized or consented to any research performed by Raytheon under VISTA (an issue the parties dispute and are investigating), the VISTA program and Raytheon's involvement still extended into 2022 and 2023. It is our understanding that VISTA members, such as Raytheon, would submit nBn FPAs to the Government and its Federally Funded Lab, JPL, for testing and evaluation.

Thus, such research and work for the Government under VISTA is directly relevant, however, Raytheon objects to many of the requests related to VISTA. *See* Responses to RFP Nos. 7-11. Please confirm that Raytheon will provide information on the VISTA program as it relates to research and development of products and prototypes for the Government and/or provided to JPL from November 2018 to present.

## Technical Details

On the call we also discussed the need for technical information in Request Nos. 15 and 21. We have attempted to limit this request to only the type of information we would need. We obviously do not know how Raytheon records the recipes, specifications, and data for its products, but the information requested is narrowly tailored to obtain information necessary to determine infringement. We will gladly work with Raytheon if it has questions about what documents may be sufficient or documents that Raytheon may provide to summarize the specifications and recipes for classes of products that can be confirmed through a deposition. But, at this time, please confirm Raytheon will provide documents sufficient to show the requested specifications, testing, and technical details of its products.

PA0181

Drew McElligott
April 29, 2026
Page 5 of 5



### Licenses, Agreements, Payments, and Procurement Information

In addition to the items discussed on our call, we also request that Raytheon provide documents sufficient to show any licenses or agreements relating to the products and research that use the nBn Technology, which have been in place since at least November of 2018 and any payments, product quantities under those licenses and agreements, as identified in Request Nos. 16-20, and 22. As noted previously, at least one license between JPL and Raytheon appears to relate directly to nBn technology and products that utilize Dr. Maimon's invention. Such licenses and agreements are not only relevant to what products may practice Dr. Maimon's invention but may be relevant to a reasonable royalty.

Similarly, agreements relating to Accused Products and research, including the extent of sales, costs, procurement, and supply of those products and their components remains relevant to damages. That information is responsive here because the Government indicates it does not know which of Raytheon's products are composed of nBn infrared detectors. Please confirm that Raytheon is not objecting to such production.

### Maimon Documents

Further, on our call we discussed the production of documents and information that relate to Dr. Maimon. It is our understanding that Raytheon will investigate to identify any documents or communications referencing Dr. Maimon or his work. As noted on the phone, Dr. Maimon is frequently cited for his work in nBn technology, and we view any such reference relevant to our damages inquiry, the identification of infringing products and research, and secondary considerations of copying, praise, and success that require a nexus to Dr. Maimon's invention.

***

Please let us know if there is anything we have missed or misunderstood from the discussion. We look forward to reviewing Raytheon's production.

Chad Pannell

Chad Pannell

PA0182

# Exhibit U

PA0183



**CHAD PANNELL**
+1 770.715.2020
cpannell@addyhart.com

May 8, 2026

*Via Electronic Mail*

Drew McElligott
Crowell & Moring LLP
amcelligott@crowell.com

**Re:**    *Shimon Maimon v. United States*, **1:24-cv-1832 (CFC)**
       **Raytheon Subpoena**

Dear Drew:

Thank you for the call yesterday, just as a follow up to summarize our agreement and follow up on specific tasks and requests. This letter is not meant to further recap on issues we already agreed to as summarized in my prior letter or Raytheon's response to the subpoena.

**nBn Technology**

It is our understanding that Raytheon is not limiting the term "nBn Technology" or its responses to only the specifically Accused Products in the underlying complaint in this case and has agreed to search for requested documents and information on products and research more broadly.  Specifically, Raytheon is investigating and agreed to produce information on VISTA and the infrared detector technology, products, and prototypes at Raytheon that is similar to the infrared detectors in the Accused Products or resulted or branched from that VISTA research.

**Technical Information**

Additionally, I agreed to review the technical information we need about the nBn Technology detectors and attempt to describe in a more functional way what type of information we need.  Upon review, we need documents that are sufficient to show:

**For the detector semiconductor material**:
1. The type of semiconductor material in each layer of the detector (e.g., InAs/InAsSb, AlAsSb) and the percentages of the elements used in that material (e.g. 18% Sb);

10 Glenridge Parkway, Suite 130, Atlanta, Georgia 30328

Atlanta    •    Austin    •    Chicago    •    Irvine

PA0184

Drew McElligott
May 8, 2026
Page 2 of 3



2. The charge density characteristic of each layer (e.g., n-type, p-type, or specific measurements of charge density);
3. What, if any, dopants (e.g., beryllium, silicon) are added intentionally or unintentionally for each layer and the amounts and purpose of dopants added that is often found in recipes and notes for the semiconductor growth;
4. Thickness of each semiconductor layer;
5. Type of infrared radiation intended to detect (e.g. shortwave, midwave, longwave, dual band, dual color);
6. Energy band and bandgap characteristics (estimated or actual) for the detector layers – examples of energy band diagrams we typically see are shown in multiple places in our complaint and in Raytheon's patent as we noted in Request No. 21.

**For the arrays of photodetectors and FPAs**:
1. Detector array size and resolution;
2. Depth of the separation between each pixel – this is typically an analysis of how deep the etching in the detector array goes, the layers etched, and whether the etching goes completely through a layer;
3. Detector Pitch;
4. Operating temperature of the FPA or detector.

**We also need to assess data/testing sufficient to show the following measurements for the wafer or FPA design**:
1. Current/Voltage measurements change compared to other characteristics such as temperature , light, dark, and quantum efficiency usually referred to as I-V curves;
2. Turn on voltage;
3. Dark Current

We would also expect to receive documents that at least describe or show in some sense how the detectors and FPA are used in the system with other components of the larger camera system.  For example, drawings of the system components that show:
1. How many FPAs or detectors in a device?
2. Where they are located, what they are attached to, and arranged (e.g., attached to a motherboard/circuitry inside a sealed dewar that is cooled with a microcooler)

<u>Licenses, Agreements, Payments and Procurement Information</u>

It was my understanding from the call that Raytheon is investigating and plans to produce any licenses and agreements related to the Accused Products and nBn Technology, including the license to JPL and the products and payments attributable to such agreements. Similarly, Raytheon will investigate and produce documents sufficient to show the sales, procurement, and supply of the products and will search of and produce

Drew McElligott
May 8, 2026
Page 3 of 3



any costs or pricing of the products and components of these devices to the extent they exist.

## Maimon Documents

As per our last conversation, it is our further understanding the Raytheon is investigating and will produce documents and communications referencing Dr. Maimon or his work to the extent they exist and are not privileged.

## Additional Items

On the call you requested the presentations and papers of my previous letter at footnote 1. I am attaching a copy of those papers and presentations that I have.  They are attached with this letter.

Furthermore, as I requested on the phone, it might be helpful to update your objections and responses and/or verify what is and is not being searched for and produced to prevent and misunderstandings.

We look forward to your production on June 5, 2026.  If there is anything further you require, please let me know.


Regards,

Chad Pannell

PA0186

# Exhibit V

## Sue Tucker

| | |
|---|---|
| **From:** | McElligott, Andrew <AMcElligott@crowell.com> |
| **Sent:** | Friday, June 5, 2026 5:56 PM |
| **To:** | Charles Pannell |
| **Cc:** | Meredith Addy; AH Maimon Litigation; Sue Tucker |
| **Subject:** | RE: Maimon v. United States - Raytheon Company Subpoena |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Hi Chad,

I hope you are doing well. I am writing to advise you that, unfortunately, Raytheon will not be in a position to produce documents today as previously discussed.

Raytheon has diligently worked to respond to the subpoena and believes it has substantially completed its reasonable search for responsive materials. However, Raytheon is still in the process of conducting its document review, assessing and clearing applicable third-party confidentiality obligations, and evaluating whether the production of certain materials should be coordinated with the U.S. Government, given the sensitivity of certain documents that fall within the scope of your client's requests. As you can appreciate, some of these hurdles are not entirely within Raytheon's control, and we want to ensure that the production is handled appropriately.

Raytheon hopes to resolve these issues as expeditiously as possible, at which point it will proceed with providing responsive materials to your client. In the meantime, we anticipate being in a position to provide the updated response to the subpoena you requested by early next week.

Based on our review of the Court's May 20 scheduling order in the case, which does not establish a deadline for the close of fact discovery or for the service of final infringement contentions, it appears that there is sufficient time to permit Raytheon to complete its review and obtain any necessary clearances without prejudicing your client's case.

I am happy to discuss any of this further on a call next week, if you would like.

Thank you for your understanding.

Best regards,

Drew

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Tuesday, May 5, 2026 5:26 PM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker

1

PA0188

<sue@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Per our call yesterday, the client is fine with June 5 production date.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** McElligott, Andrew <AMcElligott@crowell.com>
**Date:** Wednesday, April 29, 2026 at 5:57 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** RE: Maimon v. United States - Raytheon Company Subpoena

Chad,

We received the email with attachments.

Drew

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Wednesday, April 29, 2026 4:30 PM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Drew, attached is a letter summarizing the call and issues we discussed.  I am also attached infringement contention charts as noted in the letter but they are quite large.  If you could please let me know they came through it would be appreciated. Thank you

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** McElligott, Andrew <AMcElligott@crowell.com>
**Date:** Monday, April 20, 2026 at 10:29 AM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** RE: Maimon v. United States - Raytheon Company Subpoena
That works great.  Thanks, Chad.

Drew

2

PA0189

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Monday, April 20, 2026 9:26 AM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Sounds good.  I just sent you an invite for 2PM.

Chad Pannell
cpannell@addyhart.com
770-715-2020

---

**From:** McElligott, Andrew <AMcElligott@crowell.com>
**Date:** Friday, April 17, 2026 at 3:59 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** RE: Maimon v. United States - Raytheon Company Subpoena

Hi Chad,

Looks like next Wednesday would be the best chance for our schedules to align. I'm generally available that day between 11 am and 5pm ET.

Drew

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Friday, April 17, 2026 8:33 AM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Thanks Drew,

Your objections frequently suggest meeting and conferring on many of this topics.  Is there a time we could meet on a call next week to discuss?  I am generally free next week except for late Tuesday afternoon and most of the day on Thursday.

Chad Pannell
cpannell@addyhart.com
770-715-2020

3

**From:** McElligott, Andrew <<u>AMcElligott@crowell.com</u>>
**Date:** Wednesday, April 15, 2026 at 7:57 PM
**To:** Charles Pannell <<u>cpannell@addyhart.com</u>>
**Cc:** Meredith Addy <<u>meredith@addyhart.com</u>>
**Subject:** Maimon v. United States - Raytheon Company Subpoena

Chad,

Attached please find Raytheon Company's Response to Plaintiff's Third-Party Subpoena To Produce Documents.

Best regards,

Drew

**Drew McElligott**
<u>amcelligott@crowell.com</u>
+1.312.840.3278 direct

Crowell & Moring LLP
300 N. LaSalle Drive
Suite 2500
Chicago, IL 60654

# Crowell

**Collaboration Powers Success**

<u>crowell.com</u>

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or <u>postmaster@crowell.com</u>) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

4

PA0191

# Exhibit W

PA0192

**Sue Tucker**

| | |
|---|---|
| **From:** | McElligott, Andrew <AMcElligott@crowell.com> |
| **Sent:** | Tuesday, July 14, 2026 7:17 PM |
| **To:** | Charles Pannell |
| **Cc:** | Meredith Addy; AH Maimon Litigation; Sue Tucker |
| **Subject:** | RE: Maimon v. United States - Raytheon Company Subpoena |

Hi Charles,

We believe the document collection is complete, but we are still in the process of reviewing it and identifying the full universe of responsive documents. As I previously mentioned, we were also evaluating whether the production of certain materials should be coordinated with the U.S. Government. We have since reached out to the Government on this issue and learned that certain Government groups were likewise concerned about what materials may be produced. We are in the process of working with these Government groups now to understand how to best clear documents and make sure that we do not run afoul of any laws or agreements with the Government.

I will need to check-in with my client regarding the status of certain thing before I could provide you a date to complete the production. I have not been able to do that since your Friday email.

Best,

Drew

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Friday, July 10, 2026 1:17 PM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Andrew, it has been over a month since Raytheon agreed to produce documents and since you informed us that it was still in the process of review and coordination with third parties and the Government. I am afraid that I must insist now on a date by which Raytheon will produce documents and what is causing this delay. Please let me know by Tuesday, July 14 the status of your document collection efforts, the causes of such delay, and the date by which you anticipate Raytheon will complete this production. Thank you.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** Charles Pannell <cpannell@addyhart.com>
**Date:** Friday, June 5, 2026 at 6:08 PM

PA0193

**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Thanks Drew.  Please update us when you can.  At present, I am not sure I can agree that the open ended discovery period is a basis to assert lack of prejudice as there are lots of moving parts here and depending upon what we receive may prompt further third-party discovery or follow up discovery to the Government.  Furthermore, this Court does not have a procedure in the rules to serve final contentions and the Government is demanding such contentions now.  That said, I appreciate the update and understand the position.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** McElligott, Andrew <AMcElligott@crowell.com>
**Date:** Friday, June 5, 2026 at 5:56 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** RE: Maimon v. United States - Raytheon Company Subpoena

Hi Chad,

I hope you are doing well. I am writing to advise you that, unfortunately, Raytheon will not be in a position to produce documents today as previously discussed.

Raytheon has diligently worked to respond to the subpoena and believes it has substantially completed its reasonable search for responsive materials. However, Raytheon is still in the process of conducting its document review, assessing and clearing applicable third-party confidentiality obligations, and evaluating whether the production of certain materials should be coordinated with the U.S. Government, given the sensitivity of certain documents that fall within the scope of your client's requests. As you can appreciate, some of these hurdles are not entirely within Raytheon's control, and we want to ensure that the production is handled appropriately.

Raytheon hopes to resolve these issues as expeditiously as possible, at which point it will proceed with providing responsive materials to your client. In the meantime, we anticipate being in a position to provide the updated response to the subpoena you requested by early next week.

Based on our review of the Court's May 20 scheduling order in the case, which does not establish a deadline for the close of fact discovery or for the service of final infringement contentions, it appears that there is sufficient time to permit Raytheon to complete its review and obtain any necessary clearances without prejudicing your client's case.

I am happy to discuss any of this further on a call next week, if you would like.

Thank you for your understanding.

Best regards,

Drew

PA0194

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Tuesday, May 5, 2026 5:26 PM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Per our call yesterday, the client is fine with June 5 production date.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** McElligott, Andrew <AMcElligott@crowell.com>
**Date:** Wednesday, April 29, 2026 at 5:57 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** RE: Maimon v. United States - Raytheon Company Subpoena

Chad,

We received the email with attachments.

Drew

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Wednesday, April 29, 2026 4:30 PM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Sue Tucker <sue@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Drew, attached is a letter summarizing the call and issues we discussed.  I am also attached infringement contention charts as noted in the letter but they are quite large.  If you could please let me know they came through it would be appreciated. Thank you

Chad Pannell
cpannell@addyhart.com

3

PA0195

770-715-2020

**From:** McElligott, Andrew <AMcElligott@crowell.com>
**Date:** Monday, April 20, 2026 at 10:29 AM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** RE: Maimon v. United States - Raytheon Company Subpoena

That works great.  Thanks, Chad.

Drew

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Monday, April 20, 2026 9:26 AM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

Sounds good.  I just sent you an invite for 2PM.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** McElligott, Andrew <AMcElligott@crowell.com>
**Date:** Friday, April 17, 2026 at 3:59 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** RE: Maimon v. United States - Raytheon Company Subpoena

Hi Chad,

Looks like next Wednesday would be the best chance for our schedules to align. I'm generally available that day between 11 am and 5pm ET.

Drew

**Drew McElligott**
Crowell & Moring LLP
amcelligott@crowell.com
+1.312.840.3278 direct

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Friday, April 17, 2026 8:33 AM
**To:** McElligott, Andrew <AMcElligott@crowell.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** Re: Maimon v. United States - Raytheon Company Subpoena

PA0196

Thanks Drew,

Your objections frequently suggest meeting and conferring on many of this topics.  Is there a time we could meet on a call next week to discuss?  I am generally free next week except for late Tuesday afternoon and most of the day on Thursday.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** McElligott, Andrew <AMcElligott@crowell.com>
**Date:** Wednesday, April 15, 2026 at 7:57 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Cc:** Meredith Addy <meredith@addyhart.com>
**Subject:** Maimon v. United States - Raytheon Company Subpoena

Chad,

Attached please find Raytheon Company's Response to Plaintiff's Third-Party Subpoena To Produce Documents.

Best regards,

Drew

**Drew McElligott**
amcelligott@crowell.com
+1.312.840.3278 direct

Crowell & Moring LLP
300 N. LaSalle Drive
Suite 2500
Chicago, IL 60654

# Crowell

**Collaboration Powers Success**

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

5

PA0197

# Exhibit X

PA0198

**FORM 6C**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES**

# United States Court of Federal Claims

Shimon Maimon
_____
_____

*vs.*                                                    *No.* 24-cv-01832-MHS

*THE UNITED STATES*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: _Teledyne Technologies Incorporated
_____1049 Camino Dos Rios, Thousand Oaks, CA 91360
_____**Service to Agent** Cogency Global Inc., 1325 J St., Suite 1550, Sacremento, CA 95814

   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:    See Attachment A

| Place: | Date and Time: |
|---|---|
| AddyHart LLC, 5151 California Ave., Suite 100, Irvine, CA 92617 | April 6, 2026, 2PM (or other date and time agreed upon by parties) |

   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

   The provisions of RCFC 45(d), relating to your protection as a person subject to a subpoena, and RCFC 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: March 20, 2026
_____

                              *CLERK OF COURT*

                                                    OR

                              _____            _____
                              *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

_____
NOTE – If the person served is neither a party nor a party's officer and the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the hearing or trial is more than 100 miles from the place where the person served resides, is employed, or transacts business in person, the person served may file a motion to quash the subpoena pursuant to RCFC 45(d)(3) unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel.  In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. § 1821)

1

PA0199

The name, address, telephone number, and e-mail of the attorney representing (*name of party*) Shimon Maimon _____, who issues or requests this subpoena, are: _____

Charles A. Pannell, III and Meredith Addy, AddyHart LLC, 10 Glenlake Parkway, Suite 130, Atlanta, GA 30328

email: cpannell@addyhart.com, meredith@addyhart.com  Phone: 770-715-2020

## PROOF OF SERVICE

This subpoena for (*name of individual and title, if any*) Teledyne Technologies Incorporated _____
was received by me on (*date*) 03/20/26 _____.

I personally served the subpoena on the individual at (*place*) _____
_____ on (*date*) _____ ; or

I left the subpoena at the individual's residence or usual place of abode with (*name*) _____,
_____, a person of suitable age and discretion who resides there,
on (*date*) _____, and mailed a copy to the individual's last known address; or

I served the subpoena on (*name of individual*) Bee Vang _____ who is designated by law to accept service
of process on behalf of (*name of organization*) Cogency Global, Inc. _____ on
(*date*) 03/20/26 ; or

I returned the subpoena unexecuted because _____ ; or

Other (*specify*): _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: 03/20/26 _____

*Destini Rose V. Simpson*
*Server's signature*
Destini Rose V. Simpson Sacramento County
Registered Process Server 2024-055
_____

*Printed name and title*
Legalese Attorney Service, LLC
930 Alhambra Blvd, Ste 270
Sacramento, CA 95816
_____

*Server's address*

Additional information regarding service, etc:
_____

RCFC 45.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms

2

PA0200

# Exhibit Y

PA0201



**CHAD PANNELL**
+1 770.715.2020
cpannell@addyhart.com

May 27, 2026

*Via Electronic Mail*

Doug Winnard
Goldman Ismail Tomaselli Brennan & Baum LLP
191 N. Wacker Dr., Suite 3000,
Chicago, IL 60606
dwinnard@goldmanismail.com

**Re:** *Shimon Maimon v. United States*, **1:24-cv-1832 (CFC)**
**Teledyne Subpoena**

Dear Doug:

Thank you for the call on May 14th to discuss with subpoena regarding the *Maimon v. United States* litigation. Below is a list of our understanding from the call:

1. Teledyne is still investigating the products, research, and prototypes for the Government that use nBn Technology. Although Teledyne-FLIR intends to produce documents on nBn Technology products other than simply the Teledyne-FLIR products named in the complaint, it has limited visibility into what products are being manufactured for the Government. During our call you indicated that Teledyne may contact the Government in order to determine what products are being procured by the Government or provide a list of products that use nBn Technology that we might be able to investigate with the Government. Our primary point of contact with the Government is Brian Gross who can be reached at brian.n.gross@usdoj.gov or (202) 616-2236. If necessary, we can facilitate a discussion with the Government as needed.

2. We also discussed your objection to the production of any document dated prior to November 7, 2018 unless it is prior art. We understand that Teledyne-FLIR intends to be reasonable in its search and production of documents. As noted, we do not agree that every document before November 7, 2018 should be excluded. While the November 2018 date may act to limit damages to products and research by or

10 Glenridge Parkway, Suite 130, Atlanta, Georgia 30328

Atlanta    •    Austin    •    Chicago    •    Irvine

PA0202

Doug Winnard
May 27, 2026
Page 2 of 2



for the Government before that date, documents before that date are still relevant and responsive.  For example, documents before November of 2018 that indicate the recipes, design, and test data for products manufactured or procured by of for the Government after November or 2018 are relevant.  Documents referring to Dr. Maimon, development of the nBn technology, reasons for adoption and benefits of the technology,  and licensing and agreements related to the procurement and use of nBn technology are all relevant to damages, validity, and infringement issues.

3.  As noted on the call, products and research provided to the Jet Propulsion Laboratory (JPL) and the Government on nBn Technology (especially VISTA) are still part of the case.  Indeed, VISTA lasted through at least 2022 and JPL regularly touts its work and licensing with Teledyne in its annual reports. You indicated that you would need to check with your client regarding that work.

4.  You intend to follow up with Teledyne on internal presentations that may reference Dr. Maimon, VISTA, or the Accused Products.

5.  In our call you indicated that it would be necessary to follow up with your client and the Government to identify products.  We did not get to all of your objections, but it may be helpful to better understand what you are and are not agreeing to produce.  We ask that you promptly update your objections to better understand what further we may need to discuss.  In addition to information on the products and research for the Government that we discussed, we will also need information on any financial information about the related products, such as the costs of components and sales of the products and research and any licensing / royalty activity.

Please let me know if there is anything I have missed.  We look forward to your response.

Regards,

Chad Pannell

PA0203

# Exhibit Z

PA0204



Doug Winnard
312.881.5944
dwinnard@goldmanismail.com

<u>SENT VIA EMAIL</u>

June 12, 2026

Chad Pannell
AddyHart LLC
10 Glenlake Parkway, Suite 130
Atlanta, GA 30328

Re: *Shimon Maimon v. United States*, Case No. 1:24-cv-01832-MHS (Fed. Cl.)
    Teledyne Subpoena

Dear Chad:

Thank you for your letter dated May 27. We came away from the May 14 call with slightly different impressions than the ones you've provided. In the numbered paragraphs below, I've flagged areas where our understanding differs from yours.

1.  In paragraph 1 of your letter, you indicate that Teledyne-FLIR[1] "intends to produce documents on nBn Technology products other than [those] named in the complaint." To clarify, Teledyne objected to the definition of "nBn Technology" in the subpoena and maintains its objections to the definition's vagueness, overbreadth, and ambiguity. That said, Teledyne has engaged with the Government to determine which infrared products the Government has acquired from Teledyne. From there, Teledyne plans to investigate whether those products use the same semiconductor structure(s) as the products accused in Dr. Maimon's complaint. Teledyne views this approach as the proper means of determining the scope of Teledyne products at issue in Dr. Maimon's litigation with the Government.

2.  In paragraph 2, your statement on searching for documents dated before November 7, 2018 (the "lookback date"), is imprecise. Teledyne intends to limit its initial search for documents to after the lookback date because it believes documentation after that date will suffice to show the design and structure of the relevant products (once that scope is determined). Teledyne will not search before the lookback date as a general matter, but it would consider performing a search before that date on a case-by-case basis to the extent there are specific, identifiable gaps. You agreed that this approach seemed reasonable.

---

[1] Presumably referencing Teledyne FLIR, LLC, and Teledyne FLIR Defense, Inc., referred to collectively in this letter as "Teledyne."

**Chicago** 191 North Wacker Drive, Suite 3000, Chicago, IL 60606

**Dallas** 7557 Rambler Road, Suite 1450, Dallas, TX 75231

**Santa Monica** 100 Wilshire Boulevard, Suite 1760, Santa Monica, CA 90401                    **goldmanismail.com**

June 12, 2026
Page 2

3.  Teledyne did not agree on the call that the categories of pre-November 2018 documents listed in paragraph 2 are in fact "relevant and responsive." Rather, Teledyne indicated it believes these materials, to the extent they exist, are duplicative of materials within the six-year lookback window.

4.  Although paragraph 3 correctly notes that we will follow up with Teledyne regarding products sent to JPL (to the extent such products exist), any implication that Teledyne views the VISTA Program as "part of the case" is incorrect. As we noted, Teledyne's understanding is that (1) the VISTA Program is not currently part of the case, and (2) whether the VISTA Program will ultimately be part of the case (based on authorization and consent) is an issue to be resolved between Dr. Maimon and the Government. Teledyne will not produce documents related to the VISTA Program unless and until it becomes part of the case again.

5.  In paragraph 4, you state that we "intend to follow up with Teledyne on internal presentations that may reference Dr. Maimon, VISTA, or the Accused Products." As stated above and reiterated below, Teledyne believes ascertaining the scope of accused products is a gating issue, and Teledyne intends for this issue to be resolved first to avoid repetitive and costly searching. To that end, we indicated that Teledyne would search for materials on this topic only in the context of documents specific to the products at issue, once defined.

As noted throughout, our May 14 discussion focused largely on the process for ascertaining the proper scope of products at issue. And as stated on the call, Teledyne will work with the Government to identify the Government-procured products that use the same structure(s) as the products accused in Dr. Maimon's complaint. Once that universe of products is identified, Teledyne would proceed to search for relevant documents consistent with its objections and our May 14 discussion. As a result, we do not see any need to "update" our objections at this time, nor is it clear what objections Dr. Maimon seeks to have updated.

Please let us know if you have any questions or concerns.

Sincerely,

Doug Winnard

# Exhibit AA

PA0207

**James Hatten**

| | |
|---|---|
| **From:** | Doug Winnard <dwinnard@goldmanismail.com> |
| **Sent:** | Tuesday, July 14, 2026 4:02 PM |
| **To:** | Charles Pannell |
| **Cc:** | Meredith Addy; James Hatten; Sue Tucker; AH Maimon Litigation |
| **Subject:** | RE: Maimon v. United States |

Hi Chad,

Our investigation has been slowed by the absence of key financial and legal personnel at our client over the last several weeks. We have additional calls scheduled with the client this week, and we will provide an update by the end of next week.

Thanks,
Doug

**Doug Winnard**
Managing Partner
**Goldman Ismail Tomaselli Brennan & Baum LLP**
191 N. Wacker Dr., Suite 3000, Chicago, IL 60606
**D** 312.881.5944 **C** 913.638.1009
**W** Firm **I** Bio

# GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under federal tax laws.

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Friday, July 10, 2026 1:17 PM
**To:** Doug Winnard <dwinnard@goldmanismail.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; James Hatten <james@addyhart.com>; Sue Tucker <sue@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>
**Subject:** Re: Maimon v. United States

Doug, it has been almost one month since we received your letter indicating the identification of products was a "gating issue" and that Teledyne was planning to work with the Government to identify Government-procured products that use the accused structure and produce requested documents to Dr. Maimon.  I must now insist on an update regarding where this stands, whether you have been able to identify products with the help of the Government, and when we can expect to receive these document productions.  Please provide such update by Tuesday, July 14. Thank you.

Chad Pannell
cpannell@addyhart.com
770-715-2020

**From:** Doug Winnard <dwinnard@goldmanismail.com>
**Date:** Friday, June 12, 2026 at 5:14 PM
**To:** Charles Pannell <cpannell@addyhart.com>

1

PA0208

**Cc:** Meredith Addy <meredith@addyhart.com>; James Hatten <james@addyhart.com>; Sue Tucker <sue@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>
**Subject:** RE: Maimon v. United States

Chad, please see the attached letter regarding our discussion.

Thanks, and have a good weekend,
Doug


**Doug Winnard**
Managing Partner
**Goldman Ismail Tomaselli Brennan & Baum LLP**
191 N. Wacker Dr., Suite 3000, Chicago, IL 60606
**D** 312.881.5944 **C** 913.638.1009
**W** Firm **I** Bio

# GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under federal tax laws.

---

**From:** Charles Pannell <cpannell@addyhart.com>
**Sent:** Wednesday, May 27, 2026 11:45 AM
**To:** Doug Winnard <dwinnard@goldmanismail.com>
**Cc:** Meredith Addy <meredith@addyhart.com>; James Hatten <james@addyhart.com>; Sue Tucker <sue@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>
**Subject:** Re: Maimon v. United States

Doug, attached is a call regarding our discussion the other day.

Chad Pannell
cpannell@addyhart.com
770-715-2020

---

**From:** Doug Winnard <dwinnard@goldmanismail.com>
**Date:** Thursday, May 14, 2026 at 12:57 PM
**To:** Charles Pannell <cpannell@addyhart.com>
**Subject:** Re: Maimon v. United States
Thank you Chad

> On May 14, 2026, at 11:34 AM, Charles Pannell <cpannell@addyhart.com> wrote:
>
> Doug, as discussed on the phone.  Attached is Government disclosure of attorney at Office of Naval Research that will have access to the Restricted Documents.
>
> Chad Pannell
> cpannell@addyhart.com
> 770-715-2020

---

**From:** Gross, Brian N. (CIV) <Brian.N.Gross@usdoj.gov>
**Date:** Friday, May 8, 2026 at 5:24 PM

PA0209

**To:** Meredith Addy <meredith@addyhart.com>; Charles Pannell <cpannell@addyhart.com>
**Cc:** James Hatten <james@addyhart.com>; Sue Tucker <sue@addyhart.com>; AH Maimon Litigation <maimon-lit@addyhart.com>; Hibnick, Margaret S (CIV) <Margaret.S.Hibnick@usdoj.gov>; Johnson, Suzanne M (CIV) <Suzanne.M.Johnson@usdoj.gov>
**Subject:** Maimon v. United States

Counsel,

Pursuant to Paragraphs 4(i) and 8 of the Amended Protective Order, ECF No. 51, the Government discloses Sean Walsh, Supervisory IP Counsel, Office of Naval Research, as an individual that the Government intends to receive information designated "Restricted" under the Amended Protective Order. Please find attached Mr. Walsh's written assurance.

Please let me know whether Plaintiff has any objection to the disclosure of "Restricted" information to Mr. Walsh.

Best,
Brian
<Executed Written Assurance (S. Walsh).pdf>

PA0210

# Exhibit BB

PA0211



**GOLDMAN
ISMAIL
TOMASELLI
BRENNAN &
BAUM LLP**

Doug Winnard
312.881.5944
dwinnard@goldmanismail.com

<u>**SENT VIA EMAIL**</u>

July 24, 2026

Chad Pannell
AddyHart LLC
10 Glenlake Parkway, Suite 130
Atlanta, GA 30328

Re:  *Shimon Maimon v. United States*, Case No. 1:24-cv-01832-MHS (Fed. Cl.)
     Teledyne Subpoena

Dear Chad:

I write to supplement my June 12, 2026, response to your letter dated May 27. In that response, I noted that Teledyne FLIR, LLC, and Teledyne FLIR Defense, Inc. (collectively, "Teledyne"), had engaged with the Government to determine which infrared products the Government acquired from them. I also noted that we planned to investigate whether "those products use the same semiconductor structure(s) as the products accused in Dr. Maimon's complaint." (6/12/26 Letter 1.) I write to provide an update on our efforts.

As to the relevant products, we obtained a list from the Government as follows:

| Sight Type | Serial Number | Manufacture | Description |
|---|---|---|---|
| **HISS XLR** | **DG-0092** | **FLIR** | **Mid-Wave Thermal Night Sight (Weapon Mounted)** |
| **HISS XLR** | **DG-0064** | **FLIR** | **Mid-Wave Thermal Night Sight (Weapon Mounted)** |
| **HISS XLR** | **DG-0291** | **FLIR** | **Mid-Wave Thermal Night Sight (Weapon Mounted)** |
| **HISS XLR** | **DG-0408** | **FLIR** | **Mid-Wave Thermal Night Sight (Weapon Mounted)** |
| **HISS XLR** | **DG-0590** | **FLIR** | **Mid-Wave Thermal Night Sight (Weapon Mounted)** |
| **HISS HD** | **HW0005** | **FLIR** | **Mid-Wave Thermal Night Sight (Weapon Mounted)** |
| **HISS** | **AV0091** | **FLIR** | **Mid-Wave Thermal Night Sight (Weapon Mounted)** |
| **HISS** | **AV0011** | **FLIR** | **Mid-Wave Thermal Night Sight (Weapon Mounted)** |

**Chicago** 191 North Wacker Drive, Suite 3000, Chicago, IL 60606

**Dallas** 7557 Rambler Road, Suite 1450, Dallas, TX 75231

**Santa Monica** 100 Wilshire Boulevard, Suite 1760, Santa Monica, CA 90401                    goldmanismail.com

PA0212

July 24, 2026
Page 2

| S140 ADUNS/FLIR | EF1623 | FLIR | Dual Band/Long Wave-I2 blend (Weapon Mounted) |
|---|---|---|---|
| S140 ADUNS/FLIR | EF-1563 | FLIR | Dual Band/Long Wave-I2 blend (Weapon Mounted) |
| S140 ADUNS/FLIR | EF1611 | FLIR | DWual Band/Long Wave-I2 blend (Weapon Mounted) |
| S140 ADUNS/FLIR | EF1629 | FLIR | Dual Band/Long Wave-I2 blend (Weapon Mounted) |
| Recon Lite | N/A | FLIR | Long Wave Thermal Binoculars (Non Weapon Mounted) |
| Recon 5 | N/A | FLIR | Mid- Wave Thermal Binoculars (Non Weapon Mounted) |
| Recon 3 | N/A | FLIR | Mid- Wave Thermal Binoculars (Non Weapon Mounted) |
| Recon 4 (B2 FO) | N/A | FLIR | Mid- Wave Thermal Binoculars (Non Weapon Mounted) |

After consulting with knowledgeable personnel at both Teledyne FLIR and Teledyne FLIR Defense, we determined that the HISS and HISS XLR products use the same semiconductor structure as the accused HISS HD. We also determined that this same semiconductor structure was used in a helicopter gimbal product called ESS-M. And we determined that the Recon binoculars and S140 ADUNS scope sight do not use this structure (highlighted in red). Accordingly, we intend to proceed to search for documents for the HISS, HISS HD, HISS XLR, and ESS-M products, but not the Recon or AD-140 products or any other products.

Relatedly, we investigated Teledyne FLIR and Teledyne FLIR Defense's role with respect to the discontinued FTUAS program. We determined that neither entity participated in or bid on that program. If Maimon believes that a third party used components from Teledyne FLIR or Teledyne FLIR Defense as part of a bid in the FTUAS program, please identify the party or parties and the components you believe to have been used. In the absence of further information identifying these components, Teledyne is unable to search for materials related to any "Neutrino for FTUAS" product.

We also investigated whether and to what extent Teledyne FLIR and Teledyne FLIR Defense participated in the VISTA program. We determined that neither entity participated in that program. To the extent other "Teledyne" entities were alleged to participate in VISTA, these entities do not manufacture or sell any accused products, whether to the Government or otherwise. Accordingly, only the participation of Teledyne FLIR and Teledyne FLIR Defense is reasonably in scope. Because neither participated, neither will search for documents related to participation in VISTA.

As I previously indicated, "Teledyne would proceed to search for relevant documents consistent with its objections and our May 14 discussion" after the "universe of products is identified." (*Id.* at 2.) We have laid out the results of our investigation and the scope of our planned search. We intend to proceed with our search with the scope as defined in this letter.

Sincerely,

Doug Winnard

PA0213